UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVENIR AGAJ,<br><br>        Plaintiff,<br><br>    v.<br><br>BOSTON COLLEGE,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:24-CV-10884-JEK<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT TRUSTEES OF BOSTON COLLEGE'S**
**ANSWER TO PLAINTIFF'S AFFIDAVIT OF FACT**

Defendant Trustees of Boston College ("Boston College") hereby answers the sentences in Plaintiff's Affidavit of Fact, as follows:

1. The first sentence is admitted.

2. The second sentence is denied as stated. Further answering, on April 23, 2021, Boston College announced to the Boston College community that Boston College required all students, faculty, and staff to be fully vaccinated against COVID-19 before participating in any on-campus activity in the 2021-2022 academic year. The April 23, 2021, email otherwise speaks for itself.

3. The third sentence is admitted.

4. The fourth sentence is admitted.

5. The fifth sentence is denied.

6. Answering the sixth sentence, Boston College states that on July 8, 2021, Boston College sent an email to Plaintiff, denying his request for exemption. Further answering, Boston

College had previously notified all employees that vaccination was a condition of employment. The email otherwise speaks for itself.

7. Answering the seventh sentence, Boston College states that on or about July 25 or July 26, 2021, Plaintiff submitted another request for exemption.

8. The eighth sentence is denied.

9. Answering the ninth sentence, which alleges retaliation, Boston College states that this Court's November 12, 2024, Memorandum and Order allowed Boston College's Motion to Dismiss as to Plaintiff's claim of retaliation. Therefore, no answer is required. To the extent an answer is required, the ninth sentence is denied.

10. Answering the tenth sentence, which alleges retaliation, Boston College states that this Court's November 12, 2024, Memorandum and Order allowed Boston College's Motion to Dismiss as to Plaintiff's claim of retaliation. Therefore, no answer is required. To the extent an answer is required, Boston College admits that Plaintiff's employment was terminated on August 31, 2021. Boston College denies the remaining allegations of the tenth sentence.

11. Admitted.

12. Admitted.

13. Answering the thirteenth sentence, Boston College states that the Massachusetts Commission Against Discrimination dismissed Plaintiff's Complaint, and the Equal Employment Opportunity Commission declined to pursue the matter further. Specifically, on November 28, 2023, the MCAD Investigating Commissioner issued a Lack of Probable Cause disposition and dismissed Plaintiff's MCAD Complaint. ECF 20-5, p. 1. On December 27, 2023, the EEOC issued a Determination of Charge stating that it would not proceed further with its investigation. On January 30, 2024, the MCAD affirmed the dismissal of Plaintiff's Complaint. ECF 20-6.

Further answering, Boston College denies the existence of any political reasons and influential connections and denies the remaining allegations in the thirteenth sentence.

14. Answering the fourteenth sentence, Boston College admits only that Plaintiff has filed an Affidavit of Fact. Further answering, Boston College denies that it violated any of Plaintiff's rights.

15. The fifteenth sentence is denied.

16. The sixteenth sentence is denied.

17-27. Answering the seventeenth through twenty-seventh sentences, Boston College states that this Court's November 12, 2024, Memorandum and Order allowed Boston College's Motion to Dismiss as to the allegations and claims in these sentences. Therefore, no answer is required. To the extent an answer is required, the allegations and claims in sentences 17-27 are denied.

28. Denied.

29. Denied.

30. No answer is required to the citation in this sentence.

## DEFENSES

1. Boston College is a Jesuit, Catholic institution. On December 17, 2020, Pope Francis, the head of the Catholic Church, ordered publication of a Note regarding vaccination in response to COVID-19. Ultimately issued by the Vatican on December 21, 2020, the Note referred to vaccination for COVID-19 and the "duty to protect one's own health but also… the duty to preserve the common good" against the "grave danger" of the "otherwise uncontainable spread of a serious pathological agent…" Boston College's vaccination policy adhered to and

was informed by Church teaching on this subject. In issuing and acting on its vaccination policy, Boston College was engaged in the free exercise of its religious beliefs.

2. Boston College had a legal right to require that all employees who were going to be on campus in the 2021-2022 academic year be vaccinated.

3. Plaintiff did not have a sincerely held religious belief against vaccination.

4. Plaintiff did not identify a sincerely followed religious practice against vaccination.

5. If Plaintiff had a sincerely held religious belief, or routinely followed a sincerely-held religious practice, which Boston College denies, Boston College's vaccination requirement was not in conflict with plaintiff's religious belief or religious practice.

6. Boston College had a right under the Equal Employment Opportunity Commission's regulations to ask employees to provide Boston College with support for their claims of exemption to Boston College's vaccination requirement.

7. Plaintiff did not comply with Boston College's reasonable and lawful requests that Plaintiff provide support for his exemption requests.

8. Granting Plaintiff's requests for exemption would have resulted in undue hardship to Boston College.

9. All actions by Boston College were taken for legitimate, non-discriminatory and nonretaliatory reasons.

10. The Affidavit of Fact fails to state a claim upon which relief may be granted.

11. Plaintiff failed to pursue and exhaust all administrative remedies.

12. If Plaintiff were to establish liability and damages, which Boston College denies, Plaintiff has failed to mitigate his damages.

13. If Plaintiff were to establish liability and damages, which Boston College denies, Plaintiff's damages recoverable under Title VII are capped pursuant to 42 U.S.C. § 1981a(b)(3).

14. If Plaintiff were to establish liability and damages, which Boston College denies, Plaintiff is not entitled to punitive damages, as Boston College made good faith efforts to comply with federal and state law.

15. If Plaintiff were to establish liability, which Boston College denies, Plaintiff is not entitled to injunctive relief and any momentary relief must be reduced, because, among other reasons, he was engaged in misconduct while working at Boston College.

Boston College reserves its right to amend these defenses and supplement this pleading.

WHEREFORE, Boston College requests that Plaintiff's Affidavit of Fact be dismissed, and that Boston College be awarded its costs of this action.

        Respectfully submitted,

        TRUSTEES OF BOSTON COLLEGE

        By its attorneys,

        */s/ Alan D. Rose*
        Alan D. Rose (BBO # 427280)
        Meredith Wilson Doty (BBO # 652220)
        ROSE LAW PARTNERS LLP
        One Beacon Street, 23rd Floor
        Boston, Massachusetts 02108
        Telephone: (617) 536-0040
        Facsimile: (617) 536-4400
        adr@rose-law.net
        mwd@rose-law.net

Date: November 26, 2024

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants.

                                                                                */s/Alan D. Rose*  
                                                                                Alan D. Rose

Date:  November 26, 2024