UNITED STATES DISTRICT COURT

DISTRICT COURT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **AVENIR AGAJ** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| V. | ) | Civil ACTION No. 1:24 –CV-10884-JEK |
| | ) | |
| **BOSTON COLLEGE** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## POSITION STATEMENT

**PRO SE.**

**I AVENIR AGAJ**

**FORMER EMPLOYEE OF BOSTON COLLEGE**

**I MAKE THE FOLLOWING POSITION STATEMENT**

**DESPITE MY EFFORTS FOR A SETTLEMENT DEFENDANT BOSTON COLLEGE STATES THE FOLLOWING.**

Dear Mr. Agaj,

Based on its assessment that Boston College does not have any liability in this lawsuit, Boston College will not be making a counter-offer to your settlement proposal. Boston College will proceed with discovery in this case. Boston College remains open to dialogue

with you about a resolution of this matter once further factual development occurs in this lawsuit.

**I REQUEST FROM THE US DISTRICT COURT OF MASSACHUSETTS A FAIR JURY TRIAL.**

**I ALSO STATE THE FOLLOWING ON MY POSITION.**

I AVENIR AGAJ made a prima facie showing that MY bona fide religious beliefs and practice were the reason for the adverse employment action by BOSTON COLLEGE against ME. Boston College's motion to dismiss HAS , accordingly, be denied as to ME AVENIR Agaj's religious discrimination claims.

Religion is a personal choice, no matter what the denomination. I may choose to share MY beliefs with others, or I may keep them to MY self that is my BOGOMIL religious way. But *religious discrimination* is not a choice MY employer BOSTON COLLEGE should have a right to make.

One of the most demeaning forms of discrimination as BOGOMILS is on the basis of your choice of religion.

BOSTON COLLEGE KNOWS THAT.

BOSTON COLLEGE has NO RIGHT to CHOOSE FOR ME. MY MEDICAL PRACTICE OR MY RELIGIOUS BELIEFS.

I SEE BOSTON COLLEGE METHODS AND PRACTICES ARE EFFORTS OF A CLEAR ATTEMPT TO RELIGIOUS CONVERTION, WITH THE GOAL OF FORCING ME TO ABANDON MY SINCERE HELD RELIGIOUS BELIEFS AS PRACTICANT A FOLLOWER OF THE BOGOMIL FAITH.

WHAT BOSTON COLLEGE IS TRYING TO DO IS CHANGE THE NARRATIVE AND MANIPULATE PEOPLE.

MY SACRED civil rights have been violated through **religious discrimination of my sincere held beliefs of the faith BOGOMIL at my workplace**, I have grounds for a lawsuit against BOSTON COLLEGE THAT IS THE LAW!!!!!!

TITLE VII OF THE CIVIL RIGHT ACT OF 1964

**The First Amendment**

What it actually says is:

*Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.*

There is no "national religion" in the U.S., as there are in other countries, nor limitations on the practice of religion.

Title VII of the Civil Rights Act of 1964 also prohibits employers from discriminating against employees.

Title VII defines "religion" to include "all aspects of religious observance and practice as well as belief," not just practices that are mandated or prohibited by a tenet of the individual's faith.[18] Religion includes not only traditional, organized religions such as Christianity, Judaism, Islam, Hinduism, Sikhism, and Buddhism, but also religious beliefs that are new, uncommon, not part of a formal church or sect, only subscribed to by a small number of people, or that seem illogical or unreasonable to others.[19] Further, a person's religious beliefs "need not be confined in either source or content to traditional or parochial concepts of religion."[20] A belief is "religious" for Title VII purposes if it is "religious" in the person's "own scheme of things," i.e., it is a "sincere and meaningful" belief that "occupies a place in the life of its possessor parallel to that filled by . . . God."[21] The Supreme Court has made it clear that it is not a court's role to determine the reasonableness of an individual's religious beliefs, and that "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection."[22] An employee's belief, observance, or practice can be "religious" under Title VII even if the employee is affiliated with a religious group that does not espouse or recognize that individual's belief, observance, or practice, or if few – or no – other people adhere to it.[23]

Religious beliefs include theistic beliefs as well as non-theistic "moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views."[24] Although courts generally resolve doubts about particular beliefs in favor of finding that they are religious,[25] beliefs are not protected merely because they are strongly held. Rather, religion typically concerns "ultimate ideas" about "life, purpose, and death."[26]

Courts have looked for certain features to determine if an individual's beliefs can be considered religious. As one court explained: "'First, a religion addresses fundamental and ultimate questions having to do with deep and imponderable matters. Second, a religion is comprehensive in nature; it consists of a belief-system as opposed to an isolated teaching. Third, a religion often can be recognized by the presence of certain formal and external signs.'"[27]

However, overlap between a religious and political view does not place it outside the scope of Title VII's religion protections, as long as that view is part of a comprehensive religious belief system and is not simply an "isolated teaching."[29] Religious observances or practices include, for example, attending worship services, praying, wearing religious garb or symbols, displaying religious objects, adhering to certain dietary rules, proselytizing or other forms of religious expression, and refraining from certain activities. Determining whether a practice is religious turns not on the nature of the activity, but on the employee's motivation. The same practice might be engaged in by one person for religious reasons and by another person for purely secular reasons.[30] Whether the practice is religious is therefore a situational, case-by-case inquiry, focusing not on what the activity is but on whether the employee's participation in the activity is pursuant to a religious belief.[31] For example, one employee might observe certain dietary restrictions for religious reasons while another employee adheres to the very same dietary restrictions but for secular (e.g., health or environmental) reasons.[32] In that instance, the same practice in one case might be subject to reasonable accommodation under Title VII because an employee engages in the practice for religious reasons, and in another case might not be subject to reasonable accommodation because the practice is engaged in for secular reasons.[33]

