UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Avenir Agaj, <br> Plaintiff(s), <br><br> v. <br><br> Boston College. <br> Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 24-10884-JEK |

## SCHEDULING ORDER

KOBICK, J.

    This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

**Timetable for Discovery and Motion Practice**

    Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Initial Disclosures**. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by **January 31, 2025.**

2. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **February 21, 2025.**

3. **Fact Discovery – Interim Deadlines**.

   a. All requests for production of documents and interrogatories must be served by **March 21, 2025.**

   b. All requests for admission must be served by **May 16, 2025.**

   c. All depositions, other than expert depositions, must be completed by **June 23, 2025.**

4. **Obligation to Supplement.** Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

5. **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by **June 30, 2025.**

6. **Status Conference**. A status conference will be held **on July 8, 2025 at 2:00 PM.** By **July 6, 2025**, [two days prior to the status conference], the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

7. **Expert Discovery**.

    a. Plaintiff's initial trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **45 days from end of fact discovery**. Defendant shall have **30 days** from receiving Plaintiff(s)' initial trial expert report to rebut.

    b. Defendant's initial trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by **90 days after the end of fact discovery**. Plaintiff shall have **30 days** from receiving Defendant's initial trial experts to rebut.

    c. The parties shall have the right to take a deposition of the other party's expert during the party's respective rebuttal period.

    d. Expert discovery shall end no later than **October 30, 2025.**

8. **Summary Judgment Motions**.

    a. Motions for summary judgment must be filed by **December 19, 2025.**

    b. Oppositions to summary judgment motions must be filed within 21 days after service of the motion. Replies must be filed 14 days after any opposition, and to be no longer than 8 pages.

9. **Initial and Pretrial Conferences**. The initial pretrial conference will be scheduled at a later point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final

pretrial conference will be scheduled at the time the trial date is set. The court may also schedule interim pretrial conferences in appropriate cases.

## **Procedural Provisions**

1. **Extension of Deadlines**. All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

   Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. **Motions to Compel or Prevent Discovery**. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed eight pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences**. The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

5. **Additional Conferences**. Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues**. The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Pretrial Conference**. Lead trial counsel are required to attend any pretrial conference.

                                                                                                    */s/ Julia Kobick*
                                                                                                    United States District Judge