UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVENIR AGAJ,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON COLLEGE,<br><br>    Defendant. | No. 1:24-cv-10884-JEK |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

**KOBICK, J.**

*Pro se* plaintiff Avenir Agaj has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (docketed as a motion for leave to proceed *in forma pauperis*) so that the Court may determine his financial eligibility for appointment of *pro bono* counsel. ECF 57. The Court DENIES the Application without prejudice to renewal because, as set forth below, portions of it are unclear or incomplete. If Agaj wishes for the Court to further consider his financial eligibility for appointment of *pro bono* counsel, he may, within twenty-eight days, file a renewed Application as instructed below.

- **Question 2.** In Question 2, Agaj represents that his gross pay is "55.000." The Court understands this to mean that his yearly salary is fifty-five thousand dollars, which is written as "55,000" by banks within the United States. If Agaj files a renewed Application, he must clarify this response.

- **Question 3.** In Question 3, Agaj should report any income he received in the last twelve months *other than* the employment income he reported in Question 2. Question 3 lists six broad categories under which this type of income could fall: "Business, profession, or other

self-employment"; "Rent payments, interest, or dividends"; "Pension, annuity, or life insurance payments"; "Disability, or worker's compensation payments"; "Gifts, or inheritances"; and the catch-all category "Any other sources." The litigant is directed to check a "Yes" or "No" box for each category of income, and, for any "Yes" response, identify the source and amount of such income, and the amount the litigant expects to receive in the future.

Agaj checked the "No" box for the first five categories of income. He checked the "Yes" box for the "Any other sources" category but did not identify the source of that income, the amount received, and what he expects to receive in the future. If Agaj has, in the past twelve months, received any income *other than* the employment income reported in Question 2, in the renewed Application he must identify the source of that income, the amount received, and what he expects to receive in the future.

- **Question 4.** In Question 4, the litigant is instructed to identify the amount of money he has in cash or in a checking or savings account. In response, Agaj wrote "130.000." It is unclear if "130.000" refers to one hundred thirty thousand dollars (written as $130,000 by banks within the United States) or one hundred thirty dollars (written as $130.00). If Agaj files a renewed Application, he must clarify this issue.

- **Question 5.** In Question 5, the litigant is instructed to identify any asset of value and its approximate value. In response, Agaj indicated that he owns an SUV but did not identify its approximate value. If Agaj files a renewed Application, he must provide the approximate value of the SUV and of any other asset of value.

- **Question 6.** In Question 6, Agaj identified rent and utilities as monthly expenses but did not provide the amount of either expense. If Agaj files a renewed Application, he must state the monthly cost of rent, utilities, and any other monthly expense.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2025