UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  |   |
|---|---|---|
| AVENIR AGAJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-CV-10884-JEK |
| | ) | |
| BOSTON COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Boston College ("Boston College" or "BC") hereby provides Plaintiff Avenir Agaj with the following initial disclosures. These disclosures are based upon BC's present knowledge and initial investigation, and BC reserves the right to supplement these disclosures as additional information becomes available.

I. **Individuals Likely to Have Discoverable Information**

The individuals listed below are likely to have discoverable information that BC may use to support its defenses. These individuals may be contacted through undersigned counsel.

| Name | Subject Matter |
|---|---|
| Charles Baldwin<br>Landscape Services Operations Supervisor<br>Boston College | Knowledge of Plaintiff's work and work experience at Boston College, including the incident that led to Plaintiff's suspension and extension of his probationary period |
| John T. Butler, S.J.<br>Haub Vice President for Division of Mission and Ministry<br>Boston College | Knowledge of Boston College's vaccination policy, procedures, and exemptions, and the impact of Boston College's religious heritage on Boston College's vaccination policy and religious exemptions |
| Douglas W. Comeau, D.O.<br>Director of University Health Services<br>Boston College | Knowledge of Boston College's testing protocols, vaccination policy, procedures, and exemptions for medical reasons |

| Name | Subject Matter |
|---|---|
| Welkin E. Johnson, PhD<br>Professor and Chair of Biology Department<br>Boston College | Knowledge of virology, scientific and medical guidance regarding COVID-19 developments, the establishment of a testing lab, the potential spread of viruses and COVID-19 on campus absent vaccination, the vaccination policy, scholarly research and scientific papers on the spread of disease, and the results of vaccination |
| Patricia Lowe<br>Associate Vice President, University title IX/ADA Coordinator<br>Boston College | Knowledge of Boston College's policy, procedures, exemptions, and Plaintiff's requests for exemption |
| Scott McCoy<br>Associate Director of Landscape Services<br>Boston College | Knowledge of Plaintiff's work and work experience at Boston College, including the incident that led to Plaintiff's suspension and extension of his probationary period |
| Robert J. Nascimento, M.D.<br>Head Team Physician and Medical Director of Sports Medicine<br>Boston College | Knowledge of scientific and medical guidance regarding COVID-19 developments, and knowledge of Boston College's vaccination policy, procedures, and exemptions. |
| Fr. Anthony Penna<br>Associate Vice President and Director of Campus Ministry<br>Boston College | Knowledge of Boston College's vaccination policy, procedures, and exemptions, and the impact of Boston College's religious heritage on Boston College's vaccination policy and religious exemptions |
| Edilma Hosein Reyes<br>Associate Director, Advancement<br>Boston College | Knowledge of vaccination policy, procedures, and exemptions; knowledge of email exchanges with Plaintiff |
| David Trainor<br>Vice President for Human Resources<br>Boston College | Knowledge of Boston College's policies and procedures relative to COVID-19, the vaccination policy, procedures, and exemptions, and the notifications to the Boston College community of the vaccination policy and requirements for exemptions |

II. **Description of Documents, Electronically Stored Information, and Tangible Things in The Defendant's Possession, Custody, or Control**

BC believes that the following categories of documents, electronically stored information, and tangible things in its possession, custody, or control may be used to support its defenses in this action:

2

1. Emails to the Boston College community, referring to and describing the mandatory vaccination policy, related procedures, and the process and requirements for applying for exemptions.

2. Emails and other documents describing and justifying the mandatory vaccination policy, including scientific and scholarly papers.

3. Emails between Boston College and Avenir Agaj relating to his requests for exemption and the actions taken on them.

4. Documents describing the nature of Agaj's job at Boston College.

5. Documents describing aspects of Agaj's performance of his job and his conduct.

### III.   Computation of Damages

BC does not have a computation of damages.

### IV.   Insurance Agreements

Boston College has more than sufficient assets to satisfy any judgment in this case. Boston College also has an insurance policy which may be used to satisfy any judgment in this case. The amounts of coverage and identification of the insurance company will be provided upon request.

Respectfully submitted,

TRUSTEES OF BOSTON COLLEGE

By its attorneys,

*/s/ Alan D. Rose*
Alan D. Rose (BBO # 427280)
Meredith Wilson Doty (BBO # 652220)
ROSE LAW PARTNERS LLP
One Beacon Street, 23rd Floor
Boston, Massachusetts 02108
Telephone: (617) 536-0040
Facsimile: (617) 536-4400
adr@rose-law.net
mwd@rose-law.net

Date: January 31, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants.

*/s/ Alan D. Rose*
Alan D. Rose

Date: January 31, 2025