UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVENIR AGAJ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:24-CV-10884-JEK |
| BOSTON COLLEGE, | ) ) ) | |
| Defendant. | ) ) | |

### [PROPOSED] PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the following provisions shall govern the disclosure and use of all Confidential Information disclosed in the course of discovery in this action.

### Definitions

1. "Confidential Information" means any information in any form (including without limitation, a document, electronically stored information, witness testimony, or response to written discovery), which (a) is provided by a Party or third party in the course of discovery in this action, (b) contains any student, employee, business, financial, proprietary or other commercially or personally sensitive information, and (c) a Party has designated as Confidential Information in accordance with the terms of this Protective Order. Without limiting the foregoing, Confidential Information shall include all "education records" as that term is defined under the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA"), all "personnel records" as that term is defined under Mass. Gen. L. ch. 149 § 52C, and all information regarding the medical condition or medical history of any employee under 42 U.S.C. §§ 12112(d)(3)(B), (4)(C) and 29 C.F.R. § 1630.14(b)(1).

3

2. A "Party" means the named plaintiff and defendant in the above-captioned case.

3. "Designating Party" means the person or entity that designates the information at issue as Confidential Information pursuant to this Protective Order.

4. "Action" means the above captioned lawsuit.

5. "State Court Action" means the parallel proceeding pending in Massachusetts Superior Court, *Avenir Agaj v. Boston College*, Suffolk Superior Court, Docket No. 2484CV01444.

## Designation of Confidential Information

6. A Designating Party may designate documents or information as Confidential provided it meets the definition set forth in paragraph 1, above.

7. Any Party, and non-party subpoena respondents, may designate any document, including any document or response served or produced during fact or expert discovery, as Confidential Information by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated as Confidential prior to or at the time of the production or disclosure of the documents. The designation as Confidential does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

8. Any Party or deponent may designate the appropriate portions of any deposition transcript or videotaped deposition transcript (including exhibits) as containing Confidential by so advising the deposition reporter in the course of the deposition and indicating in the deposition transcript and/or on the videotape what portions of the testimony (or deposition exhibits) were so designated, or by so advising all other Parties of the pages designated as

Confidential within fourteen (14) days after receipt of the transcript by both Parties and the deponent. Until fourteen (14) days have passed after the receipt of any transcript by both Parties, the entire transcript and videotape shall be deemed to contain Confidential Information.

9. Any Party may designate documents produced by third parties pursuant to subpoenas as Confidential Information. Counsel for the subpoenaing party must promptly disclose the subpoenaed documents to all other counsel of record, who have fourteen (14) days from the date of receipt of the documents to designate any of the documents as Confidential Information. Until fourteen (14) days have passed after receipt of the documents by both Parties, the documents shall be deemed to contain Confidential Information.

10. Inadvertent failure to designate information as Confidential Information at the time of production pursuant to this Protective Order may be remedied by supplemental written notice given by the Designating Party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be treated as if they had been initially so designated pursuant to this Protective Order or until the designation is successfully challenged as set forth below.

## Challenges to Designation as Confidential Information

11. Any designation or non-designation of information as Confidential Information is subject to challenge by any Party. If a Party elects to object to a designation or non-designation of information as Confidential Information, or to dispute the limitations on access to be accorded such information under this Protective Order, such Party shall provide to the Party that produced the information written notice of its disagreement and shall specifically identify the information in dispute. If, despite a good faith effort, the Parties cannot resolve the challenge, the Party challenging the designation of the documents or information as confidential may seek relief from

the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the District of Massachusetts.  The Party challenging the designation shall bear the burden of proving that the information does not fall within the definition of Confidential Information as set forth in Paragraph 1. Pending the Court's ruling, the Parties shall continue to treat the information as Confidential in the same manner required by this Protective Order. Notwithstanding the foregoing, if any documents or information designated by Defendant are so designated because it is a personnel record or other "information" (as the term is used in ¶ 1(b)) soley regarding Plaintiff, Plaintiff may elect to remove such designation at any time.

### Restrictions on Use and Further Disclosure of Information

12. All information produced in discovery in this action, whether or not designated as Confidential Information, shall be used by the Party receiving such information solely in connection with this Action, the State Court Action, or in settling the Action and/or State Court Action

13. Except with the prior consent of the Designating Party or upon prior order of the Court, information designated as Confidential Information shall not be disclosed by any Party to any person other than the following:

> a. the Parties and their officers, administrators, and trustees, solely for the purpose of prosecuting, defending, appealing, or settling the Action or State Court Action;
>
> b. counsel for the Parties, including in-house counsel, and the secretaries, legal assistants, or other support personnel who are employees of the Parties' counsel to the extent reasonably necessary to assist the Parties' counsel in the Action or State Court Action;

      c.     experts, consultants, and litigation support vendors not employed by any Party, but who are expressly retained to assist counsel of record for the Parties and the employees of such persons;

      d.     this Court, Massachusetts Superior Court, court personnel, and jurors;

      e.     court reporters and videographers who are retained to transcribe or videotape testimony in this Action or State Court Action;

      f.     any deponent in this Action or State Court Action;

      g.     actual or potential witnesses in this Action or State Court Action;

      h.     the Parties' insurers and their counsel; and

      i.     mediators or other persons engaged in alternative dispute resolution who shall be advised of and shall agree to the confidentiality requirements in advance of being provided with any Confidential Information.

