UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ,<br><br>    Plaintiff,<br><br>v.<br><br>BOSTON COLLEGE,<br><br>    Defendant. | Civil Action No. 1:24-cv-10884<br><br>**MOTION FOR LEAVE TO WITHDRAW APPEARANCE FOR PLAINTIFF AND EMERGENCY MOTION FOR STAY** |

  Attorney Jay M. Wolman of Randazza Legal Group, PLLC ("RLG"), current attorney for Plaintiff Avenir Agaj ("Client") and, pursuant to Local Rule 83.5.2(c), moves this Honorable Court for leave to withdraw his appearance on behalf of Client. There is good cause to allow leave to withdraw as the attorney-client relationship has broken down. To facilitate Client obtaining new counsel, RLG further moves this matter be stayed for 60 days. Undersigned counsel requests that the Court act on the stay request on an emergency basis due to forthcoming depositions previously scheduled by the parties.

### MEMORANDUM OF POINTS AND AUTHORITIES

**1.0 Statement of Facts**

  On February 19, 2025, counsel entered his appearance for Plaintiff. (ECF No. 67). Since then, counsel propounded and responded to discovery requests on behalf of Plaintiff. (*See* Exhibit A, Wolman Declaration, filed herewith, at ¶ 4).

  The relationship between Client and counsel has irretrievably broken down.[1] *Id.* at ¶ 5. Counsel can no longer represent Client. *Id.* at ¶ 6.

  At this point, the attorney-client relationship is adverse, thus creating an impossibility for counsel to continue to represent the Client in this matter. The attorney client relationship is untenable and irretrievably broken.

---

[1] Should the Court find it necessary, consistent with Mass. R. Prof. Conduct 1.6(b)(6), counsel will provide the specific dates and times of the communications efforts and other specifics of the breakdown of the relationship for *in camera* review, under seal.

**2.0    Legal Argument**

Under the local rules, leave of court, with good cause shown, is required in the absence of successor counsel.  *See* Local Rule 83.5.2(c).  Good cause exists to permit such withdrawal.

Under the Massachusetts Rules of Professional Conduct, an attorney may withdraw from representing a client if:
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; [or]
> (7) other good cause for withdrawal exists.

Mass. R. Prof. C. 1.16(b)(4) & (7).  Those rules govern practice before this Court.  Local Rule 83.6.1(a).  Here, continued representation of Client is not professionally possible due a conflict between the undersigned counsel and Client, and the breakdown of the attorney-client relationship pursuant to factors enumerated in Mass. R. Prof. C. 1.16(b).

Withdrawal is appropriate where there are "fundamental and irreconcilable differences . . . concerning the recommended course of action." *Witt v. Am. Airlines, Inc.*, 332 F. Supp. 3d 442, 444 (D. Mass. 2018)

Attorney Wolman can no longer represent Client's interests.  To ensure the Client is not prejudiced, counsel seeks a stay of 60 days to enable Client to obtain new counsel.  Upon withdrawal, undersigned counsel will ensure the Client has copies of the docket and all other necessary documents.  Client has been informed of this motion and advised to obtain new counsel.  *See id.* at ¶ 7.

Pursuant to Local Civ. Rule 7.1(a)(2), undersigned counsel hereby certifies that he has conferred with Defendant's counsel of record on this motion and that Defendant's counsel opposes the relief requested in this motion.  Counsel further certifies that he has conferred with Client who does not object to the relief requested in this motion.

WHEREFORE Attorney Wolman respectfully requests this Honorable Court grant him leave to withdraw his appearance for Client and stay this action for 60 days.

Dated: July 1, 2025

Respectfully Submitted,

/s/ Jay M. Wolman
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

*Attorney for Plaintiff*

Civil Action No. 1:24-cv-10884

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

A true and correct copy of the foregoing document was also served upon Plaintiff Avenir Agaj via electronic mail to Aviaga10@hotmail.com , which Plaintiff previously utilized as a *pro se* filer.

/s/ Jay M. Wolman
JAY M. WOLMAN