**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVENIR AGAJ, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:24-CV-10884-JEK |
| BOSTON COLLEGE, | ) ) | |
| Defendant. | ) ) ) | |

## <u>ACKNOWLEDGEMENT AND AGREEMENT</u>

I hereby certify that I have read the Protective Order entered in the above-captioned litigation. I hereby agree to be bound by the terms of the Protective Order and to submit personally to the jurisdiction of this Court for purposes of enforcing my agreement to be bound by the terms of the Protective Order.

I hereby agree that I will use any documents or other material designated as "CONFIDENTIAL INFORMATION" in accordance with the Order, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

_____
Signature

_____
Printed name

_____
Date

NOT
SIGNED
BY
AVENIR AGAJ

11

# Re: Adv. Boston College | BC Responses to First Set of ROG's and RPD's

1 message

**Jay M. Wolman** <jmw@randazza.com>       Thu, May 22, 2025 at 2:45 PM
To: Ave Aga <aviaga10@hotmail.com>
Cc: Ali Gregoire <aag@randazza.com>, Staff <staff@randazza.com>, Marc Randazza <mjr@randazza.com>

Dear Mr. Agaj,

I've been reviewing your state court matter. I believe BC is right that it is improper claim splitting and that your other claims there are not well-founded, including barred by the prior District Court proceeding.

I do not wish to appear on Wednesday in state court to argue it shouldn't be dismissed. What I'd like to do is file a notice dismissing the state law claims without prejudice. You don't need them The Title VII claim for back pay plus additional damages (front pay, emotional distress, punitive, with a 300k statutory cap on these additional damages) is sufficient to compensate you. I would like to dismiss them without prejudice so that a potentially adverse ruling in state court doesn't come back to harm your federal claims.

Please advise if I may dismiss the state claims. I would be happy to discuss it.

Sincerely,
Jay Wolman

————————————————————

**Jay Marshall Wolman, CIPP/US, Counsel\***
**Randazza Legal Group, PLLC**
100 Pearl Street, 14th Floor | Hartford, CT 06103
30 Western Avenue,, Gloucester, MA  01930
353 Ocean Ave Ste. 4E, Brooklyn, NY 11226
Tel: 702-420-2001 | Email: jmw@randazza.com

————————————————————

\* Licensed to practice law in Connecticut, Massachusetts, New York and the District of Columbia.

The information contained in this message may be privileged, confidential and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of any information contained herein or attached to this message is strictly prohibited. If you have received this email in error, please immediately notify the sender and destroy the original transmission and its attachments in their entirety, whether in electronic or hard copy format, without reading them. Thank you.

On Fri, May 16, 2025 at 1:12 PM Ave Aga <aviaga10@hotmail.com> wrote:
> Hello Attorney Jay M. Wolman and Randazza legal Staff how are you doing today.
> I would like to touch base regarding a few things on my case.
> Nr 1,
> the person who fired me Mr William J. Murphy no longer works at Boston College
> as vice president of Human Resources he works at Tuft University since 2024 at
> the same position as he was at Boston College .

It is worth mentioning that He is the person who was directly responsible for my compensation (Wages and Benefits ).

Therefore, the one responsible for my wage theft and wage discrimination also the one who showed up at Newton district court on my trial of small claim together with counsel Alan D.Rose , and under oath committed PURJURY by submitting false forged Pay Stubbs and making false representation regarding my pay and compensation on behalf of Boston College

According to my research the which i will provide above is the way you can get in touch with him and i should advice the he should be called as a potential witness if the case might require.

Nr 2.

Regarding the confidentiality agreement which Boston College is trying to secure my answer is NO, as i stated to counsel Alan D.Rose during our last meeting in December 2024 and i will state the reasons and facts below .

I have suffered from Boston Colleges adverse  actions for almost 4 years just to name a few, Wage theft, wage discrimination, went to trial because of these actions and still denied the obvious facts under Mgl 149 section 148 and 150.

I have suffered identity theft through Boston College during my mandatory back ground check through Creative Services Inc. a company which Boston College required me to grant access to my sensitive P.I in writing for that purpose .Not only Boston College failed to delete my data held by Creative Service inc in the agreed limited time of 1 year but also failed intentionally and neglected to inform me about my stolen sensitive information .

