UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ,<br>　　　　　　Plaintiff,<br>v.<br>BOSTON COLLEGE,<br>　　　　　　Defendant. | Civil Action No. 1:24-cv-10884<br><br>**OPPOSITION TO MOTION TO COMPEL** |

Randazza Legal Group, PLLC, objects to Plaintiff's motion to compel (ECF No. 96). It is a procedurally improper and substantively frivolous motion.

As the Court is aware, Attorney Jay Wolman of Randazza Legal Group entered his appearance for Plaintiff on February 19, 2025 (ECF No. 67); less than five months later, on July 7, 2025, the Court granted Attorney Wolman's motion to withdraw (ECF No. 86). Mr. Agaj now comes to this Court seeking that the Court compel Randazza Legal Group to return certain materials to him.

Procedurally, there is no authority for Mr. Agaj's motion. His motion is not based on a discovery request or subpoena, so there is no procedural mechanism to compel any form of production. Moreover, as indicated by the Court (ECF No. 98), Randazza Legal Group is not a party to this action and it has not been served with process, thus there is no jurisdiction for the relief to be granted.[1] That alone warrants denial of the motion.[2]

---

[1] There is little caselaw on the jurisdiction over withdrawn counsel, but to the extent there is, it appears only to extend to counsel's conduct or submissions to the court. *See, e.g.*, *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986). Nevertheless, even if there is jurisdiction, the motion is still frivolous.

[2] As does failure to comply with Local Rule 7.1(a)(2) and, to the extent it is viewed as a Rule 37 motion to compel, with Local Rule 37.1(a). Of course, it cannot be a Rule 37 motion as there was no underlying subpoena or other appropriate discovery request.

Substantively, the motion lacks any reasonable basis. There is no dispute that Randazza Legal Group, per Mass. R. Prof. Conduct 15A(b), made applicable by Local Rule 83.6.1, must make the former client's file available within a reasonable time. The motion is frivolous because Randazza Legal Group fully complied with that duty months ago.

First, as Mr. Agaj's own submission indicates, on August 15, 2025, the day he made his request for his file, the Dropbox link containing his files was provided. (ECF No. 96-1 at 4).[3] Notably, it is the same as what was provided to Mr. Agaj on July 1, 2025 (ECF No. 97-1 at 11), before counsel even was granted permission to withdraw. To the extent that there was any question about compliance with Rule 1.15A, that satisfies it.

Mr. Agaj, however, was not satisfied with an electronic copy, though he cites no authority or need for paper versions. What he did demand were the original papers scanned by Randazza Legal Group (not even a printed hardcopy, which was offered, would satisfy him). At the time, largely due to the separation of one paralegal and the maternity leave of another, Randazza Legal Group could not immediately determine what, if any, papers had been retained and how, precisely, they would have been filed. (ECF No. 96-1 at 3-4). Now that the other paralegal has returned from leave, Randazza Legal Group has been able to make inquiry of both. And the outcome is clear—staff followed ordinary protocols and promptly returned the documents to Mr. Agaj upon completion of scanning. *See* **Exhibit A**, Declaration of Cassidy Flavin, and **Exhibit B**, Declaration of Alison Gregoire. If Mr. Agaj cannot find any of his documents, it is because he misplaced them. Randazza Legal Group did not retain any of his paper documents.

---

[3] For Mr. Agaj's protection, that link was disabled upon undersigned counsel becoming aware that Mr. Agaj publicly filed it.

Preserving all objections, for ease of reference, Randazza Legal Group responds to Mr. Agaj's numbered requests in his motion as follows:

1. All my original pay stubs.

**RESPONSE:** To the extent any such documents were in possession of Randazza Legal Group, they were previously returned to Mr. Agaj, and no such responsive original documents remain in its possession, custody, or control.

2. ALL the COMPLETE file documents that RANDAZZA LEGAL GROUP has received from BOSTON COLLEGE counsel and all associates regarding all litigations in all courts AVENIR AGAJ v BOSTON COLLEGE. In paper or readable pdf no links or zip folders.

