# Exhibit A

Declaration of Cassidy Flavin

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ,<br>              Plaintiff,<br>v.<br>BOSTON COLLEGE,<br>              Defendant. | Civil Action No. 1:24-cv-10884<br><br>**DECLARATION OF CASSIDY FLAVIN** |

I, Cassidy Flavin, declare:

1. I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty. I have knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2. I am employed as a Paralegal at Randazza Legal Group, PLLC ("RLG").

3. Mr. Agaj came to the RLG office in Gloucester, Massachusetts on multiple occasions to drop off and pick up his documents.

4. On March 10, 2025, he came into the office with various documents, including his original pay stubs. Mr. Agaj specified that while most of the documents were copies, the pay stubs were original and he required them to be returned to him.

5. On March 11, 2025, I scanned the pay stubs and placed them in a small shopping bag and gave them to Alison Gregoire, another Paralegal at the Gloucester office, to be returned to Mr. Agaj.

6. I also scanned the other documents Mr. Agaj provided us with on March 10, and gave them to Ms. Gregoire to return to Mr. Agaj.

7. I kept the paystubs separated from the other documents in a shopping bag, as Mr. Agaj had indicated to Ms. Gregoire that the paystubs were originals and he specifically required them to be returned to him. As such, I wanted to ensure that they were kept together and not mixed up or damaged in the large amounts of paper Mr. Agaj had provided us with.

8. Alison Gregoire kept the documents and the bag of paystubs on her desk until Mr. Agaj returned to pick them up.

9. On April 14, 2025, Mr. Agaj again came into the Gloucester office to provide RLG with more documents.

10. On that date, both I and Alison Gregoire were present in the Gloucester office. We returned the pay stubs to him on that date. Ms. Gregoire also attempted to return the first set of documents that we had then finished reviewing and scanning to Mr. Agaj.

11. Upon his departure from the office that day, Ms. Gregoire informed me that Mr. Agaj refused to take the remaining documents, and only took the paystubs. She informed me that he stated all of the documents were copies, and he had additional copies already.

12. I directed Ms. Gregoire to return the documents to Mr. Agaj during his next office visit, as we did not need the physical copies in our possession, and could not destroy them. Ms. Gregoire kept the documents in a box to later return to Mr. Agaj.

//
//
//
//
//

13. Upon my return from maternity leave, and upon becoming apprised of Mr. Agaj's request for his purported paper files, although I did not believe RLG had retained any, I nevertheless undertook a thorough search of RLG's office for any such files. This search confirmed my prior belief that all such files were returned to him and that there are no remaining physical documents belonging to Mr. Agaj in RLG's possession.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/15/2025

By: _____
Cassidy Flavin