UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVENIR AGAJ,<br><br>    *Plaintiff*,<br><br>v.<br><br>BOSTON COLLEGE,<br><br>    *Defendant*. | Civil Action No. 1:24-CV-10884-JEK |

## DEFENDANT TRUSTEES OF BOSTON COLLEGE'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 12(f), Defendant Trustees of Boston College ("Boston College" or "BC") respectfully moves this Court to strike portions of Plaintiff Avenir Agaj's ("Plaintiff" or "Agaj") Motion to Void the Protective Order, Statement of Position, Motion to Determine and Discharge Attorneys Lien Jay M. Wolman of Randazza Legal Group PLLC, and Affidavit of Fact in Support of Motion to Determine and Discharge Attorneys Lien Jay Wolman of Randazza Lega Group PPLC.  ECF 97, 91, 103, 104.

### RELEVANT FACTUAL BACKGROUND

1.	On April 5, 2024, Plaintiff filed his Affidavit of Fact with this Court.  ECF 1.

2.	On February 19, 2025, Attorney Jay Wolman filed a Notice of Appearance on behalf of Plaintiff.  ECF 67.

3.	On July 1, 2025, Attorney Wolman filed a Motion to Withdraw and Motion to Stay All Proceedings Pending Withdrawal and Obtaining New Counsel.  ECF 77.  On July 7, 2025, the Court granted the Motion to Withdraw and stayed the matter for 60 days to allow the Plaintiff time to retain new counsel.  ECF 86.

4. On July 11, 2025, Plaintiff filed his Statement of Position. ECF 91. On July 15, 2025, Boston College filed its Response and Request to Strike Plaintiff's Statement of Position. ECF 92.

5. On September 9, 2025, Plaintiff filed his Motion to Void the Protective Order. ECF 97.

6. On September 10, 2025, Plaintiff filed his Motion to Determine and Discharge Attorneys Lien Jay M. Wolman of Randazza Legal Group PLLC ("Motion to Discharge") and Affidavit of Fact in Support of Motion to Determine and Discharge Attorneys Lien Jay M. Wolman of Randazza Legal Group PLLC ("Affidavit of Fact"). ECF 103, 104.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 12(f), a party may move to strike "from a pleading any ... redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This Court has "considerable discretion" to strike such material. Alvarado-Morales v. Digital Equipment Corporation, 843 F.2d 613, 618 (1st Cir. 1988). Statements "are immaterial because they have 'no essential or important relationship to the claim for relief or the defenses being pleaded' and are impertinent because they 'do not pertain, and are not necessary, to the issues in question.'" McLeod v. Fessenden Sch., 626 F. Supp. 3d 220, 222 (D. Mass. 2022) (quoting Wright & Miller, 5C Federal Practice & Procedure, § 1382 (3d ed.)). Finally, "[s]candalous matter constitutes statements that 'improperly cast[ ] a derogatory light on someone.'" Autila v. Mass. Bay Transp. Auth., 342 F.R.D. 23, 31 (D. Mass. 2022) (quoting Carney v. Town of Weare, Civil No. 15-cv-291-LM, 2016 WL 320128, at *5 (D.N.H. Jan. 26, 2016)).

I. **Plaintiff's Filings Contain Immaterial, Impertinent, or Scandalous Information That Should be Stricken**

In several recent filings, including Plaintiff's Motion to Void the Protective Order,

2

Plaintiff has included scandalous, immaterial and impertinent allegations regarding a former Boston College employee, current outside counsel, and Agaj's own counsel. Specifically, the Exhibit to Plaintiff's Motion to Void the Protective Order contains an email from Plaintiff to his prior counsel, Attorney Jay Wolman, wherein Plaintiff falsely accuses a former Boston College employee, and Boston College's current counsel, of perjury and submission of forged documents in a matter previously adjudicated in Boston College's favor in Newton District Court. ECF 97-1, pp. 2-3. Plaintiff reiterates these same false statements in his Statement of Position filed on July 11, 2025, which Boston College moved to strike (ECF 91, p. 5; ECF 92), and his Affidavit of Fact in Support of Motion to Determine and Discharge Attorneys Lien Jay Wolman of Randazza Lega Group PPLC ("Affidavit of Fact"), filed on September 10, 2025. ECF 104, pp. 8-9. In another recent filing, Plaintiff's Motion to Discharge, Plaintiff states without factual basis that Boston College's counsel bribed his former counsel. ECF 103, p. 2.

