**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| AVENIR AGAJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-CV-10884-JEK |
| | ) | |
| BOSTON COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT TRUSTEES OF BOSTON COLLEGE'S OPPOSITION TO PLAINTIFF
AVENIR AGAJ'S MOTION TO VOID THE PROTECTIVE ORDER**

Defendant Trustees of Boston College ("Boston College") respectfully submits this
Opposition to Plaintiff Avenir Agaj's ("Plaintiff" or "Agaj") Motion to Void the Protective
Order. The Protective Order was agreed to by both parties and entered as an Order by this Court
on June 5, 2025. Now that Plaintiff's counsel has withdrawn, Plaintiff argues that he disagreed
with his counsel's decision to agree to the Protective Order and seeks to void it after the fact.
The Protective Order was designed, as agreed, to facilitate the discovery process and protect the
information of both parties, including information pertaining to Plaintiff's private religious
beliefs. Voiding the Protective Order would prejudice Boston College, which has produced over
900 pages of documents as "Confidential" pursuant to the Protective Order, and will likely so
designate depositions and other information as needed during discovery. Plaintiff's dispute with
his prior counsel does not serve as adequate grounds to void a Court order and is not a subject
properly before this Court.

**RELEVANT FACTS**

1.     On December 20, 2024, this Court entered a Scheduling Order in this matter,

setting the following deadlines for fact discovery:

- Initial Disclosures to be completed by 1/31/2025
- Amendment to Pleadings due by 2/21/2025
- All requests for production of documents and interrogatories must be served by 3/21/2025
- All requests for admission must be served by 5/16/2025
- All depositions, other than expert depositions to be completed by 6/23/2025
- Fact Discovery must be completed by 6/30/2025

2.      On February 12, 2025, Boston College served its First Set of Interrogatories, and First Request for Production of Documents on Plaintiff.

3.      On February 19, 2025, Attorney Jay Wolman entered an appearance on behalf of Plaintiff.

4.      On March 14, 2025, Plaintiff served his Answers and Objections to Defendant's First Set of Interrogatories and Responses and Objections to Defendant's Requests for Production of Documents.  That same day, Plaintiff served Plaintiff's First Set of Interrogatories and First Request for Production of Documents to Boston College.

5.      On March 21, 2025, Boston College served its Second Set of Interrogatories and Second Request for Production of Documents to Plaintiff.

6.      On March 31, 2025, Plaintiff's counsel assented to Boston College's request for an extension from April 14 to May 5, 2025 to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.  Boston College extended the same three-week extension to Plaintiff for purposes of responding to Boston College's Second Request for Production of Documents and Second Set of Interrogatories, if needed.

7.      On May 2, 2025, Plaintiff served his Answers and Objections to Defendant's Second Set of Interrogatories and Responses and Objections to Defendant's Second Requests for Production of Documents.

8.      On May 5, 2025, Boston College's counsel requested a short, two-day extension, until May 7, 2025, to respond to Plaintiff's First Request for Production of Documents and First Set of Interrogatories, to which Plaintiff's counsel agreed.

9.      On May 7, 2025, Boston College served its Answers and Objections to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's First Set of Requests for Production of Documents upon Plaintiff's counsel.  With its responses, Boston College also served a draft Joint Motion for Protective Order and Proposed Protective Order and advised Plaintiff's counsel that it was prepared to begin its rolling production pending the parties' agreement on a protective order.

10.     On May 30, 2025, Plaintiff's counsel sent Plaintiff's revisions to the draft Protective Order to Boston College's counsel.

11.     On June 2, 2025, Boston College's counsel emailed a red-lined version of the Motion for Protective Order to Plaintiff's counsel, adopting Plaintiff's edits and proposing one change. In its email, Boston College's counsel stated that if the change was acceptable, it would file the Protective Order with the Court.

12.     That same day, Boston College sent its first production of documents, which contained non-confidential documents, to Plaintiff's counsel, bates labeled BC000001-BC000909.

13.     On June 3, 2025, Plaintiff's counsel accepted Boston College's proposed edit to the Protective Order and requested that Boston College's counsel affix his electronic signature and file.

14.     On June 5, 2025, Boston College filed the Joint Motion for Protective Order. ECF 68.

15.     On June 5, 2025, the Court granted the Joint Motion for Protective Order and

entered a Protective Order.  ECF 69, 70.

