UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON COLLEGE, )<br>)<br>    Defendant. )<br>)<br>) | Civil Action No. 24-CV-10884-JEK |

ORDER ON PLAINTIFF'S MOTION TO DETERMINE
AND DISCHARGE ATTORNEY'S LIEN
[Docket No. 103]

November 12, 2025

Boal, M.J.

  Unrepresented Plaintiff Avenir Agaj has moved to determine and discharge an attorney's lien.[1] For the following reasons, I deny the motion without prejudice.

I.  FACTUAL AND PROCEDURAL BACKGROUND

  Agaj worked for Defendant Boston College as a landscaper until he was terminated for refusing, on religious grounds, to be vaccinated against COVID-19, in violation of the College's policy. See Docket No. 1 at 1–2. On April 5, 2024, Agaj filed this action. Id. On February 19, 2025, Attorney Jay L. Wolman filed a notice of appearance on behalf of Agaj. Docket No. 67. On July 1, 2025, Attorney Wolman moved to withdraw, citing a breakdown in the attorney-client relationship, and Judge Kobick granted the motion. See Docket Nos. 77, 86. That same

---

[1] On September 24, 2025, Judge Kobick referred this case to the undersigned for all pretrial proceedings and report and recommendation on dispositive motions. Docket No. 114.

day, Attorney Wolman filed a notice of attorney's lien pursuant to M.G.L. c. 221, § 50.  Docket No. 78.

On September 10, 2025, Agaj filed a Motion to Determine and Discharge Attorney's Lien.  Docket No. 103.  Specifically, the motion contends that this Court should discharge the attorney's lien because (1) Attorney Wolman was negligent in his legal representation, and (2) Attorney Wolman's withdrawal was voluntary and unjustifiable.  Id. at 1-3.  Attorney Wolman filed an opposition.  Docket No. 106.

II.     ANALYSIS

In Massachusetts, attorneys have a statutory right to assert a lien securing compensation for their services.  See M.G.L. c. 221, § 50.  The statute provides, in pertinent part:

> From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom.

Id.  However, an attorney's lien "exists only on proceeds obtained by the client in the underlying proceeding; consequently, if there are no such proceeds, there is no lien."  Curly Customs, Inc. v. Pioneer Fin., 62 Mass. App. Ct. 92, 97 (2004).

Here, the action remains ongoing.  There is no judgment or settlement.  Therefore, no attorney's lien exists at this time, rendering any motion to determine the attorney's lien premature.  See id. at 97-98 (agreeing with the trial judge's conclusion that the motion to determine an attorney's lien is premature until a party has prevailed and there are proceeds to which the lien can attach); see also City of Beverly v. Bass River Golf Mgmt., Inc., 23-P-1256,

2025 WL 782731, at *3 (Mass. App. Ct. Mar. 12, 2025).  Nor is it appropriate to discharge any potential lien at this time.

III.     CONCLUSION

Accordingly, the motion is denied without prejudice.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

.