UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ, | ) |
|           Plaintiff, | ) |
| v. | ) Civil Action No. 24-CV-10884-JEK |
| BOSTON COLLEGE, | ) |
|           Defendant. | ) |

ORDER ON PLAINTIFF'S MOTION TO VOID PROTECTIVE ORDER
[Docket No. 97]

November 12, 2025

Boal, M.J.

Unrepresented Plaintiff Avenir Agaj has moved to void the protective order in this case.[1] For the following reasons, I deny the motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Agaj worked for Defendant Boston College as a landscaper until he was terminated for refusing, on religious grounds, to be vaccinated against COVID-19, in violation of the College's policy. See Docket No. 1 at 1–2.

On April 5, 2024, Agaj filed this action. Id. On February 19, 2025, Attorney Jay L. Wolman filed a notice of appearance on behalf of Agaj. Docket No. 67. On March 14, 2025, Agaj, through Attorney Wolman, served his First Set of Interrogatories and Request for Production of Documents on Boston College. Docket No. 111 at 2. Boston College responded on May 7, 2025. Id. at 3.

---

[1] On September 24, 2025, Judge Kobick referred this case to the undersigned for all pretrial proceedings and report and recommendation on dispositive motions. Docket No. 114.

1

Along with its discovery responses, Boston College proposed a joint protective order to facilitate the exchange of confidential information. See id. After several revisions, the parties' attorneys agreed on a joint protective order. Id. at 3-4. Boston College filed the joint motion for a protective order, which Judge Kobick granted. Docket No. 70. Thereafter, Boston College produced approximately 900 pages of documents designated as confidential. See Docket No. 111 at 4.

On July 1, 2025, Attorney Wolman moved to withdraw, citing a breakdown in the attorney-client relationship, and Judge Kobick granted the motion. Docket Nos. 77, 86. On September 9, 2025, Agaj filed a motion to void the protective order, which Boston College opposed.[2]  Docket Nos. 97, 111.

II.    ANALYSIS

Agaj contends that this Court should void the protective order because he did not personally consent to it. Docket No. 97 at 2. He also claims that Attorney Wolman acted against his wishes and accuses him of collusion with Boston College. Id.

Each party "is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (internal quotation marks omitted). This principle extends to strategic agreements made by counsel during the course of the litigation. See Reddy v. Lowe's Companies, Inc., No. 13-cv-13016-IT, 2015 WL 12964337, at *1 (D. Mass. Nov. 9, 2015) (finding that the plaintiff's disagreement with her former counsel on the handling of confidential information "is immaterial because a party is deemed bound by the

---

[2] Boston College has also moved to strike portions of Agaj's motion. Docket No. 109. This Court will address that request in a separate order.

2

acts of her lawyer-agent." (internal quotation marks omitted)); Medal Knitwear, Inc. v. Ji Hoon Jung, No. 10-CV-802, 2011 WL 96522, at *1 (E.D.N.Y. Jan. 11, 2011) (denying the pro se plaintiff's request to reopen the case, which was dismissed after the parties agreed to binding arbitration, notwithstanding the plaintiff's contention that he did not authorize his attorneys to consent to arbitration).

Here, although Agaj maintains that he objected to the protective order, there is no dispute that his attorney agreed to it. See Docket No. 97-1 at 3, 6. Agaj's attorney signed the proposed protective order and jointly moved for its endorsement by Judge Kobick. Docket Nos. 68, 70. Relying on that agreement, Boston College has produced documents designated as confidential. See Docket No. 111 at 4. If this Court were to vacate the protective order now, it would unfairly prejudice Boston College. In contrast, Agaj suffers little prejudice. While his use of the documents is restricted, he remains free under the terms of the protective order to challenge any confidentiality designation by Boston College. See Docket No. 70 at 6.

III. CONCLUSION

For the foregoing reasons, this Court denies the motion.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE