Case 1:24-cv-10884-JEK  Document 120  Filed 12/15/25  Page 1 of 5
Case 1:24-cv-10884-JEK  Document 117  Filed 11/12/25  Page 1 of 5
Agaj v. Boston College                                                                    Doc. 117

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 24-CV-10884-JEK |
| v. ) | |
| ) | |
| BOSTON COLLEGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MOTION TO RECONSIDER BY AVENIR AGAJ PRO SE.

ORDER ON PLAINTIFF'S MOTION TO VOID PROTECTIVE ORDER

Regarding the docket number

[Docket No. 97]

November 12, 2025 Boal,

M.J.

Unrepresented Plaintiff Avenir Agaj has moved to void the protective order in this case.[1]

For the following reasons, I deny the motion.

_____

[1] On September 24, 2025, Judge Kobick referred this case to the undersigned for all pretrial proceedings and report and recommendation on dispositive motions. Docket No. 114.

OBJECTION AND DISPUTED FACTS BY AVENIR AGAJ .

1) THIS DECISION TO DENY MOTION WAS TAKEN ON 11/12/2025 AND WAS NOT SENT OR COMMUNICATED TO ME BY THE COURT.   WHY??? I ASK THE COURT TO SHOW CAUSE FOR IT.WHY I WAS NOT GIVEN THE OPPORTUNITY TO RESPOND IN A TIMELY MANNER???

I. FACTUAL AND PROCEDURAL BACKGROUND AND DISPUTED FACTS BY AVENIR AGAJ.

Agaj worked for Defendant Boston College as a landscaper until he was terminated for refusing, on religious grounds, to be vaccinated against COVID-19, in violation of the College's policy.  See Docket No. 1 at 1–2.

On April 5, 2024, Agaj filed this action. Id. On February 19, 2025, Attorney Jay L. Wolman filed a notice of appearance on behalf of Agaj.  Docket No. 67.  On March 14, 2025, Agaj, through Attorney Wolman, served his First Set of Interrogatories and Request for Production of Documents on Boston College.  Docket No. 111 at 2.  Boston College responded on May 7, 2025. Id. at 3.

FACTS TO ADD!

1)THIS VIOLATES CLEARLY PURSUANT TO FEDERAL RULE OF CIVIL 33 AND LOCAL RULE 33.1   PAST THE 30 DAYS TO RESPOND. THE COURT SHOULD HAVE SANCTION THE DEFENDANT BOSTON COLLEGE BECAUSE OF THIS AND BECAUSE THEY FAILED TO PRODUCE ANY DOCUMENTS WITH THE RESPONSES.

Along with its discovery responses, Boston College proposed a joint protective order to facilitate the exchange of confidential information.  See id. After several revisions, the parties' attorneys agreed on a joint protective order. Id. at 3-4.  Boston College filed the joint motion for a protective order, which Judge Kobick granted.  Docket No. 70.  Thereafter, Boston College produced approximately 900 pages of documents designated as confidential.  See Docket No. 111 at 4.

2

DISPUTED FACTS BY AVENIR AGAJ.

I AVENIR AGAJ state the following facts:

1) Not only i have NOT received 900 pages of documents that BOSTON COLLEGE claims to have sent to my FORMER attorney JAY M. WOLMAN at Randazza LEGAL GROUP but they have clearly refused to give me back my original documents and evidence that i have shared with them.
2) I HAVE NOT DISCOVERED NOTHING SO FAR FROM THE DEFENDANT BOSTON COLLEGE because my FORMER ATTORNEY IS INTENTIONALLY WITHOLDING THE INFORMATION RECEIVED.THERE FORE I HAVE NO PROVE THAT THE DEFENDANT DID PRODUCE 900 PAGES OF DOCUMENTS .I REQUEST THE DEFANDENT CAN PROVIDE A DETAILED INVENTORY OF ALL THE 900 PAGES OF DOCUMENTS SO I CAN HAVE PROVE WHAT TO ASK FOR IN MY POLICE REPORT. I CAN ALSO PROVE THAT I DID NOT RECEIVE 900 PAGES OF DOCUMENTS NEITHER FROM DEFANDENT BOSTON COLLEGE NEITHER FROM RANDAZZA LEGAL GROUP.
3) I CAN NOT DISPUTE ANY OF 900 PAGES OF DOCUMENTS AS CONFIDENTIAL BECAUSE I HAVE NOT RECEIVED THEM, I WOULD LIKE DISPUTE THEM WHEN I RECEIVE THEM.AND YOUR HONOR CAN ISSUE AN ORDER TO RANDAZZA LEGAL GROUP TO PRODUCE THE ALL THE DOCUMENTS RECEIVED.

