UNITED STATES DISTRICT COURT

DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ ) | |
| Plaintiff ) | |
| ) | |
| V. ) | Civil ACTION No. 1:24 –CV-10884-JEK |
| ) | |
| BOSTON COLLEGE ) | |
| ) | |
| Defendant ) | |

REPLY IN SUPPORT FOR MOTION TO EXTEND TIME BY

PLAINTIFF AVENIR AGAJ


TO HONORABLE BOAL, M.J


PRO SE.

AVENIR AGAJ.

I OPPOSE

DEFENDANT TRUSTEES OF BOSTON COLLEGE'S OPPOSITION TO PLAINTIFF

AVENIR AGAJ'S MOTION TO EXTEND TIME FOR FACT DISCOVERY AND

MOTION TO VACATE PROTECTIVE ORDER

# Defendant Trustees of Boston College

# Opposition to Plaintiff Avenir Agaj's ("Plaintiff" or "Agaj") Motion to Extend Time for Fact

Discovery and Motion to Vacate Protective Order.

**RELEVANT FACTS are DISPUTED BY ME PLAINTIFF AVENIR AGAJ**

1. On December 20, 2024, this Court entered a Scheduling Order in this matter,

**ANSWEAR**

Which as plaintiff AVENIR AGAJ DISPUTED has been realistic and rejected defendant BOSTON COLLEGE proposal for a timeline and presented my proposal. COURT RECORNDING TRANSCRIPT.

I WAS RIGHT BECAUSE BOSTON COLLEGE VIOLATED THE TIMELINE ORDERED BY THE COURT AND DID NOT PRODUCE THE NEITHER ANSWERS nor DOCUMENTS IN ACCORDANCE WITH THE 3O DAY RULES.

setting the following deadlines for discovery:

Initial Disclosures to be completed by 1/31/2025

Amendment to Pleadings due by 2/21/2025

All requests for production of documents and interrogatories must be served by 3/21/2025

All requests for admission must be served by 5/16/2025

All depositions, other than expert depositions to be completed by 6/23/2025

Fact Discovery must be completed by 6/30/2025

Plaintiff's trial experts must be designated and disclosed 45 days from the end of fact discovery

Defendant to have 30 days from receiving Plaintiffs initial trial expert report to rebut

Defendant's trial experts must be designated and disclosed 90 days after the end of fact discovery

Plaintiff to have 30 days from receiving Defendant's initial trial expert report to rebut

The parties have the right to take a deposition of the other party's expert during the

party's respective rebuttal period

Expert discovery shall end no later than 10/30/2025

Dispositive motions to be filed by 12/19/2025. Oppositions to be filed 21 days after the service of the motion. Replies must be filed 14 days after any opposition, no longer than 8 pages.

ECF 54.

2. On February 12, 2025, Boston College served its First Set of Interrogatories, and First Request for Production of Documents on Plaintiff.

3. On February 19, 2025, Attorney Jay Wolman entered an appearance on behalf of Plaintiff. ECF 67.

4. On March 14, 2025, Plaintiff served his Answers and Objections to Defendant's First Set of Interrogatories and Responses and Objections to Defendant's Requests for Production of Documents. That same day, Plaintiff served Plaintiff's First Set of Interrogatories and First Request for Production of Documents to Boston College.

5. On March 21, 2025, Boston College served its Second Set of Interrogatories and Second Request for Production of Documents to Plaintiff.

6. On March 31, 2025, Plaintiff's counsel assented to Boston College's request for an extension from April 14 to May 5, 2025 to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. Boston College extended the same three-week extension to Plaintiff for purposes of responding to Boston College's Second Request for Production of Documents and Second Set of Interrogatories, if needed.

7. On May 2, 2025, Plaintiff served his Answers and Objections to Defendant's

Second Set of Interrogatories and Responses and Objections to Defendant's Second Requests for

Production of Documents.

8. On May 5, 2025, Boston College's counsel requested a short, two-day extension,

until May 7, 2025, to respond to Plaintiff's First Request for Production of Documents and First.

ANSWER.

I WAS NOT CONSULTED OR INFORMED BY MY FORMER ATTORNEY FOR ANY OF THE EXTENTIONS GRANTED NOR IT WAS COMMUNICATED OR SHOWN PROVE OF ANY SUCH AGREEMENTS.CLEARLY MY ATTORNEY VIOLATED MY RIGHT TO BE INFORMED.

