FILED
IN CLERK'S OFFICE

2026 FEB -2  PM 12:29

DISTRICT OF MASS.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ, <br><br> Plaintiff, <br><br> v. <br><br> BOSTON COLLEGE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:24-CV-10884-JEK <br> ) <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT BOSTON COLLEGE'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF AVENIR AGAJ

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant Boston College ("Defendant" or "BC") hereby requests that Plaintiff Avenir Agaj ("Plaintiff" or "Agaj") produce the following documents that are in his possession, custody, or control for inspection and copying at Rose Law Partners LLP, One Beacon Street, 23rd Floor, Boston, Massachusetts 02108.

### INSTRUCTIONS

1. These requests encompass all documents within the possession, custody, and control of Plaintiff and his agents, representatives, and attorneys. These requests are not limited to documents created by Plaintiff, but rather, they encompass all documents described, regardless of the source.

2. The documents that are produced should be produced as they are kept in the usual course of business or should be organized or labeled to correspond to the categories in the request.

3. For each document described below that is withheld for any reason, please provide a description of the document, its date, its author, the identity of any recipient thereof, the subject matter of the document, and a statement of the grounds upon which you rely in

withholding it.

4. In the event that you have reason to believe that any document requested herein has been lost or destroyed, each such document should be identified by date, author, and subject matter and should be further identified with respect to each paragraph of this request which calls for that document. The reason for any destruction of those documents should be stated.

5. Plaintiff is required to produce, pursuant to this request, every requested document currently known to him that can be located or discovered by reasonably diligent efforts.

6. These requests shall be deemed continuing to the fullest extent permitted by Federal Rule of Civil Procedure 26(e), so that Plaintiff is required to make further supplemental production if he obtains additional responsive documents between the time of initial production and the time of trial.

## DEFINITIONS

1. "You," "your," or "Plaintiff" means Plaintiff Avenir Agaj and all of his representatives acting or purporting to act on his behalf with respect to any matter inquired about herein, including but not limited to all attorneys, consultants, agents, or any other representatives.

2. "Defendant" means Boston College or any person or persons acting on its behalf.

3. "Document" means any writing, as defined by Fed. R. Civ. P. 34, including communications as defined below, and any medium on which information can be entered, stored, or recorded, including original copies of any written, printed, typed, recorded, or graphic matter, sound reproductions, telegrams, telexes, computer disks, computer printouts, memoranda, correspondence, notes, drafts, e-mail, instant messages, electronically stored information, annotations, and any other verbal, numerical, or pictorial rendering, either in Plaintiff's

possession or in the possession of any of his agents, representatives, counsel, or other persons acting or purporting to act on his behalf.

4. "Communication" or "communicate" means any and all written and oral transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including but not limited to conversations, statements, letters, notes, memoranda, bulletins, e-mail, computer entries, and other correspondence.

5. "Concern" or "concerning" means referring to, describing, evidencing, or constituting, as defined in Local Rule 26.5(C)(7).

6. "Complaint" refers to the Affidavit of Fact filed by Plaintiff in the above-captioned action.

7. The terms "and" and "or" shall be construed conjunctively and disjunctively in each production request in order to request the broadest scope of information possible.

8. "Pharmaceutical drug" and "medicinal drug" shall mean any drug to diagnose, cure, treat, or prevent disease, injury, or illness, or to alleviate the symptoms of a disease, injury, or illness.

9. "Vaccine" shall mean any vaccination to diagnose, cure, treat, or prevent disease, injury, or illness, or to alleviate the symptoms of a disease, injury, or illness.

10. "Person" or "persons" shall refer not only to natural persons, but also, without limitation, to firms, partnerships, corporations, associations, unincorporated associations, organizations, businesses, trusts, public entities, parent companies, subsidiaries, divisions, departments, or other units thereof, and/or any other type of legal entity.

11. "Any" shall be understood to include and encompass "all" and vice versa.

12. "Each" shall be understood to include and encompass "every" and vice versa.

## DOCUMENTS REQUESTED

### REQUEST NO. 19

All documents that pertain to, support, or refute your Response to Interrogatory No. 7.

### REQUEST NO. 20

All documents that pertain to, support, or refute your Response to Interrogatory No. 8.

### REQUEST NO. 21

Your vaccination or immunization records dated prior to January 1, 2021, including those available from any public health or state immunization information system.

### REQUEST NO. 22

Your prescription records, pharmacy records and/or medical records, including doctors' reports or nurses' notes, concerning any prescriptions or medications prescribed for you.

### REQUEST NO. 23

All documents and tangible items that you intend to introduce or use at trial.

### REQUEST NO. 24

All documents provided to or received from any witness who may be called to testify in any trial in the above-captioned action.

### REQUEST NO. 25

All documents used by you to respond to or answer any document or interrogatory request served by the Defendant.

### REQUEST NO. 26

To the extent not produced in response to Request Nos. 1 - 25, all documents you may use to support your prosecution of this litigation.

Respectfully submitted,

BOSTON COLLEGE

By its attorneys,

*/s/ Alan D. Rose*
Alan D. Rose (BBO # 427280)
Meredith Wilson Doty (BBO # 652220)
Layth H. Hert (BBO # 713200)
ROSE LAW PARTNERS LLP
One Beacon Street, 23rd Floor
Boston, Massachusetts 02108
Telephone: (617) 536-0040
Facsimile: (617) 536-4400
adr@rose-law.net
mwd@rose-law.net
lhh@rose-law.net

Date: March 21, 2025

## CERTIFICATE OF SERVICE

I, Alan D. Rose, hereby certify that on March 21, 2025, a true copy of the above document was served to Plaintiff's counsel via email:

Jay Marshall Wolman
jmw@randazza.com
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor
Hartford, CT 06103
702-420-2001

*/s/ Alan D. Rose*
Alan D. Rose

Date: March 21, 2025

5