UNITED STATES DISTRICT COURT

DISTRICT COURT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2026 FEB 13  PM 2: 38

_____

|  |  |
|---|---|
| AVENIR AGAJ | ) |
| Plaintiff | ) |
|  | ) |
| V. | ) Civil ACTION No. 1:24 –CV-10884-JEK |
|  | ) |
| BOSTON COLLEGE | ) |
|  | ) |
| Defendant | ) |
|  | ) |

_____)

**MOTION TO RECUSE HONORABLE  MAGISTRATE JUDGE MAGISTRATE JENNIFFER C. BOAL FROM THE Civil ACTION No. 1:24 –CV-10884-JEK AND REQUEST TO VOID ALL THE RULING AND ORDERS ISSUED BY THE MAGISTRATE JUDGE JENNIFER C. BOAL.**


**TO HONORABLE JUDGE JULIA E. KOBICK**

**PRO SE .**

**AVENIR AGAJ**

**REQUEST THE FOLLOWING.**


**1 ) THAT JUDGE MAGISTRATE JENNIFER C. BOAL TO BE IMMEDIATELY REMOVED FROM Full Pretrial with Case Management, Dispositive Motions (ptd) and Reports and Recommendations, FROM THE CASE NAMED ABOVE AND ALL THE PORTION OF THE CASE BE RETURNED FULLY UNDER YOUR COMPETENCE HONORABLE JUDGE JULIA E. KOBICK.**

.

**2) THAT ALL THE ORDERS AND RULING ISSUED BY MAGISTRATE JUDGE JENNIFER C. BOAL BE REVOKED AND VOID FOR THE REASONS STATED BELOW.**

**I PLAINTIFF PRO SE. AVENIR AGAJ PREVIOSLY FILED ON 02/02/2026**

**AFFIDAVIT OF FACT IN SUPPORT MOTION TO RECUSE**

**TO HONORABLE JENNIFER C. BOAL U.S   MAGISTRATE    JUDGE    (11 PAGES)**

**(INCLUDING 3 EXHIBITS)**

**LEGAL STANDARD   /   PURSUANT,**

Two primary statutes in Title 28 of the U.S. Code set the standards:

- **28 U.S.C. § 455: This broad statute requires any federal judge or magistrate to disqualify themselves in any proceeding where their "impartiality might reasonably be questioned". It covers specific conflicts such as personal bias, financial interests, or prior legal involvement in the case.**
- **28 U.S.C. § 144: This specifically addresses actual bias or prejudice. It is triggered when a party files a "timely and sufficient" affidavit stating the judge has a personal bias against them or in favor of an adverse party.**
- **Common Grounds for Recusal**
- **Personal Bias: The judge has a personal prejudice concerning a party or personal knowledge of disputed facts.**
- **athleen M. Devlin, *Disqualification of Federal Judges - Third Circuit Orders District Judge James McGirr Kelly to Disqualify Himself so as to Preserve the Appearance of Justice under 28 U.S.C. 455*, 38 Vill. L. Rev. 1219 (1993).**
- **Available at: https://digitalcommons.law.villanova.edu/vlr/vol38/iss4/13**
- **25.2A. PREJUDICE CONCERNING A PARTY, COUNSEL, OR THE EVIDENCE The most frequently litigated grounds of disqualification are those asserting that the judge has "a personal bias or prejudice concerning a party . . . [or] personal knowledge of disputed evidentiary facts concerning the matter in controversy."20 Generally, such disqualifying "personal" bias or "personal" knowledge must have an extrajudicial origin rather than arising from information gleaned or impressions formed in the performance of the judicial function.21 Thus, cases have held that recusal was not witness in the case in question) may disclose to the parties the basis for his or her disqualification and request that the parties consider a joint waiver of disqualification.**
- **If the claim is not asserted promptly, counsel will generally be found to have**

- acquiesced in the judge's continued participation and will not be heard to raise the issue after the proceedings said in retrospect to have been tainted by judicial bias or prejudice. See, e.g.,
- Commonwealth v. Dane Entertainment Servs., 18 Mass. App. Ct. 446, 448 (1984); Cefalu v.

