# EXHIBIT    1

Generated: Mar 4, 2026 11:59AM

# U.S. District Court

## Massachusetts - Boston

Receipt Date: Mar 4, 2026 11:59AM

Avenir Agaj

Rcpt. No: 100014698          Trans. Date: Mar 4, 2026 11:59AM          Cashier ID: #NB (2799)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 601 | Electronic Printing Fee | : | 900 | 0.10 | 90.00 |

| CD | Tender | | Amt |
|----|--------|--|-----|
| CA | Cash | | $90.00 |
| | | Total Due Prior to Payment: | $90.00 |
| | | Total Tendered: | $90.00 |
| | | Total Cash Received: | $90.00 |

**Comments**: 24CV10884

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

and Mr. Agaj's deposition still needs to be conducted. The Court asks the parties if they have conferred about a new discovery schedule. The parties have not conferred regarding a new schedule, but defendant provided to the Court their proposed schedule. The defendant confirms they will be using an expert, but plaintiff does not at this point intend to use any. The Court reviews the Court's mediation program and informs the parties if at any point during the case they want a referral to the Court's program, they can reach out to the clerk. The Court is not sure if it has jurisdiction to consider the motion at 96 but will handle the motion after it is ripe. The Court will enter a revised scheduling order following the hearing.

Attorneys present: Avenir Agaj for himself. Alan D. Rose and Meredith Doty for the Defendant.
Court Reporter: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com (Currie, Haley)
Modified on 9/11/2025: corrected Judge selected (Currie, Haley). (Entered: 09/10/2025)

| Date | No. | | Description |
|---|---|---|---|
| 09/10/2025 | 99 | | District Judge Julia E. Kobick: ELECTRONIC ORDER LIFTING STAY entered. (Currie, Haley) (Entered: 09/10/2025) |
| 09/10/2025 | 100 | ☑ | EXHIBIT re 96 MOTION to Compel filed by Avenir Agaj by Avenir Agaj. (Currie, Haley) (Entered: 09/10/2025) |
| 09/10/2025 | 101 | | Copy re 98 Clerk's Notes and 99 Electronic Order Lifting Stay handed to after Court emailed to Avenir Agaj on 9/10/2025. (Currie, Haley) (Entered: 09/10/2025) |
| 09/10/2025 | 102 | ☑ | Opposition Motion Response re 19 MOTION to Dismiss Plaintiff Avenir Agaj's Affidavit of Fact and 20 MEMORANDUM in Support filed by Avenir Agaj. (EZG) (Entered: 09/10/2025) |
| 09/10/2025 | 103 | ☑ | MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC by Avenir Agaj. (EZG) (Entered: 09/10/2025) |
| 09/10/2025 | 104 | ☑ | AFFIDAVIT of Fact of Avenir Agaj in Support re 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC filed by Avenir Agaj. (Attachments: # 1 Exhibit) (EZG) (Entered: 09/10/2025) |
| 09/17/2025 | 105 | ☑ | Opposition re 96 MOTION to Compel filed by Randazza Legal Group, PLLC. (Attachments: # 1 Exhibit A - Declaration of Cassidy Flavin, # 2 Exhibit B - Declaration of Alison Gregoire)(Wolman, Jay) (Entered: 09/17/2025) |
| 09/17/2025 | 106 | ☑ | Opposition re 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC filed by Randazza Legal Group, PLLC. (Attachments: # 1 Exhibit A - Declaration of Jay M. Wolman) (Wolman, Jay) (Entered: 09/17/2025) |
| 09/23/2025 | 107 | ☑ | Transcript of Status Conference held on September 10, 2025, before Judge Julia E. Kobick. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. Redaction Request due 10/14/2025 Redacted Transcript Deadline set for 10/24/2025. Release of Transcript Restriction set for 12/22/2025. (DRK) (Entered: 09/23/2025) |

