# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENIR AGAJ,<br><br>     Plaintiff,<br><br>v.<br><br>BOSTON COLLEGE,<br><br>     Defendant. | )<br>)<br>)<br>) Civil Action No. 24-CV-10884-JEK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER ON PLAINTIFF'S MOTION TO VOID PROTECTIVE ORDER
[Docket No. 97]

November 12, 2025

Boal, M.J.

Unrepresented Plaintiff Avenir Agaj has moved to void the protective order in this case.[1]

For the following reasons, I deny the motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Agaj worked for Defendant Boston College as a landscaper until he was terminated for

refusing, on religious grounds, to be vaccinated against COVID-19, in violation of the College's

policy. See Docket No. 1 at 1–2.

On April 5, 2024, Agaj filed this action. Id. On February 19, 2025, Attorney Jay L.

Wolman filed a notice of appearance on behalf of Agaj. Docket No. 67. On March 14, 2025,

Agaj, through Attorney Wolman, served his First Set of Interrogatories and Request for

Production of Documents on Boston College. Docket No. 111 at 2. Boston College responded

on May 7, 2025. Id. at 3.

---

[1] On September 24, 2025, Judge Kobick referred this case to the undersigned for all pretrial
proceedings and report and recommendation on dispositive motions. Docket No. 114.

1

Along with its discovery responses, Boston College proposed a joint protective order to facilitate the exchange of confidential information. See id. After several revisions, the parties' attorneys agreed on a joint protective order. Id. at 3-4. Boston College filed the joint motion for a protective order, which Judge Kobick granted. Docket No. 70. Thereafter, Boston College produced approximately 900 pages of documents designated as confidential. See Docket No. 111 at 4.

On July 1, 2025, Attorney Wolman moved to withdraw, citing a breakdown in the attorney-client relationship, and Judge Kobick granted the motion. Docket Nos. 77, 86. On September 9, 2025, Agaj filed a motion to void the protective order, which Boston College opposed.[2] Docket Nos. 97, 111.

II.    ANALYSIS

Agaj contends that this Court should void the protective order because he did not personally consent to it. Docket No. 97 at 2. He also claims that Attorney Wolman acted against his wishes and accuses him of collusion with Boston College. Id.

Each party "is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (internal quotation marks omitted). This principle extends to strategic agreements made by counsel during the course of the litigation. See Reddy v. Lowe's Companies, Inc., No. 13-cv-13016-IT, 2015 WL 12964337, at *1 (D. Mass. Nov. 9, 2015) (finding that the plaintiff's disagreement with her former counsel on the handling of confidential information "is immaterial because a party is deemed bound by the

---

[2] Boston College has also moved to strike portions of Agaj's motion. Docket No. 109. This Court will address that request in a separate order.

2

acts of her lawyer-agent." (internal quotation marks omitted)); <u>Medal Knitwear, Inc. v. Ji Hoon Jung</u>, No. 10-CV-802, <u>2011 WL 96522</u>, at *1 (E.D.N.Y. Jan. 11, 2011) (denying the <u>pro se</u> plaintiff's request to reopen the case, which was dismissed after the parties agreed to binding arbitration, notwithstanding the plaintiff's contention that he did not authorize his attorneys to consent to arbitration).

Here, although Agaj maintains that he objected to the protective order, there is no dispute that his attorney agreed to it. <u>See</u> <u>Docket No. 97-1 at 3</u>, <u>6</u>. Agaj's attorney signed the proposed protective order and jointly moved for its endorsement by Judge Kobick. Docket Nos. 68, 70. Relying on that agreement, Boston College has produced documents designated as confidential. <u>See</u> <u>Docket No. 111 at 4</u>. If this Court were to vacate the protective order now, it would unfairly prejudice Boston College. In contrast, Agaj suffers little prejudice. While his use of the documents is restricted, he remains free under the terms of the protective order to challenge any confidentiality designation by Boston College. <u>See</u> <u>Docket No. 70 at 6</u>.

III.   CONCLUSION

For the foregoing reasons, this Court denies the motion.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

3

**United States District Court**

**District of Massachusetts**

**Notice of Electronic Filing**

The following transaction was entered on 2/9/2026 at 1:47 PM EST and filed on 2/9/2026

**Case Name:**      Agaj v. Boston College

**Case Number:**    1:24-cv-10884-JEK

**Filer:**

**Document Number:** 133(No document attached)

**Docket Text:**
Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered DENYING [131] Motion for Disqualification. A judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," or in instances of "personal bias or prejudice" against a party. See 28 U.S.C. �owast 144 and 455(a). This mandate reinforces the fundamental principle that "courts must not only be, but seem to be, free of bias or prejudice." In re United States, 158 F.3d 26, 30 (1st Cir. 1998) (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)). However, granting recusal simply to avoid allegations of prejudice would effectively "provide litigants with a veto against unwanted judges." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001). Accordingly, disqualification is appropriate only when the facts are sufficient to "provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." Id. (quoting In re United States, 666 F.2d at 695). Agaj has not satisfied this standard.

Here, Agaj's allegations of bias appear to rest solely upon an unfavorable judicial ruling and a corrected clerical error and not any evidence of personal bias or prejudice. Docket No. 131-1 at 8-10. These facts do not establish a sufficient basis for recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). In addition, while a clerical error initially prevented Agaj from receiving certain orders, this Court accounted for this oversight to ensure no prejudice resulted. See Docket No. 126. This Court takes seriously its recusal obligations. Because an objective, knowledgeable person would find no reasonable basis to doubt this Court's impartiality under these circumstances, the motion to recuse is denied.

This Court notes that Judge Kobick remains assigned to the case and has only referred portions of the case to me. Docket No. 114. Agaj, of course, may appeal any ruling made by this Court to Judge Kobick by filing an objection. (JAM)

ONLY PART OF THE CASE?

WHERE TO APPEAL?