# EXHIBIT    1

*Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) (quoting Fed. R. Civ. P. 72(a)); *see* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). Under the clearly erroneous standard, the Court "must accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [it] form[s] a strong, unyielding belief that a mistake has been made." *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) (quotation marks omitted). The contrary to law prong requires the Court to review pure questions of law *de novo*. *PowerShare*, 597 F.3d at 15. The more fact-intensive the question, however, the more deferential the level of review. *In re IDC Clambakes, Inc.*, 727 F.3d 58, 64 (1st Cir. 2013).

Judge Boal denied Agaj's motion for her disqualification under 28 U.S.C. §§ 144 and 455(a), concluding that his allegations failed to establish a sufficient basis for recusal because they lacked any evidence of personal bias or prejudice and instead appeared to rest solely on an unfavorable judicial ruling and a corrected clerical error. ECF 133. Agaj contends that Judge Boal's order is both clearly erroneous and contrary to law because "all the ruling orders were based on intentional bias and prejudice" and because she "is unfit to continue and handle this case." ECF 135, at 7. He insists, in part, that she has "refus[ed] to answer or disclose information … regarding the so called (clerical error)." *Id.* But Judge Boal expressly addressed the clerical error in her denial of Agaj's motion, explaining that the error has been resolved such that no prejudice resulted. ECF 126, 133. Agaj also accuses Judge Boal of "refusing to answer or disclose information … regarding the conflict of interes[t] on this case." ECF 135, at 7. Agaj has not, however, articulated any reason that Judge Boal's impartiality should be questioned nor any evidence of a conflict of interest. *See* ECF 135, at 4-8; ECF 131-1, at 8-10.

Agaj has not established that the order denying his motion to disqualify Judge Boal was clearly erroneous or contrary to law. Judge Boal properly applied the controlling law. And, having reviewed Agaj's motion to disqualify, the defendant's opposition, and Judge Boal's order, the Court does not discern error in the conclusion that Agaj's allegations do not establish a sufficient basis for recusal. Nor does the Court form a strong, unyielding belief that a mistake has been made, *Phinney*, 199 F.3d at 4 (quotation marks omitted), particularly in light of the substantial deference owed to the fact-intensive conclusions drawn in the disqualification analysis, *see In re IDC Clambakes*, 727 F.3d at 64.

Agaj also moves for reconsideration of "all [other] ruling[s] and orders issued" by Judge Boal in this case. ECF 135, at 1. The most recent order he identifies for reconsideration, ECF 130, was issued on January 23, 2026. *Id.* at 8. Because that order on a non-dispositive motion and all those before it were issued more than 14 days before his February 13, 2026 motion, Agaj's motion for their reconsideration is untimely and those non-dispositive orders have become final. *See* Fed. R. Civ. P. 72(a); *PowerShare*, 597 F.3d at 13-14.

Accordingly, Agaj's motion to recuse, ECF 135, is **DENIED**. (Currie, Haley) (Entered: 03/04/2026)

| Date | No. | Description |
|---|---|---|
| 03/04/2026 | 138 | A copy of the following was mailed and emailed to Avenir Agaj on 3/4/2026: 137 Electronic Order (Currie, Haley) (Entered: 03/04/2026) |
| 03/16/2026 | 139 | MOTION to Recuse Honorable Julia E. Kobick and her appointed Honorable Magistrate Judge Jennifer C. Boal by Avenir Agaj. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Currie, Haley) (Entered: 03/17/2026) |
| 03/25/2026 | 140 | NOTICE of Change of Address or Firm Name by Alan D. Rose, Sr (Rose, Alan) (Entered: 03/25/2026) |

DISCREPENCY TAMPERED

UNITED STATES DISTRICT COURT

DISTRICT COURT OF MASSACHUSETTS

_____

)

**AVENIR AGAJ**                                 )

          **Plaintiff**                            )

                                                )

     **V.**                                     )        Civil ACTION No. 1:24 –CV-10884-JEK

                                                )

**BOSTON COLLEGE**                        )

                                                )

          **Defendant**                        )

                                                )

_____)

FILED
IN CLERKS OFFICE

2025 MAR 16  PM 2:31

U.S. DISTRICT COURT
DISTRICT OF MASS.

### MOTION TO RECUSE HONORABLE JUDGE JULIA E . KOBICK

### AND HER APPOINTED HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL

FROM THE CASE HERE    NAMED ABOVE ,FOR THE   FACTS AND REASONS  OF GROSS
JUDICICAL MISCONDUCT WHICH INCLUDES IMPROPER EX-PARTE
COMMUNICATIONS PERSONAL,DUE PROCESS VIOLATION, PREJUDICE ,BIAS AND
COLLUSION WITH THE DEFENDANT BOSTON COLLEGE.

TO HONORABLE DISTRICT JUDGE JULIA E. KOBICK

AND HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL

PRO SE .

AVENIR AGAJ



TIME AD DATE SCANNED