**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| AVENIR AGAJ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-CV-10884-JEK |
| | ) | |
| BOSTON COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT TRUSTEES OF BOSTON COLLEGE'S**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendant Trustees of Boston College ("Boston College") respectfully submits this Motion for Summary Judgment. In support of this motion, Boston College relies upon the accompanying Memorandum of Law, Concise Statement of Material Facts, the Affidavit of Welkin Johnson, Ph.D., the Affidavit of Charles Baldwin, the Affidavit of David Trainor, the Affidavit of Patricia Lowe, the Affidavit of Fr. Anthony Penna, and the Affidavit of Meredith Doty, filed herewith.

This action arises following Boston College's implementation of a COVID-19 vaccination requirement for all employees, students and staff in response to the health crisis posed by the global pandemic. Plaintiff Avenir Agaj ("Plaintiff" or "Agaj") sought a religious exemption from that requirement, which was denied. Boston College is entitled to summary judgment as to Plaintiff's claims for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and M.G.L. c. 151B, § 4. Plaintiff refused to provide the information Boston College reasonably requested to evaluate his exemption request, and therefore he cannot establish that Boston College unlawfully failed to accommodate his

religious beliefs. In addition, Plaintiff's objections to Boston College's vaccination requirement are not religious in nature, but based upon his personal beliefs, medical concerns, and skepticism towards the COVID-19 vaccine. Finally, the undisputed material facts demonstrate that accommodating Plaintiff's request to be exempt from Boston College's COVID-19 vaccination policy would have caused Boston College undue hardship.

WHEREFORE, Boston College respectfully requests that the Court allow its motion and enter judgment in its favor on all counts of Mr. Agaj's Complaint.

## REQUEST FOR ORAL ARGUMENT

Boston College respectfully requests a hearing on its Motion for Summary Judgment.

Respectfully submitted,

TRUSTEES OF BOSTON COLLEGE

By its attorneys,

/s/ Alan D. Rose
Alan D. Rose (BBO # 427280)
Meredith Wilson Doty (BBO # 652220)
ROSE LAW PARTNERS LLP
185 Dartmouth St., Suite 602
Boston, MA 02116
(617) 536-0040 (Office)
(617) 536-4400 (Fax)
adr@rose-law.net
mwd@rose-law.net

Date: July 21, 2026

2

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I, Alan D. Rose, hereby certify that on July 21, 2026, I emailed *pro se* plaintiff, Avenir Agaj, in a good faith attempt to resolve or narrow the issues raised in Boston College's Motion. Mr. Agaj responded to my email on July 21, 2026 and declined to concur in the relief sought by this Motion.

*/s/ Alan D. Rose*

Alan D. Rose

Date: July 21, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants.

*/s/ Alan D. Rose*

Alan D. Rose

Date: July 21, 2026