# United States Court of Appeals
## For the First Circuit

———————————

No. 26-1887

IN RE: AVENIR AGAJ,

Petitioner.

———————————

Before

Montecalvo, Aframe, and Dunlap,
<u>Circuit Judges</u>.

———————————

**JUDGMENT**

Entered: August 10, 2026

Petitioner seeks a writ of mandamus requiring Judge Kobick and Magistrate Judge Boal to recuse themselves from his ongoing district court proceeding. A petition for a writ of mandamus "'must show both that there is a clear entitlement to the relief requested, and that irreparable harm will likely occur if the writ is withheld.'" <u>In re United States</u>, 158 F.3d 26, 30 (1st Cir. 1998) (quoting <u>In re Cargill</u>, 66 F.3d 1256, 1260 (1st Cir. 1995)). It must also demonstrate a favorable balance of the equities. <u>In re Cargill</u>, 66 F.3d at 1260. The writ is an "exceptional remedy," one which the court should grant only in the exercise of its sound discretion. <u>Id</u>. The petitioner must show that "no other adequate means to attain the relief [] desire[d]" are available. <u>Kerr</u> v. <u>United States District Court</u>, 426 U.S. 394, 403 (1976) (citing <u>Roche</u> v. <u>Evaporated Milk Ass'n</u>, 319 U.S. 21, 26 (1943)).

In the present context, the mandamus standard is layered over the recusal standard, which "requires a doubly deferential review: relief for the [petitioner] is only warranted if it is 'clear and indisputable' that no reasonable reading of the record supports a refusal to recuse." <u>In re Bulger</u>, 710 F.3d 42, 45-46 (1st Cir. 2013). At bottom, "mandamus requires a case not merely close to the line but clearly over it." <u>In re Martinez-Catala</u>, 129 F.3d 213, 221 (1st Cir. 1997)).

Petitioner seeks recusal of Judge Kobick and Magistrate Judge Boal under 28 U.S.C. § 455(a), which requires a judge's recusal in "any proceeding in which his impartiality might reasonably be questioned." The appearance of bias is gauged by a qualified beholder: "we ask whether a reasonable person, fully informed of all the relevant facts, would fairly question the trial judge's impartiality. The facts proven below must dictate the answer to this question, not the unverified suspicions harbored by the [petitioner] or the innuendo interspersed throughout both

[his] recusal motion[s] and [his] mandamus petition." In re United States, 158 F.3d at 31 (emphasis omitted).

We have carefully reviewed the petition and the underlying district court record. We conclude that petitioner has not satisfied the "exacting" standard generally applicable to mandamus petitions that seek the recusal of a judge. In re Bulger, 710 F.3d at 45-46. Accordingly, petitioner's petition for a writ of mandamus is denied.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Hon. Julia Eleanor Kobick
Hon. Jennifer C. Boal
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Avenir Agaj
Meredith Wilson Doty
Alan D. Rose Sr.