**Types of religious discrimination BOSTON COLLEGE was involved.**

There are few general ways that you could be harassed, retaliated, coerced and terminated based on your religion:

*1. Religious Coercion*

Title VII is violated when an employer or supervisor explicitly or implicitly coerces an employee to abandon, alter, or adopt a religious practice as a condition of receiving a job benefit or privilege or avoiding an adverse employment action.[153]AS IT WAS ON MY CASE.

- **Quid Pro Quo**, (Latin for *"this and that"*), when you are required to alter or abandon a religious belief as a BOGOMIL in MY CASE in order to obtain employment, or preserve it or an adverse action that occurs after you accept a position but refuse to change your beliefs. THAT HAPPEND IN MY CASE.
- MY JOB POSITION WAS HELD TO RANSOM AND THE PRICE TO PAY IN ORDER TO KEEP IT WAS TO ABANDON MY SINCERE HELD RELIGIOUS BELIEFS BOGOMIL AND MY MEDICAL PRACTICE ETHNOBOTANY.I DID NOT ACCEPT THAT, NEVER WILL.
- **A Hostile Work Environment**, in which I WAS subjected to negative comments and/or actions that created a hostile work environment, and suffered a "negative employment action INCLUDING MY TERMINATION OF EMPLOYMENT.
- .I FIND BOSTON COLLEGE DIRECTLY RESPONSABLE FOR THAT.

**Proving religious discrimination**

I believe WITHOUT A DOUBT and is becoming clearer, to the court, THAT I WAS the victim of **religious discrimination by BOSTON COLLEGE and disparate treatment because of my sincere held religious beliefs as a practicant of the faith of BOGOMIL.**

**RELIGION HAD NOTHING TO DO WITH MY HIRING BUT EVERYTHING TO DO WITH MY FIRING.**

The *prima facie* case WAS ESTABLISHED BY ME AVENIR AGAJ as Plaintiff:

1. The harassment, coercion, retaliation occurred because of, or was motivated by, religion
2. The conduct was pervasive or severe and led to my employment termination.
3. The conduct had a detrimental effect on me the plaintiff AVENIR AGAJ

4. Because BOSTON COLLEGE VIOLATED INTENTIONALLY VIOLATED MY RIGHTS UNDER THE 1 AMENDMENT OF THE US CONSTITUTION AND TITLE VII CIVIL RIGHTS

ACT 1964 AS AMMENDED does not recognize me even today as a member of a protected class FAILED TO ACCOMODATE MY RELIGIOUS BELIEFS further more denials that i have suffered an adverse employment action after my prove that non members of the protected class received more favorable treatment than the employee like the case of contractors ,vendors and suppliers who were not only be on campus while been unvaccinated BUT ALSO DOING THE SAME JOB AS ME,FURTHER MORE they were allowed to be on campus and not even undergo testing requirements as it was a guidance by the CDC .BOSTON COLLEGE CREATED INTENTIONALLY EMPLOYEE SEGREGATION.
5. THE WHICH PRACTICE IS AGAINST THE LAW.
6. BOSTON COLLEGES ACTIONS  AND CAUSED ME MORAL AND EMOTIONAL PAIN, MENTAL DISTRESS SUFFERING AND A GREAT LOSS OF REVENUE AND BENEFITS, INTURRUPTION OF A CAREER AND UNDUE HARDSHIP THAT FOLLOWED DURING AND AFTER MY TERMINATION.

MY POSITION AS PLAINTIFF IS that BOSTON COLLEGE IS HELD LIABLE AND SHOULD PROVIDE RELIEF IN a number of remedies available under the law. I may be awarded compensatory damages including lost wages and benefits, emotional distress, and, punitive damages.  The court could also require the company to reinstate ME, and issue an injunction against the company barring them from committing further acts of discrimination.

I HAVE PROPOSED A SETTLEMENT OF 300.000 USD AND MY JOB POSTION BACK OR

1.200000 USD IN DAMAGES THAT INCLUDE 300.000 USD IN BACK PAY AND 900.000 USD IN PUNITIVE DAMAGES.

I THINK THAT IS A FAIR SETTLEMENT OFFER.

IN RETURN BOSTON COLLEGE NEVER PROPOSED ANY COUNTER - OFFER OF ANY KIND.

PRECEDENT ON MY CASE DI CAPUA V CITY OF NEW YORK

LISA DOMSKI V BLUE CROSS BLUE SHIELD MICHIGAN

AND MANY OTHERS.

THIS IS WHAT I HAVE TO SAY ABOUT MY POSITION AT THE MOMENT.

**AVENIR AGAJ**

Signed: *AVENIR AGAJ*    Date 12/13/2024

**14 PAUL STREET**

**BURLINGT0N**

**MA,01803**

**857-544-0780**

**Aviaga10@hotmail.com**