14.    Any person entitled to receive Confidential Information pursuant to Paragraph 13, other than those persons identified in Paragraphs l3(a), 13(b), 13(d), l3(e) and 13(f) shall, prior to receiving such Information, read this Protective Order and execute an Acknowledgement and Agreement in the form attached as Exhibit A, indicating that he or she has read this Protective Order and will abide by its terms. The signed statement shall be retained by counsel disclosing the Confidential Information.

15.    If information designated as Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and, without prejudice to other rights and remedies of any Party, shall make a reasonable, good-faith effort to retrieve such information and to prevent further

disclosure by it or by the person who received such information. Notwithstanding the foregoing, any information designated as Confidential Information may be disclosed in response to a subpoena or other lawful process; prior to such disclosure, the disclosing party shall endeavor, if allowable by law, to give the Designating Party reasonable notice of the subpoena or process in order to permit the Designating Party an opportunity to preclude such disclosure or otherwise protect the confidentiality of the information.

16. Information designated Confidential Information may not be filed on the Court's public docket, or on the public docket of the State Court Action, unless (a) the filing Party has filed a motion to impound pursuant to Local Rule 7.2 and/or a motion to seal pursuant to Local Rule 83.6.11, and the Court has denied that motion; (b) the filing Party has filed a motion to impound and/or motion to seal in the State Court action pursuant to Rule 2 of the Uniform Impoundment Procedures, and the State Court has denied that motion; (c) the Parties agree to waive the designation of the information as Confidential Information; (d) the Parties agree to redactions of references to the Confidential Information; or (e) the designation of the information as Confidential Information has been removed by the Court pursuant to Paragraph 11 above. If the filing Party does not believe the material should be impounded or sealed, the Designating Party shall be given the opportunity to justify the same in response to the motion, and the filing of such a motion shall not prejudice the ability of the filing Party to argue against impoundment or sealing.

17. All provisions of the Protective Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this Action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing. Any and all originals and copies of non-work product Confidential Information designated by the Parties

shall, at the request of the Designating Party, be destroyed at the Designating Party's expense, within one month after a final judgment has been entered in this action and the time for appeals has expired, except that counsel for each Party may maintain in their files copies of each pleading and litigation document filed with the Court, each written discovery request and written response thereto, each deposition transcript and exhibit thereto, and each trial transcript and exhibit. Nothing in this paragraph shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information or require counsel to destroy client file information that it is required to maintain under the applicable rules of professional conduct.

18. Neither this Protective Order nor any Party's designation of information as Confidential Information shall affect the admissibility into evidence of the information so designated.

19. Nothing in this Protective Order constitutes an agreement regarding the scope of discovery.

20. If a Party determines that he or it has inadvertently produced documents or materials that are subject to a claim of privilege or immunity, or otherwise protected from disclosure, the Party shall inform counsel for each other Party of the inadvertent production in writing, and counsel for each Party shall take reasonable steps to ensure that all known copies of any such documents are promptly destroyed or returned to the disclosing Party. Inadvertent production of privileged or otherwise protected discovery materials will not be deemed to have waived any privilege. Return of such documents pursuant to this paragraph does not prejudice the returning Party's ability to seek redress from the Court and/or a motion concerning disagreement with the designation or non-designation of such material as Confidential

Information pursuant to Paragraph 11, above.

21. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

THE ABOVE TERMS AND CONDITIONS ARE HEREBY STIPULATED AND AGREED TO by the respective undersigned counsel for the Parties in the above-captioned action.

Dated: June 5, 2025

Respectfully submitted

By: */s/Alan D. Rose*
Alan D. Rose (BBO #427280)
Meredith Wilson Doty (BBO #652220)
ROSE LAW PARTNERS LLP
One Beacon Street, 23rd Floor
Boston, MA 02108
617-536-0040
adr@rose-law.net
mwd@rose-law.net
*Attorney for Defendant*

By: */s/Jay Marshal Wolman*
Jay Marshall Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
702-420-2001
jmw@randazza.com

*Attorney for Plaintiff*

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON COLLEGE, )<br>)<br>Defendant. ) | Civil Action No. 1:24-CV-10884-JEK |

**ACKNOWLEDGEMENT AND AGREEMENT**

I hereby certify that I have read the Protective Order entered in the above-captioned litigation. I hereby agree to be bound by the terms of the Protective Order and to submit personally to the jurisdiction of this Court for purposes of enforcing my agreement to be bound by the terms of the Protective Order.

I hereby agree that I will use any documents or other material designated as "CONFIDENTIAL INFORMATION" in accordance with the Order, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

_____
Signature

_____
Printed name

_____
Date

11