And this was not an isolated case cause the same happened on my Harward pilgrim health insurance at Boston College and my TIAA retirement account at Boston College in both cases Boston College also failed to notify me putting me at a great risk of fraud and theft the which i have suffered already and i will hold them accountable for failing to protect my personal information .

On the other hand, denying me the right under the law MGL section 52c which i shall be granted in person access to my employee personal file.

Failure to notify for all negative information added without my knowledge to my personal file as required under mass law within 10 days of that information also not giving me the chance to contend that information as false and untrue .

That information can have and had a negative effect on my past, present, and future employment.

Failing to participate a provide information on the discovery process as required by the federal law .Court rules.

Under title 7 civil right act 1964

Continued denial of my Sincere Religious Beliefs as practicant ,believer, descendent of Bogomil faith and Discrimination of my sincere held religious beliefs on different negative statement made in court and the press.(Newspapers)

Same goes for my medical practice Ethnobotany under mass law 151 B medical discrimination continued and making false statements. What i think......
In fact, i should consider adding the charge of defamation to my complaint.
Conclusion
They have always acted in Bad Faith Stole Wages from me, Invaded my Privacy ,Harassed, Discriminated, Retaliated, Wrongfully Terminated  me because of my Religious Beliefs Bogomil, Medical Practice Ethnobotany  and they are asking for Confidentiality ,quite the contrary and  i must say that Boston College should be exposed for what they really are Unscrupulous Employer, repeated Discrimination Offender ,Liars and Thief's that is my other goal on top of Justice and Truth  and Compensation in Jury Trial.

Nevertheless, i will make it clear i will not try to Undermind all the hard work you ALL have done and i will always follow your advice as long as it does not require me to go against my principals and beliefs right and wrong.
I will be always open to all compromise when reasonable .
I don't think we should enter any agreement with Boston College regarding anything .That is my current position
I state for my Sincere Religious beliefs of the faith of Bogomils, and my Medical Practice Ethnobotany i was prepared to lose my job,  what was Boston College is prepared to lose we shall see!
Please let contact me at any time regarding any matters .
Best regards .
Respectfully

Avenir Agaj.


Get Outlook for Android

---

**From:** Ali Gregoire <aag@randazza.com>
**Sent:** Thursday, May 8, 2025 2:00:23 PM
**To:** Ave Aga <aviaga10@hotmail.com>
**Cc:** Staff <staff@randazza.com>; Jay Marshall Wolman <jmw@randazza.com>; Marc Randazza <mjr@randazza.com>
**Subject:** Adv. Boston College | BC Responses to First Set of ROG's and RPD's

Hi Mr. Agaj,
Please find the below memo from Attorney Wolman concerning the attached documents.

**Dear Mr. Agaj,**
**BC produced its interrogatory responses and its written document responses, but not its**
**documents.  It wants to enter into a confidentiality order for some of them--we are reviewing that**

**I am also dismayed to learn that you have an ongoing state case arising from the same facts. This may prove to be problematic procedurally as we move forward here. Is there anything else you have not told us about your dispute with BC?**

Sincerely,
**Alison Gregoire\* | Randazza Legal Group**
30 Western Avenue, Harbor Room | Gloucester, MA 01930
Tel: 702-420-2001 | Email: aag@randazza.com
Firm Offices - Las Vegas | Miami | New England

**\* Paralegal – not licensed to practice law.**

📄 Gmail

---

## Re: Adv. Boston College | New Documents
1 message

---

**Ave Aga** <aviaga10@hotmail.com>                                    Thu, Jun 5, 2025 at 6:12 PM
To: Ali Gregoire <aag@randazza.com>
Cc: Jay Marshall Wolman <jmw@randazza.com>, Staff <staff@randazza.com>

Hi Mr. Attorney Jay M. Wolman as i have stated before on my e- mail on May 16 my firm opposition against any Proposed Protective Order regarding confidentiality with Boston College.  I would not have ,and don't have to agree anything that Boston College is requesting regarding this.


My first concern was Defendant Boston College will try to use protective orders to manipulate the discovery process and delay the case.
So far that has happened!!! FACT.

 In my view again i will not benefit me at all as a damaged party .
They Boston College have not provided any requested documents so far .That is another FACT!
Yet we agree to all them demands.


In brief i am not happy at all with this action!