**RESPONSE:** To the extent any such documents were in possession of Randazza Legal Group, they were previously provided to Mr. Agaj. Such documents were produced in machine readable format and Randazza Legal Group objects to converting them into other formats. Where documents were zipped for ease of transfer, such is standard and no particular sophistication is required to unzip them.

3. All the original and copied documents removed from my Newton Small Claim Court file

**RESPONSE:** This request lacks foundation as no documents were removed. To the extent any such documents were in possession of Randazza Legal Group, they were previously returned to Mr. Agaj, and no such responsive original or paper documents remain in its possession, custody, or control.

4. Includes Right of private action for wage theft (original)the court decision ruling original magistrate Schultz, the answers provided from the defendant Boston College, My appeal documents served in court, copies of the proposed settlement and email exchanges between.

**RESPONSE:** To the extent any such documents were in possession of Randazza Legal Group, they were previously returned to Mr. Agaj, and no such responsive original or paper documents remain in its possession, custody, or control.

5. All the original and removed documents removed from Suffolk Superior Court file. Includes
   - Letter from Harvard pilgrim identity theft notice Pbi original
   - Identity theft notices TIAA original Identity theft notices Creative Service Inc Background check firm employed by Boston College.
   - Letter from Ms. Anita Maietta and Ms .Kathryn Morelli Fair Labor Division which requests Boston College to provide me a Copy of Employee personal File which their did not comply violating MGL 53 C.

**RESPONSE:** This request lacks foundation as no documents were removed. To the extent any such documents were in possession of Randazza Legal Group, they were previously returned to Mr. Agaj, and no such responsive original documents remain in its possession, custody, or control.

6. ALL the original and copied documents US DISTRICT COURT OF MASSACHUSETTS file includes .RIGHT of private Action EEOC, MCAD both notices Original.
   - Various email correspondence between me and Boston College employees.
   - All COVID testing results original paper original.
   - Second exemption request submitted to Boston College original.
   - Documents and various email removed from my personal file. and any other document that was willfully removed.

**RESPONSE:** This request lacks foundation as no documents were removed. To the extent any such documents were in possession of Randazza Legal Group, they were previously returned to Mr. Agaj, and no such responsive original or paper documents remain in its possession, custody, or control.

7. In addition, I request that Randazza Legal Group and all associates comply, disclose and provide through this motion all communication (non-redacted) made between Randazza Legal Group myself to the US District Court and a full copy same copy provided to both myself and the court.

**RESPONSE:** To the extent any such documents were in possession of Randazza Legal Group, they were previously provided to Mr. Agaj.

8. Request that that Randazza Legal Group and all associates disclose and provides a copy of all Communication (non-redacted) between Opposing Counsel and Randazza Legal Group to myself and the Court (same copy).

**RESPONSE:** To the extent any such documents were in possession of Randazza Legal Group, they were previously provided to Mr. Agaj.

9. I request that Randazza Legal Group and all associates make in fully unlimited disclosure and provide all information on all profits, transaction, connections partnership, exchanges, occurred and created in the past, present and future between Boston College and all associates and Randazza Legal Group and all associates.

**RESPONSE:** This request is vague and incomprehensible. Any and all communications and/or other documents involving Boston College and this matter have been provided to Mr. Agaj. To the extent that he is requesting that decades worth of files be searched for any mention of "Boston College," such is unreasonable and beyond any legitimate need. Nor is there any basis for providing him with any documents not yet in existence.

10. I REQUEST that Randazza Legal Group and all associates disclose formal and informal agreement they had regarding a settlement on my case AVENIR AGAJ v Boston College.

**RESPONSE:** No such responsive documents are known to exist or known to have existed.

- In conclusion i AVENIR AGAJ the client has the property rights on my file, as such i am entitled to review and receive copies and originals of all documents including emails and other correspondence with the opposing party.

**RESPONSE:** Any and all such responsive documents that were ever in possession of Randazza Legal Group were provided to Mr. Agaj.

WHEREFORE the motion to compel should be denied.

Dated: September 17, 2025          Respectfully Submitted,

/s/ Jay M. Wolman
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Civil Action No. 1:24-cv-10884

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jay M. Wolman
JAY M. WOLMAN