These statements are clearly scandalous in that they accuse a former Boston College employee and current attorney of perjury and/or bribery.[1] "Where, as here, irrelevant allegations threaten to cast a private individual in a derogatory light . . . Rule 12(f) is used to 'purge the court's files and protect the person who is the subject of the allegations.'" Gauthier v. United States, No. CIV.A. 4:10-40116, 2011 WL 3902770, at *12 (D. Mass. Sept. 2, 2011) (striking offensive material from the record where it was unsupported and irrelevant to the action) (quoting In re Gitto Glob. Corp., No. CIV.A. 05-10334-DPW, 2005 WL 1027348, at *9 n.9 (D.

---

[1] Attorney Wolman opposed the Motion to Discharge, stating in part: "Without evidentiary basis, Mr. Agaj falsely claims that his prior counsel colluded with and was bribed by Boston College. These allegations are purely based on his own imagination and have no rational foundation. It is disheartening that Mr. Agaj reiterated this baseless accusation in his declaration made under penalty of perjury (ECF 104-1). There was no collusion, and there was no bribe." ECF 106, (citing ECF 106-1 (Wolman Decl.) at ¶ 3).

3

Mass. May 2, 2005), aff'd, 422 F.3d 1 (1st Cir. 2005)). The material in question is also prejudicial to the subjects of the statements and to Boston College. See Xerox Corp. v. ImaTek, Inc., 220 F.R.D. 244, 245 (D. Md. 2004) (granting motion to strike where plaintiff would be prejudiced by the additional and unnecessary costs required to respond to defendant's wholly irrelevant allegations).

Not only are the statements scandalous, but they are impertinent and immaterial to the current lawsuit. The Newton District Court action to which Plaintiff refers involved claims of Wage Act violations, and related allegations, against Boston College. On June 8, 2023, after a trial, the Newton District Court entered judgment in Boston College's favor on Agaj's claims. Ex. 1, p. 2. On August 16, 2023, and on May 3, 2024, the trial court denied Agaj's motions for a new trial. Id. The claims and issues litigated in that case are now barred by res judicata. Accordingly, any statements or allegations regarding the Wage Act action are immaterial as they have no relationship to the cause of action pled in this case -- religious discrimination -- and are impertinent as they do not pertain to the issues in question in this case. See Hasan v. Educ. Comm'n for Foreign Med. Graduates, No. 24-CV-10438-DJC, 2024 WL 5008882, at *3 (D. Mass. Dec. 6, 2024) (striking paragraphs from motion to dismiss "that appear to bear no relationship to [plaintiff's] allegations"); Sheffield v. City of Bos., 319 F.R.D. 52, 55-56 (D. Mass. 2016) (striking material that is "irrelevant to plaintiff's case" and "unrelated to plaintiff's claims"); Impulse Commc'ns, Inc. v. Uplift Games, LLC, No. 24-CV-166-JJM-LDA, 2024 WL 5202077, at **6-7 (D.R.I. Dec. 23, 2024) (striking immaterial allegations beyond the scope of plaintiff's claim).

The Plaintiff's "*pro se* status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see Local Rule

4

83.5.5(d) ("[a] pro se party is required to comply with these local rules of this Court.")  Boston College requests that this Court remind Plaintiff of those obligations, and to strike the scandalous, impertinent and immaterial statements from the Motion to Void, Statement of Position, Motion to Discharge, and Affidavit of Fact pursuant to Fed. R. Civ. P. 12(f).

## CONCLUSION

Wherefore, Defendant Trustees of Boston College respectfully requests this Court strike Plaintiff's statements, identified above, appearing in ECF 97-1, pp. 2-3; ECF 91, p. 5; ECF 103, p. 2; and ECF 104, pp. 8-9.

Respectfully submitted,

TRUSTEES OF BOSTON COLLEGE

By its attorneys,

*/s/ Alan D. Rose*
Alan D. Rose (BBO # 427280)
Meredith Wilson Doty (BBO # 652220)
Rose Law Partners LLP
One Beacon Street, 23rd Floor
Boston, Massachusetts 02108
Telephone: (617) 536-0040
Facsimile: (617) 536-4400
adr@rose-law.net
mwd@rose-law.net

Date: September 23, 2025

## CERTIFICATE OF SERVICE

      I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants

                                                    /s/ Alan D. Rose  
                                                    Alan D. Rose

Date: September 23, 2025