16.    On June 12, 2025, Boston College sent its second production of documents, containing documents designated as "Confidential" under the Protective Order to Plaintiff's counsel, bates labeled BC000910-BC001817.

17.    On June 9, 2025 and June 27, 2025, Boston College filed two Joint Motions for Extension of Time, to July 15, 2025 and then to July 29, 2025, to accommodate the parties' scheduled depositions. The Court granted both motions.  ECF 71, 72, 74, 75.

18.    On July 1, 2025, Attorney Wolman filed a Motion to Withdraw and Motion to Stay All Proceedings Pending Withdrawal and Obtaining New Counsel.  ECF 77.  On July 7, 2025, the Court granted the Motion to Withdraw and stayed the matter for 60 days to allow the plaintiff time to retain new counsel.  ECF 86.

19.    On September 10, 2025, the parties appeared before the Court for a Status Conference.  The Court extended discovery until January 15, 2026 and advised the parties that a revised Scheduling Order would be entered following the conference.

## **ARGUMENT**

I.    **The Protective Order Governs Documents Already Produced In This Matter And Cannot Be Voided After The Fact**

As set forth above, the Protective Order was negotiated between counsel to the parties over a one-month period, from May 7 – June 3, 2025.  Both parties agreed to it.  It was filed with this Court on June 5, 2005 and approved the same day.

The Protective Order facilitates the discovery process and protects the information of both parties, including information pertaining to Plaintiff's private religious beliefs.  Boston College produced documents pursuant to the Protective Order, over 900 pages of which have been marked "Confidential."  Boston College will likely designate deposition testimony and

4

additional documents and/or information moving forward in discovery as "Confidential" to protect them from disclosure outside of this litigation.[1]  The Protective Order cannot now be "voided" after the fact.  Doing so would destroy the protection the parties agreed to afford those documents and information that have been shared, and will be shared, as discovery proceeds.  It will also further complicate and delay depositions -- the only fact discovery which has not been completed -- in this matter.

Mr. Agaj's disagreement with his prior counsel's decision to sign the Motion for Protective Order is not grounds to void it.  See Acevedo-Garcia v. Vera-Monroig, 368 F.3d 49, 58 (1st Cir. 2004) ("a party is not free to violate a court order simply because it believes (correctly or not) that the order is invalid")(citations omitted).  Plaintiff is bound by the decisions of his lawyer.  Ojeda-Toro v. Rivera-Mendez, 853 F.2d 25, 30 (1st Cir. 1988).  Moreover, the Protective Order in no way prejudices Plaintiff.[2]   For these reasons, the Motion to Void the Protective Order should be denied.

---

[1] Indeed, Agaj's public filings in this matter include demonstrably false allegations and privileged attorney-client communications.  See ECF 109, 110. (Defendant Trustees of Boston College's Motion to Strike and supporting Memorandum).  Without a Protective Order in place, Boston College has no means to prevent private or confidential material from being filed on the public docket.

[2] It is not this Court's obligation to rectify issues Plaintiff has with his prior representation, particularly where there is no prejudice to Plaintiff. As stated in Attorney Wolman's Opposition to Agaj's Motion to Determine and Discharge Lien:  "[Agaj's] one complaint was that Mr. Wolman assented to a standard confidentiality protective order, an order that ensured that anything improperly designated as confidential could have that designation contested. Per Mass. R. Prof. Cond. 1.2(a), a lawyer does not violate his duties 'by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his or her client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.' The entry of a standard confidentiality order was a reasonable request that caused no prejudice to Mr. Agaj and he identifies none. Mr. Agaj remains free to challenge any designation, and the confidentiality order does not create automatic sealing of any documents designated as confidential."  ECF 106, pp. 3-4.

## CONCLUSION

Wherefore, Defendant Trustees of Boston College respectfully requests this Court deny Plaintiff Avenir Agaj's Motion to Void the Protective Order.

Respectfully submitted,

TRUSTEES OF BOSTON COLLEGE

By its attorneys,

*/s/ Alan D. Rose*
Alan D. Rose (BBO # 427280)
Meredith Wilson Doty (BBO # 652220)
Rose Law Partners LLP
One Beacon Street, 23rd Floor
Boston, Massachusetts 02108
Telephone: (617) 536-0040
Facsimile: (617) 536-4400
adr@rose-law.net
mwd@rose-law.net

Date: September 23, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants.

*/s/ Alan D. Rose*
Alan D. Rose

Date: September 23, 2025