4) Attorney JAY M WOLMAN shared my personal information with DEFENDANT BOSTON COLLEGE, why was my PERSONAL information shared with the defendant NOT marked CONFIDENTIAL any of it but on the other hand all the information that BOSTON COLLEGE provided is confidential.
DOES CONFIDIALITY WORKS ONE WAY???   So far it is clear who has benefited from it.

5)I clearly stated my opposition to agreeing to the confidentiality order before and after the agreement was signed e-mails to attorney WOLMAN.

6)I asked attorney WOLMAN before his withdrawal to void all the agreements he has made with BOSTON COLLEGE including the confidentiality order he refused!

On July 1, 2025, Attorney Wolman moved to withdraw, citing a breakdown in the attorney-client relationship, and Judge Kobick granted the motion. Docket Nos. 77, 86. On September 9, 2025, Agaj filed a motion to void the protective order, which Boston College opposed.[2] Docket Nos. 97, 111.

---

[2] Boston College has also moved to strike portions of Agaj's motion. Docket No. 109. This Court will address that request in a separate order.

3

FACT TO BE ADDED.

I HAVE NOT RECEVED THE OPPOSING MOTION FROM DEFANDANT BOSTON COLLEGE DOCKET NR 97,111. THERE FORE IS FAILURE TO CONFER AND IS NOT THE FIRST TIME.

FACT TO BE ADDED

THE breakdown attorney –client OCCURED because ATTORNEY WOLMAN MALPRACTICE!  HE CLEARLY BETRAYED ME!!!

AND THAT IS A FACT THAT THIS COURT SHOULD RECOGNIZE!

II.    ANALYSIS

Agaj contends that this Court should void the protective order because he did not personally consent to it. Docket No. 97 at 2. He also claims that Attorney Wolman acted against his wishes and accuses him of collusion with Boston College. Id.

Each party "is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (internal quotation marks omitted). This principle extends to strategic agreements made by counsel during the course of the litigation. See Reddy v. Lowe's Companies, Inc., No. 13-cv-13016-IT, 2015 WL 12964337, at *1 (D. Mass. Nov. 9, 2015) (finding that the plaintiff's disagreement with her former counsel on the handling of confidential information "is immaterial because a party is deemed bound by the acts of her lawyer-agent." (internal quotation marks omitted)); Medal Knitwear, Inc. v. Ji Hoon Jung, No. 10-CV-802, 2011 WL 96522, at *1 (E.D.N.Y. Jan. 11, 2011) (denying the pro se plaintiff's request to reopen the case, which was dismissed after the parties agreed to binding arbitration, notwithstanding the plaintiff's contention that he did not authorize his attorneys to consent to arbitration).
Here, although Agaj maintains that he objected to the protective order, there is no dispute that his attorney agreed to it. See Docket No. 97-1 at 3, 6. Agaj's attorney signed the proposed protective order and jointly moved for its endorsement by Judge Kobick. Docket Nos. 68, 70.

4

Relying on that agreement, Boston College has produced documents designated as confidential. See Docket No. 111 at 4. If this Court were to vacate the protective order now, it would unfairly prejudice Boston College. In contrast, Agaj suffers little prejudice. While his use of the documents is restricted, he remains free under the terms of the protective order to challenge any confidentiality designation by Boston College. See Docket No. 70 at 6.

So is OK for the court that the attorney betrays his client! I have proved that i was betrayed! It is ok for me AVENIR AGAJ TO SUFFER PREJUDICE!

### III. CONCLUSION

For the foregoing reasons, this Court denies the motion.

I AVENIR AGAJ disagrees on your decision and file this motion to reconsider because i WILL suffer prejudice. I was betrayed by my ATTORNEY JAY M. WOLMAN.

I will make it again clear my position to the court that i am not interested in any court, out of court settlement, mediation. I ONLY LOOK FORWARD TO A JURY TRIAL.

/s/ Jennifer C. Boal

U.S. MAGISTRATE JUDGE

JENNIFER C. BOAL

PRO SE AVENIR AGAJ
14 PAUL STREET
BURLINGTON
MA,01803
E-MAIL aviaga10@hotmail.com

PHONE 857-544-0780

DATE 12/15/2025

SIGNED: AVENIR AGAJ
_AVENIR AGAJ_