AND MY ATTORNEY SHOULD HAVE FILED A MOTION TO COMPEL TO COURT AGAINST THE DEFENDANT.BUT HE DID NOT BECAUSE THEY HAD AN UNDISCLOSED AGREEMENT WITH BOSTON COLLEGE AND WAS WORKING FOR THEM IN PURSUE OF HES PERSONAL INTEREST AND PROFITS.AND STILL DOES THAT IS CLEAR!!!!

 Expert discovery shall end no later than 10/30/2025

 Dispositive motions to be filed by 12/19/2025. Oppositions to be filed 21 days after

the service of the motion. Replies must be filed 14 days after any opposition, no

longer than 8 pages.

ECF 54.

2. On February 12, 2025, Boston College served its First Set of Interrogatories, and

First Request for Production of Documents on Plaintiff.

3. On February 19, 2025, Attorney Jay Wolman entered an appearance on behalf of

Plaintiff. ECF 67.

4. On March 14, 2025, Plaintiff served his Answers and Objections to Defendant's

First Set of Interrogatories and Responses and Objections to Defendant's Requests for

Production of Documents. That same day, Plaintiff served Plaintiff's First Set of Interrogatories

and First Request for Production of Documents to Boston College.

5. On March 21, 2025, Boston College served its Second Set of Interrogatories and Second Request for Production of Documents to Plaintiff.

6. On March 31, 2025, Plaintiff's counsel assented to Boston College's request for an extension from April 14 to May 5, 2025 to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. Boston College extended the same three-week extension to Plaintiff for purposes of responding to Boston College's Second Request for Production of Documents and Second Set of Interrogatories, if needed.

7. On May 2, 2025, Plaintiff served his Answers and Objections to Defendant's Second Set of Interrogatories and Responses and Objections to Defendant's Second Requests for Production of Documents.

8. On May 5, 2025, Boston College's counsel requested a short, two-day extension, until May 7, 2025, to respond to Plaintiff's First Request for Production of Documents and First

ANSWER

I WAS NOT CONSULTED OR INFORMED BY MY FORMER ATTORNEY Mr JAY M.WOLMAN FOR THIS EXTENTIONS NOR IT WAS COMMUNICATED OR SHOWN PROVE OF ANY SUCH AGREEMENTS. In ANY CASE I WOULD HAVE OPPOSED SUCH AGREEMENTS WITH BOSTON COLLEGE COUNSEL IF WERE TO BE INFORMED THEY KNOW THAT!

AND AGAIN, MY ATTORNEY SHOULD HAVE FILED A MOTION TO COMPEL TO COURT AGAINST THE DEFENDANT.IF HE WERE TO LOOK AT MY INTEREST AS A CLIENT BUT HE NEVER WAS.

15. On September 9, 2025, Plaintiff filed a Motion to Void the Protective Order, which Boston College opposed on September 23, 2025. ECF 97, 111.

16. On September 10, 2025, the parties appeared before the Court for a Status Conference. Plaintiff represented the Court that he was missing documents that his prior counsel had not turned over to him. Ex. A, pp. 7-8. 2 The Court extended discovery until January 15, 2026 to which Plaintiff agreed. Id. at p. 15. The Court advised the parties that a revised Scheduling Order would be entered following the conference.
ANSWER
1) DEFENDAND COUNSEL CAME TO COURT THITH A PROPOSED SCHEDULING ORDER THE WHICH HE DID INTENTIONALY NOT CONFER WITH ME AS PLAINTIFF AND THE JUDGE HON JULIA E. KOBICK REMINDED HIM FOR THE OBLIGATION FOR THE COUNSEL TO CONFER. FOR THAT REASON THE DATE WAS CHANGED BY THE COURT AND A NEW SCHEDULE ORDERED.
2) I DID NOT OPPOSE THAT SCHEDULING ORDER BECAUSE I THOUGHT THE COURT WOULD ALLOW IN FULL MY MOTION TO COMPEL AGAINST RANDAZZA.
3) THE COURT WOULD COMPLY WITH THE OBLIGATION TO KEEP ME INFORMED REGARDING MY CASE WHICH IS CLEAR DID NOT AND FAILED ON THE VERY BASIC DUTY AND ALSO DENYING ME THE RIGHT TO OPPOSE ANY DECISION WITHIN 14 DAYS AND DUE PROCESS.
ON TOP OF THAT I HAVE NOT RECEIVED AN OFFICIAL APPOLOGY FROM THE COURT OF AN TRUTHFULL EXPLANATION WHY DID THAT ACTION OCCURRED.