- Edinburg v. Cavers, 22 Mass. App. Ct. 212, 217 (1986) (recusal after hearings begun only for Compelling reasons); Thomajanian v. Odabshian, 272 Mass. 19, 23–24 (1930). The Court suggested in Commonwealth v. Coyne, 372 Mass. 599, 601 (1977), and Commonwealth v. Zine, 52 Mass. App. Ct. 130, 133 (2001), that filing a waiver of jury trial after the denial of a motion to recuse may amount to a waiver of the motion. Also, when a judge discloses circumstances to counsel that he believes are not disqualifying but that he nonetheless wishes to make known so counsel may voice any objection they may have, an election not to object at that time will in all likelihood preclude later resurrection of the issue. See Thomajanian v. Odabshian, 272 Mass.
- 19, 24 (1930). The bringing of a motion to recuse pretrial may, therefore, be essential to protect the appellate record, for the defendant will not be heard to complain on appeal that prejudicial occurrences at trial were the product of bias and prejudice the grounds of which were known before trial, at least where those occurrences do not rise to the level of reversible error.
- On the other side of the waiver question, counsel may, after full disclosure by the court and consultation with the client, agree that the court may continue to participate in the proceeding, at least where the potentially disqualifying reasons do not fall within Canon
- See also 28 U.S.C. § 455(B)(1).
- 21 See, e.g., Commonwealth v. Adkinson, 442 Mass. 410, 415 (2004); Commonwealth v. Foster, 77 Mass. App. Ct. 444, 448 (2010) (citing Adkinson); Commonwealth v. Clerico, 35
- Mass. App. Ct. 407, 415 (1993) (citing Fogarty v. Commonwealth, 406 Mass. 103, 111 (1989));(citing Adkinson); Commonwealth v. Clerico, 35
- Mass. App. Ct. 407, 415 (1993) (citing Fogarty v. Commonwealth, 406 Mass. 103, 111 (1989));
- ; Commonwealth v. Gogan, 389 Mass. 255, 259 (1983); Commonwealth v.
- Leventhal, 364 Mass. 718, 722 (1974); Kennedy v. Justice of the Dist. Court, 356 Mass. 367,

source" factor applies to construction of 28 U.S.C. § 455(a); judicial rulings require recusal only when they evidence "such deep-seated favoritism or antagonism as would make fair judgment impossible"). While "personal" generally connotes bias or prejudice arising from a personal rather than a judicial basis, findings by a trial judge unsupported by the record are evidence that the judge has relied on extrajudicial sources in making such determinations, indicating personal bias and prejudice." Blizard v. Fielding, 454 F. Supp. 318, 321 (D. Mass. 1978), aff'd enquired despite judicial remarks highly critical of a party's prior conduct in the litigation;22 the judge's earlier expression of his opinion as to a matter to be decided;23 very damaging knowledge acquired by the judge while hearing pretrial motions24 or presiding at prior proceedings involving the same defendant;25 or exposure to otherwise inadmissible evidence.26 However, the fact that prejudicial knowledge was acquired by the judge in his judicial role is not dispositive:27 heightened sensibility is called for sub nom. Blizard v. Frechette, 601 F.2d 1217 (1st Cir. 1979).

## FACTUAL BACKGROUND.

Electronic Clerk's Notes for proceedings held before Magistrate Judge M. Page Kelley: Status Conference

held on 9/10/2025.

The Court notes it previously entered a stay of discovery for 60 days because of the order granting

plaintiff's counsel to withdraw from the case. The Court notes that 60 days has passed, and the stay will belifted. The Court notes the plaintiff's two newly filed motions. The Court informs the plaintiff those motions are not ripe, so it does not intend to hear arguments on those motion today but will handle them when they are briefed. The Court hears from the plaintiff on whether he was able to obtain new counsel. The Court notes the plaintiff does not need counsel to proceed with this case but does note for the plaintiff that he should pursue any avenue he hasn't to obtain counsel if he can. The parties note for the Court there are still outstanding discovery issues and Mr. Agaj's deposition still needs to be conducted. The Court asks the parties if they have conferred about a new discovery schedule. The parties have not conferred regarding anew schedule, but defendant provided to the Court their proposed schedule. The defendant confirms they will be using an expert, but plaintiff

does not at this point intend to use any. The Court reviews the Court's mediation program and informs the parties if at any point during the case they want a referral to the Court's program, they can reach out to the clerk. The Court is not sure if it has jurisdiction to consider the motion at[96] but will handle the motion after it is ripe. The Court will enter a revised scheduling order following the hearing. Attorneys present: Avenir Agaj for himself. Alan D. Rose and Meredith Doty for the Defendant.