| 09/23/2025 | 108 | | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 09/23/2025) |
|---|---|---|---|
| 09/23/2025 | 109 | ☑ | MOTION to Strike 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order , 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC, 91 Letter/request (non-motion), 104 Affidavit in Support of Motion by Boston College.(Rose, Alan) (Entered: 09/23/2025) |
| 09/23/2025 | 110 | ☑ | MEMORANDUM in Support re 109 MOTION to Strike 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order , 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC, 91 Letter/request (non-moti filed by Boston College. (Attachments: # 1 Exhibit 1)(Rose, Alan) (Entered: 09/23/2025) |
| 09/23/2025 | 111 | ☑ | Opposition re 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order filed by Boston College. (Rose, Alan) (Entered: 09/23/2025) |
| 09/24/2025 | 112 | | District Judge Julia E. Kobick: REVISED SCHEDULING ORDER entered<br><br>**REVISED DEADLINES:**<br>Fact Discovery must be completed by 1/15/2026<br>Plaintiff's trial experts must be designated and disclosed 45 days from the end of fact discovery<br>Defendant to have 30 days from receiving Plaintiffs initial trial expert report to rebut<br>Defendant's trial experts must be designated and disclosed 90 days after the end of fact discovery<br>Plaintiff to have 30 days from receiving Defendants initial trial expert report to rebut<br>The parties have the right to take a deposition of the other party's expert during the party's respective rebuttal period<br>Expert discovery shall end no later than 5/17/2026<br>Dispositive motions to be filed by 7/6/2026. Oppositions to be filed 21 days after the service of the motion. Replies must be filed 14 days after any opposition, no longer than 8 pages. (Currie, Haley) (Entered: 09/24/2025) |
| 09/24/2025 | 113 | | Copy re 112 Revised Scheduling Order emailed to Avenir Agaj on 9/24/2025. (Currie, Haley) (Entered: 09/24/2025) |
| 09/24/2025 | 114 | | District Judge Julia E. Kobick: ELECTRONIC ORDER REFERRING CASE to Magistrate Judge Jennifer C. Boal entered - **Referred for:** Full Pretrial with Case Management, Dispositive Motions (ptd) and Report and Recommendations - **Motions referred to Jennifer C. Boal:** 96 MOTION to Compel; 97 MOTION Void the Protective Order ; 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC; and 109 MOTION to Strike. (Currie, Haley) (Entered: 09/24/2025) |
| 09/24/2025 | 115 | | Copy re 114 Electronic Order Referring Case to Magistrate Judge emailed to Avenir Agaj on 9/24/2025. (Currie, Haley) (Entered: 09/24/2025) |

| 11/12/2025 | 116 | ☑ | Magistrate Judge Jennifer C. Boal: ORDER entered **DENYING** 103 Motion to Determine and Discharge Attorney's Lien (AHH) (Entered: 11/12/2025) |
|---|---|---|---|
| 11/12/2025 | 117 | ☑ | Magistrate Judge Jennifer C. Boal: ORDER entered **DENYING** 97 Motion to Void Protective Order (AHH) (Entered: 11/12/2025) |
| 11/12/2025 | 118 | | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered **GRANTING in part and DENYING in part** 96 Motion to Compel<br><br>Unrepresented Plaintiff Avenir Agaj worked for Defendant Boston College as a landscaper until he was terminated for refusing, on religious grounds, to be vaccinated against COVID-19, in violation of the College's policy. See Docket No. 1 at 12.<br><br>On April 5, 2024, Agaj filed this action. Id. On February 19, 2025, Attorney Jay L. Wolman of Randazza Legal Group (RLG) filed a notice of appearance on behalf of Agaj. Docket No. 67 . On July 1, 2025, Attorney Wolman moved to withdraw, citing a breakdown in the attorney-client relationship, and Judge Kobick granted the motion. See Docket Nos. 77 , 86 .<br><br>On September 9, 2025, Agaj filed this motion to compel RLG to produce his client file, including original documents he had provided to the firm, such as his pay stubs and court documents from prior cases with Boston College, which he claims are now missing. See Docket No. 96 at 6-7. On September 17, 2025, RLG filed an opposition. Docket No. 105 . RLG contends that it fully complied with Mass. R. Prof. Conduct 15A(b), which provides that "[a] lawyer must make the client's file available to a client or former client within a reasonable time following the client's or former client's request for his or her file." See id. at 2. Specifically, Agaj's client file was provided to him via a Dropbox link on August 15, 2025. Id. However, upon becoming aware that Agaj filed the link publicly with this Court, RLG disabled the link, presumably because the link contained confidential documents and information. Id. at 2 n.3. RLG needs to make these documents available to Agaj, and he needs to comply with the provisions of the protective order.<br><br>In addition, RLG submitted two sworn affidavits from its current and former paralegals, Ms. Flavin and Ms. Gregoire, respectively. See Docket Nos. 105 -1, 105 -2. Both affiants state that the documents provided by Agaj were scanned into the firm's system and that the originals were returned to him. See, e.g., Docket No. 105 -1 at 2; Docket No. 105 -2 at 3. Ms. Flavin further attests that "upon becoming apprised of Mr. Agaj's request for his purported paper files," she "undertook a thorough search" and found no such documents. Docket No. 105 -1 at 4. Therefore, this Court denies the request with respect to the original documents. (AHH) (Entered: 11/12/2025) |
| 11/21/2025 | 119 | | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered **DENYING** 109 Motion to Strike.<br><br>Defendant Boston College has moved, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike portions of unrepresented Plaintiff Avenir Agaj's recent filings. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because the statements that Boston College seeks to strike are not pleadings as defined by Rule 7(a), Rule 12(f) does not apply. McGrath v. Town of Sandwich, 169 F. Supp.3d 251, 260 (D. |