 Furthermore, judge honorable J.Kobick was clear during the scheduling session and she stated that she would not allow delays without proper reasons .

Again, in my opinion we should have not have agreed to this .I have said clearly NO to this.

This request benefits more the defendant Boston College than us.
Otherwise, they would not have insisted on this so many times .
We should not agree and please refrain in the future granting any further extension regarding any deadlines regarding the case on my behalf.

I know that you Mr Attorney Jay M. Wolman doing the best you can to help me with my case but as i have stated i have my point of view on things and i would greatly appreciate it if it was taken to fully to account beforehand any action is taken regarding my case.
Boston College does not deserve any respect from me .Let me be very clear on that!!!!!

I only look forward to a JURY trial .
That is my objective!

I don't want to settle my case outside the court with the Corrupt, Thieves and Liars of Boston College .
I want Justice not Corruption.
This case is not about money.
This is to prove a point Boston College is not above the law .
I am sure you understand me.
Thank you for your continued support.

Best regards
Avenir Agaj


Get Outlook for Android

---

**From:** Ali Gregoire <aag@randazza.com>
**Sent:** Thursday, June 5, 2025 2:44:27 PM
**To:** Ave Aga <aviaga10@hotmail.com>
**Cc:** Jay Marshall Wolman <jmw@randazza.com>; Staff <staff@randazza.com>
**Subject:** Re: Adv. Boston College | New Documents

Hi Mr. Agaj,

Please see the memo from Attorney Wolman and attached document for your records below:

**Dear Mr. Agaj,**
**To protect the confidentiality of some discovery materials, the parties have submitted a joint motion for a protective order.  A copy is attached.  We will be able to utilize it ourselves for sensitive matters. The same holds true for BC.  But it really shouldn't restrict our ability to prosecute your case.**

Sincerely,
**Alison Gregoire\* | Randazza Legal Group**
30 Western Avenue, Harbor Room | Gloucester, MA 01930
Tel: 702-420-2001 | Email: aag@randazza.com
Firm Offices - Las Vegas | Miami | New England

\* Paralegal – not licensed to practice law.


On Mon, Jun 2, 2025 at 9:24 AM Ali Gregoire <aag@randazza.com> wrote:
    Hi Mr. Agaj,

    Please see the memo from Attorney Wolman and attached document below for your records:

# Re: Adv. Boston College | New Documents

────────────────────────────

**From:** Ave Aga
aviaga10@hotmail.com
**To:** Jay M. Wolman
jmw@randazza.com
**Cc:** Ali Gregoire aag@randazza.com,
Staff staff@randazza.com
**Sent:** Tuesday, July 1 at 8:48 AM

Good morning !
Dear attorney Jay M. Wolman.

You have the right to withdraw from my case as you know and i know and you are welcomed to do so should you choose!

Before you do that,, i demand that you VOID ALL the agreements you have done with Boston College on my behalf with, and without my consent or approval( Especially the confidential agreement order).
Also i request all the documents,files,confidential or otherwise you have received from me or the defandant Boston College regarding my case to be sent to me.A.S.A.P.
This is my position.

Tel: 702-420-2001 | Email: aag@randazza.com

Firm Offices - Las Vegas | Miami | New England

\* Paralegal – not licensed to practice law.

Please inform me on your actions!

Thank you .

Best of luck to you all.

Avenir Agaj.


Get Outlook for Android

––––––––––––––––––––––––––––––––––––––––

**From:** Jay M. Wolman
<jmw@randazza.com>
**Sent:** Monday, June 30, 2025 5:48:34 PM
**To:** Ave Aga <aviaga10@hotmail.com>
**Cc:** Ali Gregoire <aag@randazza.com>; Staff
<staff@randazza.com>
**Subject:** Re: Adv. Boston College | New
Documents


Dear Mr. Agaj,

It is your prerogative to disagree with
me.  However, we will not be able to
continue representing you under
these circumstances.
We will be moving to withdraw and for
60 days' stay so you can procure new
counsel.  Please advise as to your
position on this.