17. On September 24, 2025, the Court entered a revised scheduling order, setting a deadline of January 15, 2026 for completion of fact discovery. ECF 112.

18. On November 12, 2025, the Court denied Plaintiff's Motion to Void the Protective Order. ECF 117.
ANSWER
CREATING AND SUFFERING PREJUDICE BY THE COURT AS PLAINTIFF.

19. On November 12, 2025, the Court granted in part and denied in part Plaintiff's Motion to Compel Randazza Legal Group. ECF 118. The Court instructed Randazza Legal Group to make Plaintiff's client file available to Plaintiff but denied Plaintiff's request for the original documents.
ANSWER
THE COURT FAILED TO INFORM ME ABOUT ALL THE ORDER AND ALSO DENIED ME THE RIGHT TO OPPOSE WITHIN 14 DAYS .AGAIN VIOLATED MY RIGHT TIO A DUE PROCESS THAT IS CLEAR.

20. On December 15, 2025, Plaintiff filed a Motion to Reconsider the Motion to Void the Protective Order ("Motion to Reconsider"), which Boston College opposed. ECF 122, 124.

ANSWER

OF COURSE YOU OPPOSE BECAUSE YOU ARE THE ONLY ONE BENEFITING FROM IT. MY FORMER ATTORNEY JAY M.WOLMAN SHARED ALL MY PERSONAL DOCUMENS WITH BOSTON COLLEGE AN NONE OF THE WAS MARKED CONFIDENTIAL.
SO CONFIDENTIALITY HAS ALWAYS BEEN GOING ONE WAY.

21. On December 17, 2025, the Randazza Legal Group filed a Notice stating that it had produced to Plaintiff Agaj all documents it had received from Boston College on July 1, 2025, and again on December 15, 2025. ECF 122 p. 3, n.1.
ANSWER.
NOT TRUE THEY HAVE NOT PRODUCED ALL THE DOCUMENTS ALSO .
MANY OF THE IMPORTANT DOCUMENTS I HAVE GIVEN TO RANDAZZA LEGAL GROUP HAVE NOT BEEN RETURNED TO ME ,MANY OF THE DOCUMENTS THAT I GAVE TO RANDAZZA REGARDING MY SMALL  CLAIMS ,NEWTON CASE,SUFFOLK SUPERIOR COURT WERE NEVER SCANED AN THEY HAVE DISAPEARED FOR THE REASON THAT THEY DONT WANT ME TO BRING BACK MY CASE  IN COURT AND I HAVE STILL PROBLEM ACCESSING THE FILES FILES.  EXHIBIT 1

22. On December 22, 2025, Plaintiff served Defendant with a Motion to Extend Time for Fact Discovery and Motion to Vacate Protective Order. ECF 125. Jay Wolman of Randazza 2 True and accurate pages of the transcript of the Status Conference dated September 10, 2025 are attached hereto as Exhibit A.
23. Legal Group, Plaintiff's former counsel, emailed the parties that same day in response to
24. Plaintiff's motion. Ex. B.
25. 23. On December 24, 2025, Plaintiff's Motion to Reconsider was denied. ECF 126.
26. ARGUMENT
27. Boston College submits that an extension of the fact discovery deadline is not warranted.
28. At the September 10, 2025 Status Conference, Plaintiff represented to that Court that he was
29. missing documents that his prior counsel had not turned over to him, and that he wanted to "ask
30. questions" of Boston College. Ex. A, pp. 7-8, 13-14. The Court generously permitted an
31. extension of the discovery deadline – until January 15, 2026 – so that Plaintiff could pursue the,
ANSWER

**NOT TRUE !SEE IN FULL THE COURT TRANSCRIPT.**

**Since September 10, 2025, more than three months ago, Plaintiff has not sought or**

32. requested any further discovery of Boston College. Given his inaction, further extension is not warranted.
ANSWER.
NOT TRUE FACT.
BOSTON COLLEGE COUNSEL ACTIVELY HAS FILED DOCUMENTS WITH THE COURT AND FAILED TO PROVIDE ME WITH COPIES OF THIS DOCUMENTS DURING THIS PERIOD.
33. Court had denied plaintiff's motions to compel discovery and to extend discovery deadlines
34. NOT TRUE!