Court Reporter: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. (Currie, Haley

The following transaction was entered on 9/24/2025 at 5:05 PM EDT and filed on 9/24/2025

Case Name: Agaj v. Boston College

Case Number: 1:24-cv-10884-JEK

Document Number: 114(No document attached)

Docket Text: District Judge Julia E. Kobick: ELECTRONIC ORDER REFERRING CASE to Magistrate Judge Jennifer C.Boal entered - Referred for: Full Pretrial with Case Management, Dispositive Motions (ptd) and Report and Recommendations - Motions referred to Jennifer C. Boal: [96] MOTION to Compel; [97] MOTION Void  the Protective Order ; [103] MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of

Randazza Legal Group, PLLC; and [109] MOTION to Strike. (Currie, Haley)

The following transaction was entered on 9/24/2025 at 1:00 PM EDT and filed on 9/24/2025

Case Name: Agaj v. Boston College

Case Number: 1:24-cv-10884-JEK

Filer:Document Number: 112(No document attached)Docket Text:

District Judge Julia E. Kobick: REVISED SCHEDULING ORDER entered.

REVISED DEADLINES:

Fact Discovery must be completed by 1/15/2026

Plaintiff's trial experts must be designated and disclosed 45 days from the end of fact discovery Defendant to have 30 days from receiving Plaintiffs initial trial expert report to rebut Defendant's trial experts must be designated and disclosed 90 days after the end of fact discovery Plaintiff to have 30 days from receiving Defendants initial trial

expert report to rebut.The parties have the right to take a deposition of the other party's expert during the party's respective rebuttal period

Expert discovery shall end no later than 5/17/2026

Dispositive motions to be filed by 7/6/2026. Oppositions to be filed 21 days after the service of the motion.

Replies must be filed 14 days after any opposition, no longer than 8 pages. (Currie, Haley)

THAT IS WHERE WE LEFT!

ON 02/02/2026 I PRESENTED A SERIES OF QUESTIONS OF MAGISTRATE JUDGE JENNIFER C.BOAL .

ANALYSIS /QUESTIONS/FACTS

1)Why the court failed to inform me for 2 months?

2)Why the mr .Aaron Hutchins, Esq. Courtroom Deputy to the Hon. Jennifer C. Boal United States District Court District of Massachusetts is not hold accountable for his actions failing to inform me as a party?

3)What objective has this court  regarding my case?

4)Why the court  has not provided me with an credible explanation regarding the matter regarding proceeding  Ex-Parte

5)Why the court has not apologized to me for tort suffered as plaintiff?

6)Why you honorable magistrate judge JENNIFER C.  BOAL , Aaron Hutchins, Esq. Courtroom Deputy to the Hon. Jennifer C. Boal United States District Court District of Massachusetts have not disclosed CONFLICTS OF INTEREST on this case?
7)Why you have created intentionally prejudice against me as plaintiff?

8)Why you have dismissed my lawfully requests to compel my former attorney RGL and opposing counsel E-MAIL Exchanges?

9)Why  you consider my requests though motions untimely even if they are made within and well before the deadlines and according to the rules.

10)Why your YOU refuse to consider my evidence on this case and side defendant counsel and my former counsel?11)Why i am not treated by the court with fairness and egality?

12)Why does the court not abide by her own rules?

13) Why does this court oppose my wish and constitutional right to a JURY TRIAL and want me to go for mediation?

14)Why you HONORABLE JENNIFER C.BOAL would not disclose personal BIAS concerning the plaintiff as a party?

15)What interest does the court in preventing me from continuing with the discovery process?

16) Why did the court not act to prevent the SABOTAGE of the discovery process by DEFENDANT BOSTON COLLEGE and MY FORMER ATTORNEY AT RGL?

On the 02/12/2026 have received a letter from JUDGE MAGISTRATE JENNIFER C.BOAL ELECTRONIC ORDER WHERE SHE REFUSES TO RECUSE HER SELF FROM THE PORTION OF THE CASE STATING THAT MY REQUEST FOR THE RECUSAL DO NOT SATISFIED THE STANDARD AND THEY ARE BASED SOLELY UPON AN UNFAVORABLE RULING AND A CORRECTED CLERICAL ERROR AND NOT ON ANY EVIDENCE OF PERSONAL BIAS OR PREJUDICE.