| | | | |
|---|---|---|---|
| | | | Mass. 2015) ("The term 'pleading' is strictly defined by Rule 7(a) and does not encompass motions, memoranda or exhibits to memoranda"). *Cf. Gauthier v. United States*, No. CIV.A. 4:10-40116, 2011 WL 3902770, at *11-12 (D. Mass. Sept. 2, 2011). Even if applicable, Rule 12(f) motions are disfavored and infrequently granted. 5C Wright & Millers Federal Practice & Procedure § 1380 (3d. ed. 2004). Accordingly, this Court denies the motion. This Court, however, cautions Agaj that, even as a pro se, he is subject to the procedural and substantive requirements of the law. Rule 11 of the Federal Rules of Civil Procedure warns unrepresented persons that by presenting a pleading, motion, or other paper to a court, he or she certifies that such filing is not being presented "to harass" and that the factual contentions within "have evidentiary support." Fed. R. Civ. P. 11. Any violation may subject such person to sanctions. (AHH) (Entered: 11/21/2025) |
| 12/15/2025 | 120 | ☑ | MOTION to Reconsider re 97 MOTION to Void the Protective Order by Avenir Agaj. (EZG) (Entered: 12/15/2025) |
| 12/16/2025 | 121 | | Copy re 116 Order on Motion for Miscellaneous Relief, 117 Order on Motion for Miscellaneous Relief, 118 Order on Motion to Compel 119 Order on Motion to Strike mailed to Avenir Agaj on 12/16/2025. (JAM) (Entered: 12/16/2025) |
| 12/17/2025 | 122 | ☑ | NOTICE by Randazza Legal Group, PLLC re 105 Opposition to Motion (Attachments: # 1 Exhibit 1 - Declaration of Rachel Sinclair, # 2 Exhibit 2 - Declaration of Cassidy Flavin, # 3 Exhibit 3 - Declaration of Jay Wolman) (Wolman, Jay) (Entered: 12/17/2025) |
| 12/17/2025 | 123 | | District Judge Julia E. Kobick: ELECTRONIC ORDER REFERRING MOTION re: 120 MOTION for Reconsideration filed by Avenjir Agaj. Motions referred to Jennifer C. Boal. (Currie, Haley) (Entered: 12/17/2025) |
| 12/19/2025 | 124 | ☑ | Opposition re 120 MOTION for Reconsideration re 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order filed by Boston College. (Attachments: # 1 Exhibit A)(Rose, Alan) (Entered: 12/19/2025) |
| 12/22/2025 | 125 | ☑ | MOTION to Extend Time to February 23, 2026 for Fact Discovery and MOTION to Vacate Protective Order 68 by Avenir Agaj. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (EZG) (Entered: 12/23/2025) |
| 12/24/2025 | 126 | | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered. **DENYING** 120 Motion for Reconsideration. Plaintiff Avenir Agaj moves for reconsideration of this Court's 117 Order, denying his 97 Motion to Void the protective order in this case. Docket No. 120 . Defendant opposes the motion as untimely. Docket No. 124 . However, a clerical error resulted in delayed service of the underlying decision to Agaj. Accordingly, this Court will consider Agaj's motion to reconsider on the merits.<br><br>To prevail on a motion for reconsideration, "a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." *Caribbean Mgmt. Group, Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (citation omitted). Agaj has failed to meet this standard. His arguments are either unsupported by the record or were previously addressed by this Court. His motion to reconsider is therefore denied. (AHH) (Entered: 12/24/2025) |