Sincerely,
Jay Wolman

––––––––––––––––––––––––––––––––––––––

—
**Jay Marshall Wolman, CIPP/US,
Counsel**·

# Re: Adv. Boston College | New Documents

---

**From:** Jay M. Wolman
jmw@randazza.com
**To:** Ave Aga aviaga10@hotmail.com
**Cc:** Ali Gregoire aag@randazza.com,
Staff staff@randazza.com
**Sent:** Tuesday, July 1 at 3:46 PM

Dear Mr. Agaj,

I have filed my motion to withdraw
and my notice of lien. Copies are
attached.

Your files are available for download
here: https://www.dropbox.com/scl/f
o/f1eipfi9e1kkju3f8zeyj/AKFJOV-
bakNP6gQmtDeyRWQ?
rlkey=uarkbo10k63rd7ru4nmxva9b0&
st=z0gzonu7&dl=0

The one starting "Takeout" is the email
correspondence.
The one starting "Bulk Download" is
the bulk of the file
The one starting "AGAJ eDiscovery" is
an export of what we uploaded to our
eDiscovery platform and tagged when
determining what to produce. (The

other 2 AGAJ files are the eDiscovery as produced and stamped).

CAUTION--in the Bulk Download zip file, there is a subfolker: discovery/Responses - Defendant to Plaintiff/ that contains a file named OneDrive_1_6-12-2025.zip . That file is CONFIDENTIAL under the protective order. It also appears as a separate file in the Dropbox (the other "ONEDRIVE" file is the non-confidential production.)

You asked me to " VOID ALL the agreements you have done with Boston College on my behalf with, and without my consent or approval( Especially the confidential agreement order)." I am unable to do this. Besides the fact that you did ultimately agree with entering into such agreement, it is an order of the court and it cannot be voided without court order. You will be able to file such a motion once permission for me to withdraw is granted.

Thank you.

Sincerely,
Jay Wolman

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ,<br><br>        Plaintiff,<br><br>       v.<br><br>BOSTON COLLEGE,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 1:24-CV-10884-JEK<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the following provisions shall govern the disclosure and use of all Confidential Information disclosed in the course of discovery in this action.

### Definitions

1.    "Confidential Information" means any information in any form (including without limitation, a document, electronically stored information, witness testimony, or response to written discovery), which (a) is provided by a Party or third party in the course of discovery in this action, (b) contains any student, employee, business, financial, proprietary or other commercially or personally sensitive information, and (c) a Party has designated as Confidential Information in accordance with the terms of this Protective Order. Without limiting the foregoing, Confidential Information shall include all "education records" as that term is defined under the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA"), all "personnel records" as that term is defined under Mass. Gen. L. ch. 149 § 52C, and all information regarding the medical condition or medical history of any employee under 42 U.S.C. §§ 12112(d)(3)(B), (4)(C) and 29 C.F.R. § 1630.14(b)(1).

3

2.    A "Party" means the named plaintiff and defendant in the above-captioned case.

3.    "Designating Party" means the person or entity that designates the information at issue as Confidential Information pursuant to this Protective Order.

4.    "Action" means the above captioned lawsuit.

5.    "State Court Action" means the parallel proceeding pending in Massachusetts Superior Court, *Avenir Agaj v. Boston College*, Suffolk Superior Court, Docket No. 2484CV01444.

## Designation of Confidential Information

6.    A Designating Party may designate documents or information as Confidential provided it meets the definition set forth in paragraph 1, above.

7.    Any Party, and non-party subpoena respondents, may designate any document, including any document or response served or produced during fact or expert discovery, as Confidential Information by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated as Confidential prior to or at the time of the production or disclosure of the documents. The designation as Confidential does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

8.    Any Party or deponent may designate the appropriate portions of any deposition transcript or videotaped deposition transcript (including exhibits) as containing Confidential by so advising the deposition reporter in the course of the deposition and indicating in the deposition transcript and/or on the videotape what portions of the testimony (or deposition exhibits) were so designated, or by so advising all other Parties of the pages designated as

4

Confidential within fourteen (14) days after receipt of the transcript by both Parties and the deponent. Until fourteen (14) days have passed after the receipt of any transcript by both Parties, the entire transcript and videotape shall be deemed to contain Confidential Information.

9.      Any Party may designate documents produced by third parties pursuant to subpoenas as Confidential Information. Counsel for the subpoenaing party must promptly disclose the subpoenaed documents to all other counsel of record, who have fourteen (14) days from the date of receipt of the documents to designate any of the documents as Confidential Information. Until fourteen (14) days have passed after receipt of the documents by both Parties, the documents shall be deemed to contain Confidential Information.