35. deadline to serve written discovery where deadline had been previously extended).
36. Since September 10, 2025, Plaintiff's Motion to Compel the documents he sought from
37. his prior counsel, Randazza Legal Group ("Randazza"), was granted in part, and Randazza has
38. It confirmed that it has sent him all documents produced by Boston College on July 1, 2025. ECF

39. 118, 122 p. 3, n.1. Randazza has since re-produced such documents on December 15, 2025, and
40. made Plaintiff's original paystubs available to him. ECF 122 p. 3, n.1; ECF 124-1. In response
41. to Plaintiff's present motion, Randazza reiterated that Boston College's documents were made
42. available to Plaintiff between July 1, 2025 until mid-September (when Randazza disabled the
43. link due to Mr. Agaj's public filing of it), and stated that Plaintiff has provided no explanation
ANSWER
HOW COME BOSTON COLLEGE COUNSEL IS MORE INFORMED THAN ME ABOUT MY DOCUMENTS?
I DID NOT COMUNICATE WITH MY FORMER ATTORNEY AND RANDAZZA SINCE SEPTEMBER UNTILL DECEMBER BUT IN THE OTHER HAND IT APPEARS TO ME THEY

**KEEP STILL INFORMING EACHOTHER REGARDIND MY CASE WITHOUT MY APPROVAL OR KNOWLEDGE MOST OF THE TIME.DOES NOT VIOLATE CONFIDENTIALITY?**
**AND PROVE THAT RANDAZZA LEGAL GROUP HAS AND STILL COLLUDES WITH BOSTON COLLEGE COUNSEL AGAINST ME.**

44. for why he did not download the documents during that 2.5 month period. Ex. B. Moreover,
    ANSWER.
    TO DOWNOAD A FILE IS ONE THING TO HAVE ACCESS AND OPEN IT IS ANOTHER THING!HOW COME THERE IS NOT A DOCUMENT MARKED CONFIDENTIAL UNDER AVENIR AGAJ FOLDERS? EXHIBIT 1
45. Plaintiff's motion acknowledges possession of the documents.
46. The documents Boston College produced were responsive to Plaintiff's requests and
47. produced after a thorough search. Plaintiff's belated complaint -- six months after the documents
48. were made available to him -- that there are duplicate pages, blank pages or documents which he, party must produce documents as they are kept in the usual course of business or must organize
49. and label them to correspond to the categories in the request"); Day v. Bos. Edison Co., 150
50. F.R.D. 16, 23 (D. Mass. 1993) ("If a document ... falls within a document request, it must be
51. produced unless an objection based on relevance or privilege or some other ground is asserted").
    ANSWER
    CLEARLY YOU HAVE NOT LABEL THEM , OR THEY HAVE ONLY REFERENCE NUMBERS.
52. Plaintiff has cited no grounds to move to compel or identify what he seeks to compel.
53. Finally, there was no "ex parte" action taken by Defendant; it filed its Opposition in
54. response to Plaintiff's motion and after advising the Court it would do so. Ex. A, p. 26. It filed
55. its motion to strike pursuant to the Court's instruction at the status conference. Id. at pp. 20-21.4
56. 3 Plaintiff also complains of redacted documents. Among other objections, Boston College's document
57. responses specifically objected to the production of information the disclosure of which would require
58. Boston College to violate its obligations under the Americans with Disabilities Act, 42 U.S.C.