I PLAINTIFF COMPLETELY DISAGREE WITH THE JUDGES ARGUMETS PRESENTED AND WILL PROVIDE A NUMBER OF FACTS THAT ALL THE RULING ORDERS WERE BASED ON INTENTIONAL BIAS AND PREJUDICE THAT MAGISTRATE JUDGE JENNIFFER BOAL IS UNFIT TO CONTINUE AND HANDLE THIS CASE.

FACTS.

1)JUDGE MAGISTRATE JENNIFER C.BOAL  REFUSES TO ANSWER OR DISCLOSE INFORMATION ON ANY OF THE QUESTION ABOVE REGARDING THE SO CALLED (CLERICAL ERROR) BY LAW???WHY???

DUTY TO DISCLOSE!


2) HONORABLE  MAGISTRATE JUDGE REFUSES TO ANSWER OR DISCLOSE INFORMATION ON ANY QUESTIONS REGARDING THE CONFLICT OF INTERES ON THIS CASE AS REQUIRED BY LAW?WHY???

DUTY TO DISCLOSE

**3) WHY MAGISTRATE JUDGE DOES NOT GRANT ME ACCESS TO PACER SYSTEM  EVEN THOUGH IS MY RIGHT UNDER COURT RULES ?Judicial Conference of the United States policy permits attorneys of record and parties in a case (including PRO SE LITIGANTS ) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**THIS PROVES**

**However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**Through these questions i can demonstrate that the judges IMPARTIALITY is reasonably questioned typically stemming from extrajudicial sources rather than prior rulings.**


**Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying [125] Motion for Extension of Time to Complete Discovery. Plaintiff Avenir Agaj moves to extend the fact discovery deadline to February 23, 2026, to pursue allegedly missing documents and obtain interrogatory responses. Judge Kobick previously extended the discovery deadline for Agaj's pursuit of missing documents. See Docket Nos. [112], [127] at 4. As noted in a subsequent ruling, Agaj's former counsel has since filed two sworn affidavits from current and former paralegals asserting that all original documents were returned to Agaj and none remain in counsel's possession. Docket No. [118]. Accordingly, an extension for this reason does not appear to be appropriate.**

**In addition, in one of his two reply memoranda, Agaj seeks for the first time to serve a second set of interrogatories. Docket No [128]-2. There are a number of problems with this request. Setting aside that it is improper to file two reply of memoranda, the request to serve additional interrogatories should not appear for the first time in a reply. Nevertheless, because Agaj is unrepresented, this Court will not rule based on these reasons alone.**

**This Court notes, however, several additional issues that compel the denial of Agaj's request to serve a second set of interrogatories. First, the request is untimely. See Docket No. [54]. Second, the interrogatories exceed the twenty-five request limit established by Local Rule 26.2(c). Agaj previously served a set of interrogatories on March 14, 2025, to which Boston College responded on May 7, 2025. Docket No [127] at 2-3. In his second set, although Agaj intersperses new interrogatory requests with document requests, the filing contains at least 44 new interrogatories. Even without accounting for the previously answered interrogatory requests, this second set alone**

exceeds the permitted limit. Docket No. [128]-2 at 11-14. Finally, many of the interrogatories are not relevant nor proportional to the needs of the case or are otherwise objectionable. Accordingly, the motion is denied. To the extent that the motion also seeks to vacate the protective order, or serve new document requests, those requests are also denied. <u>See</u> Docket Nos. [117], [126]. (AHH)

Good morning Mr.

Aaron Hutchins, Esq.
Courtroom Deputy to the Hon. Jennifer C. Boal
United States District Court
District of Massachusetts

| | |
|---|---|
| Case Name: | Agaj v. Boston College |
| Case Number: | 1:24-cv-10884-JEK |

I received the documents You mailed Saturday December 20 /2025 .

    I have a few questions to Ask!

    Why i was NOT informed by you or the court for the decisions taken by Honorable Judge Jennifer C.Boal on November 12/2025.

    Please Explain in Detail why i was treated EXPARTE (in writing please )????

    Can you also confirm that i have NOT been contacted or informed in any way by the United States District Court of Massachusetts from September 24 till December 15 /2025.