10.     Inadvertent failure to designate information as Confidential Information at the time of production pursuant to this Protective Order may be remedied by supplemental written notice given by the Designating Party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be treated as if they had been initially so designated pursuant to this Protective Order or until the designation is successfully challenged as set forth below.

### Challenges to Designation as Confidential Information

11.     Any designation or non-designation of information as Confidential Information is subject to challenge by any Party. If a Party elects to object to a designation or non-designation of information as Confidential Information, or to dispute the limitations on access to be accorded such information under this Protective Order, such Party shall provide to the Party that produced the information written notice of its disagreement and shall specifically identify the information in dispute. If, despite a good faith effort, the Parties cannot resolve the challenge, the Party challenging the designation of the documents or information as confidential may seek relief from

5

the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules for the

U.S. District Court for the District of Massachusetts. The Party challenging the designation shall

bear the burden of proving that the information does not fall within the definition of Confidential

Information as set forth in Paragraph 1. Pending the Court's ruling, the Parties shall continue to

treat the information as Confidential in the same manner required by this Protective Order.

Notwithstanding the foregoing, if any documents or information designated by Defendant are so

designated because it is a personnel record or other "information" (as the term is used in ¶ 1(b))

soley regarding Plaintiff, Plaintiff may elect to remove such designation at any time.

### Restrictions on Use and Further Disclosure of Information

12.    All information produced in discovery in this action, whether or not designated as

Confidential Information, shall be used by the Party receiving such information solely in

connection with this Action, the State Court Action, or in settling the Action and/or State Court

Action

13.    Except with the prior consent of the Designating Party or upon prior order of the

Court, information designated as Confidential Information shall not be disclosed by any Party to

any person other than the following:

      a.    the Parties and their officers, administrators, and trustees, solely for the

           purpose of prosecuting, defending, appealing, or settling the Action or

           State Court Action;

      b.    counsel for the Parties, including in-house counsel, and the secretaries,

           legal assistants, or other support personnel who are employees of the

           Parties' counsel to the extent reasonably necessary to assist the Parties'

           counsel in the Action or State Court Action;

6

    c.    experts, consultants, and litigation support vendors not employed by any Party, but who are expressly retained to assist counsel of record for the Parties and the employees of such persons;

    d.    this Court, Massachusetts Superior Court, court personnel, and jurors;

    e.    court reporters and videographers who are retained to transcribe or videotape testimony in this Action or State Court Action;

    f.    any deponent in this Action or State Court Action;

    g.    actual or potential witnesses in this Action or State Court Action;

    h.    the Parties' insurers and their counsel; and

    i.    mediators or other persons engaged in alternative dispute resolution who shall be advised of and shall agree to the confidentiality requirements in advance of being provided with any Confidential Information.

14.    Any person entitled to receive Confidential Information pursuant to Paragraph 13, other than those persons identified in Paragraphs 13(a), 13(b), 13(d), 13(e) and 13(f) shall, prior to receiving such Information, read this Protective Order and execute an Acknowledgement and Agreement in the form attached as Exhibit A, indicating that he or she has read this Protective Order and will abide by its terms. The signed statement shall be retained by counsel disclosing the Confidential Information.

15.    If information designated as Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and, without prejudice to other rights and remedies of any Party, shall make a reasonable, good-faith effort to retrieve such information and to prevent further

7

disclosure by it or by the person who received such information. Notwithstanding the foregoing, any information designated as Confidential Information may be disclosed in response to a subpoena or other lawful process; prior to such disclosure, the disclosing party shall endeavor, if allowable by law, to give the Designating Party reasonable notice of the subpoena or process in order to permit the Designating Party an opportunity to preclude such disclosure or otherwise protect the confidentiality of the information.

16.    Information designated Confidential Information may not be filed on the Court's public docket, or on the public docket of the State Court Action, unless (a) the filing Party has filed a motion to impound pursuant to Local Rule 7.2 and/or a motion to seal pursuant to Local Rule 83.6.11, and the Court has denied that motion; (b) the filing Party has filed a motion to impound and/or motion to seal in the State Court action pursuant to Rule 2 of the Uniform Impoundment Procedures, and the State Court has denied that motion; (c) the Parties agree to waive the designation of the information as Confidential Information; (d) the Parties agree to redactions of references to the Confidential Information; or (e) the designation of the information as Confidential Information has been removed by the Court pursuant to Paragraph 11 above. If the filing Party does not believe the material should be impounded or sealed, the Designating Party shall be given the opportunity to justify the same in response to the motion, and the filing of such a motion shall not prejudice the ability of the filing Party to argue against impoundment or sealing.