59. §§12112(d)(3)(B), (4)(C)(1994) and 29 C.F.R. §1630.14(b)(1)(1998), and the Buckley Amendment, 20
60. U.S.C. § 1232g and 34 CFR Part 99, for example.
61. 4 Defendant's counsel neglected to send its filings dated September 23, 2025 to plaintiff via email after
62. filing via ECF. The defendant's counsel will endeavor to ensure this does not occur again. Defendant
63. reiterates its request for Plaintiff to be provided access to CM/ECF via a personal account to eliminate
ANSWER
THE DEFENDANT COUNSEL REQUEST ON MY BEHALF IS NOT WELCOMED BY ME AS PLAINTIFF AS HE DOES NOT REPRESENT ME OR MY INTEREST ON THIS MATTER SO HE SHOULD MIND HIS BUSINESS. I DONT APPRECIATE HIM INTERFIRING WITH THE RELATION THAT I HAVE WITH THE COURT OR MY FORMER ATTORNEY.THIS HAS HAPPENT TOO MANY TIMES AND IT SHOULD STOP IMMIDEATELY.
64. no prejudice to Plaintiff where the Court denied Boston College's Motion to Strike (ECF 109,
65. 119) and where the Local Rules do not permit the filing of a reply brief as of right. L.R. 7.1.
66. Plaintiff has not articulated any legitimate ground for vacating the Court's order denying his
67. motion to vacate the protective order, or any other order.
68. CONCLUSION
69. Wherefore, Defendant Trustees of Boston College respectfully requests this Court deny
70. Plaintiff Avenir Agaj's Motion to Extend Time for Fact Discovery and Motion to Vacate
71. Protective Order.

ANSWER
THE DEFENDANT COUNSEL FOR BOSTON COLLEGE HAS SUBBMITED AN INACURATE AND REDACTED SCRIPT FROM THE COURT PRECIDINGS. THAT SCRIPT IS NOT IN FULL AND IS DONE WITH THE INTENTION TO DECEIVE AND MISLEAD THE COURT BY THE DEFENDANT COUNSEL OF BOSTON COLLEGE.
THE BEST PARTS ARE LEFT OUT INTENTIONALLY REGARDING
ESPECIALLY THE PART WHERE COUNSEL SHOWS UP WITH A SCHEDULING ORDER WITHOUT CONFERING WITH ME BEFORE HAND.AND THE JUDGE REMINDS HIM OF THE DUTY TO CONFER.
THE PART THAT I SAID THAT I DID NOT GET MY DOCUMENTS BACK AND I WAS RIGHT.

THE PART WHERE I STATE THAT MY MISSING DOCUMENTS WHERE HAND PICKED IN ORDER TO PROVIDE PROOVE OF PURJURY AND THEFT BY BOSTON COLLEGE ECT.
SO, I WOULD SUGGEST YOU HONOR BOAL, M.J. TO VIEW A FULL UNREDACTED TRANSCRIPT IF YOU WERE TO CONSIDER THE FACTS.
ALSO, ON THE 01/02/2025 I HAVE SERVED THE DEFENDAND THE FIRST SET OF INTERREGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS.
THEREFORE, AS IS MY RIGHT IWOULD LIKE TO HAVE THE NECESERY TIME TO RECEIVE THE ANSWERS.
FURTHERMORE, I HAVE STILL TROUBLE ACCESSING THE DOCUMENTS BY RANDAZZA AND I HAVE NOT RECEIVED ALL MY DOCUMENTS BACK.
FURTHERMORE, BOSTON COLLEGE USES COMUNICATIONS BETWEEN ME AND FORMER ATTORNEY AS EVIDENCE FURTHER REINFORCING MY CLAIME THAT THEY HAVE BEEN WORKING TOGETHER AGAINST ME.
JUDGE HONORABLE J. KOBICK WAS CLEAR THAT THE COURT AND OPPOSING COUNSEL SHOULD NOT INTERFERE OR TAKE ANY POSITION ON THE ISSUES BETWEEN PLAINTIFF AND FORMER COUNSEL.AND THEY HAVE BEEN AND THEY ARE AND USING THOSE COMMUNICATIONS AS AN EXHIBIT.
ALSO, I DID CONFER WITH THE OPPOSING COUNSEL BEFORE I SUBMITTED MY MOTION THEY DID NOT ANSWER ON THE RIGHT TIME

IN CONCLUSION
I AVENIR AGAJ REQUEST THE COURT PLEASE GRANT MY MOTION TO EXTENT TIME AS IS MY RIGHT TO GET ALL THE NECESARY ANSWERS AND FACTS AS PLAINTIFF FROM THE DEFENDANT BOSTON COLLEGE.EXHIBIT 2.

AVENIR AGAJ

14 PAUL STREET
BURLINGT0N

MA,01803

857-544-0780

Aviaga10@hotmail.com

RESPECTFULLY   AVENIR AGAJ

SIGNED: AVENIR AGAJ

DATE: 01/07/2025