It looks to me that a lot of things have happened and i was not given the opportunity to respond .

    Looking forward to hear from you! Thank you

    Best Regards.

    Avenir Agaj

Avenir Agaj,

    The court was not aware that you had not received documentation until you brought it to our attention.

**The court will ensure you receive any future correspondence/orders issued by the Court.**

**Aaron Hutchins, Esq.**
**Courtroom Deputy to the Hon. Jennifer C. Boal**
**United States District Court**
**District of Massachusetts**
**1 Courthouse Way - Suite 2325**
**Boston, MA 02210**
**(617) 748-9238**

**Avenir Agaj moves to extend the fact discovery deadline to February 23, 2026, to pursue allegedly missing documents and obtain interrogatory responses. Judge Kobick previously extended the discovery deadline for Agaj's pursuit of missing documents. See Docket Nos. [112], [127] at 4. As noted in a subsequent ruling, Agaj's former counsel has since filed two sworn affidavits from current and former paralegals asserting that all original documents were returned to Agaj and none remain in counsel's possession. Docket No. [118].**

**Answer!**

**1)My former attorney mr JAY M. WOLMAN admitted that he lied on the firsts sworn affidavit. This confirms that not all of my documents were returned to me.EXHIBIT  1**

**2)He did not intentionally provide me with a copy of the first affidavit filing or sworn testimony ECF 105. Instead he said that he did which i dispute as been a truthfull statement.**

**3)I dismiss all the sworn testimonies filed by attorney Mr. JAY M. WOLMAN and his employees as PURJURY and for the fact that when i retrieve my documents none of the persons were physically present. Furthermore, they have filed swore testimonies regarding the facts which later turned to be untrue like the return of all my documents.**

**FOR THESE REASON I MAKE I SWEAR UNDER PENALLTY OF PURJURY THE FOLLOWING STATEMENT :**

**1)THAT NOT ALL MY DOCUMENTS WERE RETURNED TO ME BY RANDAZZA LEGAL GROUP!**

**2) VERY IMPORTANT DOCUMENTS PROVIDED TO RANDAZZA LEGAL GROUP BY ME WERE NOT SCANED AND REMOVED, HIDEN TAMPERED OR DESTROYED INTENTIONALLY TO PREVENT ME FROM BRINGING BACK MY CASE AGAINST THE DEFENDANT BOSTON COLLEGE FOR THEFT AND PURJURY IN SUFFOLK SUPERIOR COURT .**

AFTER RANDAZZA LEGAL GROUP FILED IN COURT A MOTION TO DISMISS WITHOUT PREJUDICE, AFTER THEY DECEIVED AND LIED TO ME THEY FILED ON  MY BEHALF WITH NO WRITEN AGREEMENT, UNDISCLOSED CONFLICT OF INTERESS IN CLEAR VIOLATION OF OUR WRITEN AND SIGNED CONTRACT THE MOTION TO DISSMIS WITHOUT PREJUDICE.

3)THEY ENTERED AN AGREEMENT FOR PROTECTIVE ORDER WITH BOSTON COLLEGE WITHOUT MY CONSENT   .E-MAIL EXCHANGES WERE PROVIDED TO THE COURT

4)THEY INTENTIONALLY HAVE NOT CLASSIFIED ANY OF MY DOCUMENTS PROVIDED TO DEFENDAND BOSTON COLLEGE AS CONFIDENTIAL.

5)THEY INTENTIONALLY PREVENTED ME FROM ACCESSING THE DOCUMENTS PROVIDED BY THE DEFENDANT INCLUDING THE RESPONSES AND INTERRAGATORY FILES INTENTIONALLY SABOTAGING THE DISCOVERY PROCESS WITHOUT NOTICE AND CREATING UNECESSARY DELAYS.

6)PROVIDED ME WITH CORRUPT FILES THAT I COULD NOT OPEN.

7)IN COLLUSION WITH THE DEFENDANT THEY PROVIDED FILES 3-6 PAGES OF THE SAME DOCUMENTS,

BLANK DOCUMENTS PAGES SO THEY COULD MAKE UP THE NUMBERS.

EDITED REDACTED DOCUMENTS.

DOCUMENTS UNRELATED TO THE CASE.

Accordingly, an extension for this reason does not appear to be appropriate.