17.    All provisions of the Protective Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this Action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing. Any and all originals and copies of non-work product Confidential Information designated by the Parties

shall, at the request of the Designating Party, be destroyed at the Designating Party's expense,

within one month after a final judgment has been entered in this action and the time for appeals

has expired, except that counsel for each Party may maintain in their files copies of each

pleading and litigation document filed with the Court, each written discovery request and written

response thereto, each deposition transcript and exhibit thereto, and each trial transcript and

exhibit. Nothing in this paragraph shall require any Party to destroy attorney work product or

attorney-client communications that contain or reflect Confidential Information or require

counsel to destroy client file information that it is required to maintain under the applicable rules

of professional conduct.

18.     Neither this Protective Order nor any Party's designation of information as

Confidential Information shall affect the admissibility into evidence of the information so

designated.

19.     Nothing in this Protective Order constitutes an agreement regarding the scope of

discovery.

20.     If a Party determines that he or it has inadvertently produced documents or

materials that are subject to a claim of privilege or immunity, or otherwise protected from

disclosure, the Party shall inform counsel for each other Party of the inadvertent production in

writing, and counsel for each Party shall take reasonable steps to ensure that all known copies of

any such documents are promptly destroyed or returned to the disclosing Party. Inadvertent

production of privileged or otherwise protected discovery materials will not be deemed to have

waived any privilege. Return of such documents pursuant to this paragraph does not prejudice

the returning Party's ability to seek redress from the Court and/or a motion concerning

disagreement with the designation or non-designation of such material as Confidential

9

Information pursuant to Paragraph 11, above.

21.    This Order shall take effect when entered and shall be binding upon all counsel

and their law firms, the Parties, and persons made subject to this Order by its terms.

THE ABOVE TERMS AND CONDITIONS ARE HEREBY STIPULATED AND

AGREED TO by the respective undersigned counsel for the Parties in the above-captioned

action.

Dated: June 5, 2025

Respectfully submitted

By: */s/Alan D. Rose*_____          By: */s/Jay Marshal Wolman*_____
Alan D. Rose (BBO #427280)            Jay Marshall Wolman
Meredith Wilson Doty (BBO #652220)    RANDAZZA LEGAL GROUP, PLLC
ROSE LAW PARTNERS LLP                 100 Pearl Street, 14th Floor
One Beacon Street, 23rd Floor         Hartford, CT 06103
Boston, MA 02108                      702-420-2001
617-536-0040                          jmw@randazza.com
adr@rose-law.net
mwd@rose-law.net
*Attorney for Defendant*               *Attorney for Plaintiff*

10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AVENIR AGAJ, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:24-CV-10884-JEK |
| BOSTON COLLEGE, | ) | |
| Defendant. | ) | |

## JOINT MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Avenir Agaj together with Defendant Trustees

of Boston College jointly request that this Court enter the attached Proposed Protective Order

governing the designation, use, and disclosure of Confidential Information in this litigation.

Dated: June 5, 2025

Respectfully submitted,

By: */s/Alan D. Rose*          
Alan D. Rose (BBO #427280)
Meredith Wilson Doty (BBO #652220)
ROSE LAW PARTNERS LLP
One Beacon Street, 23rd Floor
Boston, MA 02108
617-536-0040
adr@rose-law.net
mwd@rose-law.net

*Attorneys for Defendant*

By: */s/Jay Marshal Wolman*          
Jay Marshall Wolman (BBO # 666053)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
702-420-2001
jmw@randazza.com

*Attorney for Plaintiff*

1

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that pursuant to D. Mass. Local Rule 7.1(A)(2), counsel for Defendant conferred with counsel to Plaintiff, who joins in and assents to the relief requested herein.

*/s/Alan D. Rose*
Alan D. Rose

## CERTIFICATE OF SERVICE

I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants.

*/s/Alan D. Rose*
Alan D. Rose