Answer

YOUR HONOR JUDGE MAGISTRATE HAVE IGNORED ALL THE FACTS THAT I HAVE PRESENTED TO THIS COURT.

In addition, in one of his two reply memoranda, Agaj seeks for the first time to serve a second set of interrogatories. Docket No [128]-2. There are a number of problems with this request. Setting aside that it is improper to file two reply memoranda, the request to serve additional interrogatories should not appear for the first time in a reply. Nevertheless, because Agaj is unrepresented, this Court will not rule based on these reasons alone.This Court notes, however, several additional issues that compel the denial of Agaj's request to serve a second set of interrogatories. First, the request is untimely. See Docket No. [54]. Second, the interrogatories exceed the twenty-five request limit established by Local Rule 26.2(c). Agaj previously served a set of interrogatories on March 14, 2025, to which Boston College responded on May 7, 2025. Docket No [127] at 2-3. In his second set, although Agaj intersperses new interrogatory requests with document requests, the filing contains at least 44 new interrogatories. Even without

accounting for the previously answered interrogatory requests, this second set alone exceeds the permitted limit. Docket No. [128]-2 at 11-14. Finally, many of the interrogatories are not relevant nor proportional to the needs of the case or are otherwise objectionable. Accordingly, the motion is denied.

**ANSWER /ARGUMENT**

1)I previously asked my attorney to ask these questions to SUBMIT the defendant as this document and e- mail prove he did not. EXHIBIT 2

2)FOR 2 MONTHS THE COURT PROCEEDE EX-PARTE AND DID NOT COMMUNICATE WITH ME VIOLATING MY RIGHT AND HER OWN RULES TO KEEP ME INFORMED.

NO EXPLENATION GIVEN!!!!!!!

THIS FACT IS NOT TAKEN TO ACCOUNT BY THE COURT AND IT SHOULD HAVE BECAUSE DURING THIS PERIOD THE COURT RULED ON MY MOTIONS FILED AND DID NOT GIVE ME THE NECESSARY TIME TO OPPOSE THE ORDER AS IS BY THE 14 DAY RULE.

CREATING BY IT SELF UNECESSARY DELAY ON THE PROCEDURE OF THE DICOVERY

THAT IS A FACT!

3)IF IT WASNT FOR ME IS CRYSTAL CLEAR THAT THE COURT HAD THE INTENTION TO PROCEEDE EX-PARTE, POSSIBLY A PROCEDURE THAT WOULD HAVE HAD DEVASTATING CONSEQUENCES ON MY CASE UP TO DISMISSAL. VIOLATING MY RIGHT TO DUE PROCESS.FURTHER THE DEFENDAND BOSTON COLLEGE AND MY FORMER ATTORNEY FILED WITH THE COURT A NUMBER FILINGS AND NEVER PROVIDED A COPY OF THOSE FILINGS TO ME AS PLAINTIFF DURING THAT PERIOD.

4)MY MOTION TO EXTEND TIME WAS NOT UNTIMELY BECAUSE I FILED MY REQUEST FOR INTERRAGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BOSTON COLLEGE SERVED ON 01/02/2026 AND MY MOTION TO EXTEND AND REPLY IN SUPPORT SHORTLY AFTER.IT WAS DONE AFTER I CONFER WITH THE OPPOSING COUNSEL, REGARDING THE MATTER IN ACCORDING TO THE RULES, AND ALSO WAS DONE BEFORE THE DEADLINE OF 01/15/2026 .YOU'RE RULING ON THE CONTRARY YOUR  HONOR J.C.BOAL WAS UNTIMELY AND WAS DONE AFTER THE DEADLINE OF 01/15/2026  AFTER THE DEFENDANT COUNSEL COMMUNICATED.

     Dear Clerk Currie and Clerk Hutchins,

I am emailing regarding Plaintiff's Motion to Extend Time for Fact Discovery and Motion to Vacate Protective Order (ECF 125) which Boston College opposed (ECF 127) in the above-referenced matter.  Plaintiff's motion seeks, in part, to extend the fact

discovery deadline from January 15, 2026 to February 23, 2026.  Could you kindly advise if ECF 125 and 127 have been referred to Magistrate Judge Boal for consideration?  The parties await a determination of that motion as Plaintiff served discovery requests (ECF 128-2) which call for a response from Boston College outside the current fact discovery deadline.

Thank you for your assistance with this matter.

Sincerely, Meredith Doty *Counsel to Trustees of Boston College* ,Meredith Doty AND YOUR HONOR J.C BOAL DECISION WAS TAKEN IMMIDEATELY AFTER THIS E-MAIL. 5)WHEN IT COMES TO 25 QUESTIONS RULE BOSTON COLLEGE VIOLATED THAT RULE.EXHIBIT 3.

6) Finally, many of the interrogatories are not relevant nor proportional to the needs of the case or are otherwise objectionable.

I THOUGHT I HAD THE RIGHT TO ASK WHAT I WANT TO THE DEFENDANT, RELEVANT OR NOT TO THE CASE THAT IT IS MY DECISION AND YOU HAVE NO RIGHT TO COME AT THE DEFENDANT DEFENSE BECAUSE YOU ARE IN VIOLATION OF IMPARTIALITY!!!

MY EXTENTION REQUEST WAS DONE ACCORDING TO THE RULES TO GIVE TIME TO THE DEFENDANT TIME TO ANSWER MY QUESTIONS AS IT WAS MY RIGHT TO DO SO

THEREFORE, YOU INTENTIONALLY HAVE DENIED ME MY LEGAL RIGHT DESPITE KNOWINGLY THAT I WOULD NOT BE ABLE TO TAKE THE DEFENDAND DEPOSITION OR USE THE EXPERT DISCOVERY.

7)YOUR HONOR HAS CREATED PREJUDICE BECAUSE I AM AN UNDERREPRESENTED PARTY AND YOUR GOAL IS TO FORCE ME IN TO MEDIATION BUT I STATE THAT MY POSITION WILL NOT CHANGE AND I REQUEST AND MOVE FORWARD WITH A JURY TRIAL.

I SEEK TRUTH AND JUSTICE NOT CORRUPTION AND BRIBERY!

To the extent that the motion also seeks to vacate the protective order, or serve new document requests, those requests are also denied. See Docket Nos. [117], [126]. (AHH)

I HAVE PROVIDED THE COURT WITH EVIDENCE THAT I DID NOT AGREE TO THE PROTECTIVE ORDER BEFORE AND AFTER IT WAS SIGNED BY MY FORMER ATTORNEY AND THAT AGREEMENT WAS THE RESULT OF MALPRACTICE YOU HAVE DECIDED TO COMPLETELY IGNORE THE FACTS AND ADMITED THAT THAT ORDER CREATED PREJUDICE AGAINST ME AS PLAINTIFF. THIS IS UNACCEPTABLE!

 I ask that HONORABLE U.S. MAGISTRATE JENNIFER C. BOAL TO HAVE THE ETHICAL AND LEGAL OBLIGATION RECUSE YOUR SELF FOM THIS CASE AND RETURN THE CASE TO THE ORIGINALY ASSIGNED HONORABLE U.S. DISTRICT JUDGE JULIA E. KOBICK for the reasons stated above.

MAGISTRATE JUDGE HAS REFUSED TO RECUSE HER SELF FROM THE CASE FURTHER PROVING MY CLAIM THAT SHE IS BIAS AND ACTS WITH PREJUDICE AGAINST ME PLAINTIFF AVENIR AGAJ AND SHE CLEARLY FAVORED THE DEFENDANT BOSTON COLLEGE AT THE POINT THAT BOSTON COLLEGE COUNSEL DOES NOT EVEN NEED TO EDIT A WORD FROM JUDGES ORDER EXHIBIT 1.

IN CONLUSION I WOULD SAY THAT I STRONGLY BELIVE THAT MAGISTRATE JUDGE JENNIFER C. BOAL IS INTENTIONALY PREVENTING ME TO PROCEED WITH DISCOVERY PROCESS AND HAS CLEARLY ACTING AS A SURPLUS ATTORNEY FOR THE DEFENDANT THEREFORE IT MUST GO!!!!

THANK YOU, BEST REGARDS,
RESPECTFULLY SUBMITTED
FOR HONORABLE JUDGE JULIA E. KOBICK

PRO SE.

AVENIR AGAJ.    $AVENiR\ AGAj$

Signed:                        Date 02/13/2026

14 PAUL STREET

BURLINGT0N

MA,01803

857-544-0780

Aviaga10@hotmail.com