# EXHIBIT A.

**UNITED STATES COURT OF APPEALS**

**FOR THE FIRST CIRCUIT**

**DISTRICT COURT OF MASSACHUSETTS**

| | | |
|---|---|---|
| | ) | **No. 26 - 1887** |
| **AVENIR AGAJ** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **V.** | ) | **Civil ACTION No. 1:24 –CV-10884-JEK** |
| | ) | |
| **BOSTON COLLEGE** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

**PLAINTIFF REQUEST FOR PETITION REHEARING FOR WRIT OF MANDAMUS**

**PRO SE.**

**IN RE. AVENIR AGAJ PETITIONER.**

**PURSUANT Fed. R. App. P. 21(d)(1)**

**IN RE: AVENIR AGAJ,**

**Petitioner.**

**Before**

**Montecalvo, Aframe, and Dunlap,**

**Circuit Judges.**

**JUDGMENT Entered: August 10, 2026**

**PLAINTIFF AVENIR AGAJ REQUEST FOR PETITION REHEARING IN PERSON FOR WRIT OF MANDAMUS by other CIRCUIT JUDGES since Judge MONTECALVO,DUNLAP. failed to disclose conflicts and of interest with the Defendant Boston College which incidentally is the same violation under 28 U.S.C. § 455 which i plaintiff was seeking relief EXHIBIT 4/5**

**Affidavit of Fact Plaintiff Avenir Agaj.**

**Petitioner seeks recusal of Judge Kobick and Magistrate Judge Boal under 28 U.S.C. §**

**455(a), which requires a judge's recusal in "any proceeding in which his impartiality might reasonably questioned." The appearance of bias is gauged by a qualified beholder: "We ask whether a reasonable person, fully informed of all the relevant facts, would fairly question the trial judge's impartiality. The facts proven below must dictate the answer to this question, not the unverified suspicions harbored by the [petitioner] or the innuendo interspersed throughout both Case: 26-1887 Document: 00118489048 Page:2 Date Filed: 08/10/2026 Entry ID: 6832830 [his] recusal motion[s] and [his] mandamus petition." In re United States, 158 F.3d at 31 (emphasis omitted).**

**We have carefully reviewed the petition and the underlying district court record. We**

**conclude that petitioner has not satisfied the "exacting" standard generally applicable to mandamus petitions that seek the recusal of a judge. In re Bulger, 710 F.3d at 45-46. Accordingly, petitioner's petition for a writ of mandamus is denied.**

**I plaintiff disagree with the No. 26-1887 decision and state that the decision was based on prejudice and not true facts furthermore the judges MONTECALVO and DUNLAP failed intentionally to disclose conflicts of interest with the defendant Boston College and failed to recuse themselves from this judgment and i will state the true facts on my AFFIDAVIT of FACT which will be supported with exhibits 1-6.**

**PRO SE.** **Date : AUGUST 25, 2026**

**AVENIR AGAJ**

**14 PAUL STREET** **Signed :** AVENIR AGAJ

**BURLINGTON** **Avenir Agaj**

**MA,01803**

**CELL: 857-544-0780** **Aviaga10@hotmail.com**

**UNITED STATES COURT OF APPEALS**

**FOR THE FIRST CIRCUIT**

**DISTRICT COURT OF MASSACHUSETTS**

| | | |
|---|---|---|
| | ) | **No. 26 - 1887** |
| **AVENIR AGAJ** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **V.** | ) | **Civil ACTION No. 1:24 –CV-10884-JEK** |
| | ) | |
| **BOSTON COLLEGE** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS AFFIDAVIT OF FACT IN SUPPORT OF REQUEST FOR PETITION REHEARING FOR WRIT OF MANDAMUS**

**PRO SE.**

**IN RE. AVENIR AGAJ PETITIONER.**

**PURSUANT Fed. R. App. P. 21(d)(1)**

**Petition for Rehearing: I plaintiff AVENIR AGAJ request UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS to reconsider its ruling because it overlooked a key facts or legal standards.**

**JURISDICTIONAL STATEMENT**

**This Court has jurisdiction over this petition for REHEARING a writ of mandamus pursuant to the All-Writs Act, 28 U.S.C. § 1651. See, e.g., In re Cargill, Inc., 66 F.3d 1256, 1259 (1st Cir. 1995) ("Federal appellate courts are empowered to issue**

**prerogative writs that are 'necessary or appropriate in aid of their respective jurisdictions under the All-Writs As the Court of Appeals for the First Circuit has explained, "the disqualification decision must reflect . . . the need to secure public confidence through proceedings that appear impartial."** ***In re Allied-Signal, Inc., et al.,*** **891 F. 2d 967, 970 (1st Cir. 1989).**

**Act... Mandamus is such a writ.").ABA Rule 2.9 and Canon 3of the Code of Conduct for United States Judges in Title 28 of the U.S. Code set the standards: 28 CFR § 76.15 - Ex parte Communications. Ethical Violations: Federal Judges must disqualify oneself when a conflict of interest exists, personal bias, prejudice or if their impartiality might reasonably be questioned according to 28 u.s.c 455 .Communicating Improperly with only one side of a case IMPROPER (Ex Parte communications), under 28 CFR § 76.15 -**

**IN THE CASE: AVENIR AGAJ V BOSTON COLLEGE Civil ACTION No. 1:24 -CV-10884-JEK**

**IMPARTIALITY AND FAIRNESS.**

**§ 76.15 Ex- parte communications. opportunity for all parties to participate. No PARTY or attorney representing a PARTY shall communicate in any instance with the PARTY on any matter at issue in a case, unless notice and opportunity has been afforded for the other PARTY to participate. This provision does not prohibit a PARTY or attorney from inquiring about the status of a case or asking questions concerning administrative functions or procedure.**

**(b) Sanctions. A PARTY or participant who makes a prohibited Ex -Parte communication, or who encourages or solicits another to make any such communication, may be subject to any appropriate sanctions. An attorney who makes a prohibited ex parte communication, or who encourages or solicits another to make any such communication, may be subject to sanctions, including, but not limited to, exclusion from the proceedings.**

**SEE eg Strothers v Strothers**

**SEE also People v. Bradshaw: Has the Appearance of Impropriety Standard**

**Supplanted the Requirement of Demonstrating Prejudice in Ex Parte Communications.**

**Fed. R. App. P. 21**

**Civil ACTION No. 1:24 -CV-10884-JEK AVENIR AGAJ V BOSTON COLLEGE pursuant to 28**

**U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure, for a writ of**

**mandamus directing the Honorable District Judge JULIA E. KOBICK and Magistrate**

**Judge Honorable JENNIFER C. BOAL to vacate THEIR order denying petitioner's motion for recusal pursuant to 28 U.S.C. § 455(a) and recuse BOTH THEMSELFS from presiding further in this action.**

**(1) With regard to the Court's Sua sponte questioning and comments regarding "questions" of possible public corruption and conflicts of interest could a reasonable person question the impartiality of the Court where (a) the Court DOES NOT EVEN acknowledges a previously undisclosed ex parte communication with the defendant BOSTON COLLEGE, INSTEAD CLAIMING CLERK ERROR.**

**HONORABLE JUDGE JULIA E . KOBICK AND HER APPOINTED HONORABLE**

**MAGISTRATE JUDGE JENNIFER C. BOAL ACTIVELY ENGAGED IN IMPROPER EX-PARTE COMMUNICATIONS, DUE PROCESS VIOLATION, TAMPERING WITH EVIDENCE, EARLY RULING MOTIONS, PREJUDICE, BIAS, MAKING FALSE REPRESENTATIONS, INTENTIONAL DENIAL OF PACER COURT ACCESS TO ME PLAINTIFF, FAILURE TO DISCLOSE CONFLICTS OF INTEREST AND COLLUSION WITH THE DEFENDANT BOSTON 1 Civil ACTION No. 1:24 -CV-10884-JEK**

**1) REASONS WHY THE WRIT SHOULD be reconsidered and a REHEARING allowed with a different panel of JUDGES is because Honorable Judges Joshua Dunlap and Honorable Lara E. Montecalvo intentionally failed to disclose CONFLICTS OF INTEREST and CONNECTIONS to the Defendant BOSTON COLLEGE.**

**EXHIBIT 4 and 5.**

**A) This Court Should Issue a Writ of Mandamus Requiring the District Court's Recusal under 28 U.S.C. § 455(a) Because a Reasonable Person May Question the Court's Impartiality.**

**B) Reasonable Person Might Question the Court's Impartiality Based Upon its Ex Parte Communications BETWEEN THE COURT AND THE DEFENDANT COUNSEL of BOSTON COLLEGE. Exhibit 1 (docket sheet)**

**HERE IS A TIMELINE ON THE FACTS**

**On the 09/17/2026 according to the docket sheet my former attorney RANDAZZA LEGAL GROUP PLLC filed opposition Ecf 105,106 ECF 105 . Opposition re 96. MOTION**

**to Compel filed by Randazza Legal Group PLLC.**

**Attachments #1 EXHIBIT A-Declaration of Cassidy Flavin,#2 Exhibit B- Declaration of Alison Gregoire (WOLMAN JAY)(ENTERED: 09/17/2025) ECF 106**

**Opposition re 103 MOTION to DETERMINE and DISCHARGE Attorneys Lien Jay M. Wolman of Randazza Legal Group, PLLC filed by Randazza Legal Group PLLC. Attachments: #1 Exhibit A- Declaration of Jay M. Wolman (Wolman Jay) ( Entered: 09/17/2025)**

**I AVENIR AGAJ DECLARE UNDER PENALY OF PERJURY THAT I DID NOT RECEIVE ANY NOTIFICATIONS or COPIES of the filings BY THE COURTROOM CLERK OF HONORABLE DISTRICT JUDGE JULIA E. KOBICK, Ms HALEY CURRIE REGARDING ECF 105,106 or from my former attorney Mr. JAY M.WOLMAN.**

**EXHIBIT 1. DOCKET SHEET DATED 09/17/2025 ECF 105,106 ,**

**EXHIBIT 2 CLERK CURRIE AVENIR AGAJ E-MAILS.**

**On 12/17/2025 mr JAY M. WOLMAN my former attorney filed ECF 122.NOTICE by Randazza Legal Group, LLC re .105 Opposition to Motion (attachment Exhibit 1- Declaration of Rachel Sinclair 2. Exhibit 2 Declaration of Cassidy Flavin 3 Exhibit 3- Declaration of Jay m Wolman where he admitted perjury in court for not returning all my documents and blamed a former employee for it. My former attorney was dismissed because he started working and colluded with the opposing counsel BOSTON COLLEGE.**

**On 09/23/2025**

**Ecf 109 . MOTION to Strike 97 MOTION Void Protective Order re 68 Joint MOTION for Protective Order,103 MOTION to Determine and Discharge Attorneys Lien Jay M. Wolman of Randazza Legal Group PLLC,91 Letter/Request (non-motion) 104 Affidavit**

**in Support of Motion by Boston College. (Rose, Alan) (Entered: 09/23/2025)**

**Ecf 110. MEMORANDUM in Support re 109 MOTION to Strike 97. MOTION Void the Protective Order re 68 Joint MOTION for Protective Order,103 MOTION to Determine and Discharge Attorneys Lien Jay M. Wolman of Randazza Legal Group, PLLC, Letter/ Request (non-motion filed by Boston College. Attachments #1 Exhibit 1 (Rose Alan) ENTERED:09/23/2025**

**Ecf 111 . Opposition re 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order filed by Boston College. ROSE ALAN ENTERED :09/23/2025**

**EXHIBIT 1.DOCKET SHEET.**

**| AVENIR AGAJ DECLARE UNDER PENALTY OF PERJURY THAT IDID NOT RECEIVE BY ANY MEANS A COPY OF THE DOCUMENTS OF ECF 109,110.111 FROM THE DEFENDANT BOSTON COLLEGE COUNSEL Mr Rose Alan FILED ON 09/23/2023**

**ALSO | AVENIR AGAJ DECLARE UNDER PENALY OF PERJURY THAT | DID NOT RECEIVE ANY NOTIFICATIONS OR COPIES OF THE FILINGS BY THE COURTROOM CLERK OF HONORABLE DISTRICT JUDGE JULIA E. KOBICK, Ms HALEY CURRIE REGARDING ECF 109,110,111 SHE did not acknowledge the fact EX PARTE COMMUNICATTIONS AND FAILURE TO GIVE NOTICE TO ME THE PLAINTIFF AVENIR AGAJ.**

**EXHIBIT 1.DOCKET SHEET.**

**EXHIBIT 2 EMAILS CURRIE, AGAJ,**

**SO THE REASON IS CLEAR WHY NEITHER JUDGE HONORABLE JULIA E.KOBICK AND JENNIFER BOAL WOULD NOT GRANT ME PACER ACCESS as is my right under Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users.**

**ENTERED BY THE COURT ON THE 09/23/2025.**

**EXHIBIT 2 DOCKET SHEET DATED 09/23/2025 ECF 109,110,111**

**On the 09/24/2025 Ecf 112,114, was entered by District Judge JULIA E.KOBICK**

**And i was sent a e-mail copy of Ecf 113 AND Ecf 115 to me by the Court Clerk Ms Haley Currie.**

**On the 11/12/2025 Ecf 116 Magistrate Judge Jennifer C.BOAL:ORDER entered DENYING 103 Motion to Determine and Discharge Attorneys Lien( AHH)(Entered: 11/12/2025)**

**On the 11/12/2025 Ecf 117 Magistrate Judge Jennifer C. BOAL :ORDER entered DENYING 97 Motion to Void Protective Order (AHH) ( Entered 11/12/2025)**

**ECF 97 .Ecf 111 at 4 ORDER ON PLAINTIFF MOTION TO VOID PROTECTIVE ORDER**

**IF THIS COURT WERE TO VACATE THE PROTECTIVE ORDER NOW IT WOULD UNFAIRLY PREJUDICE BOSTON COLLEGE.**

**"IN CONTRAST AGAJ SUFFERS LITTLE PREJUDICE" DATED NOVEMBER 12 ,2025 Ecf 117.**

**EXHIBIT 3 DATED 11/12/2025 ECF 117. PREJUDICE**

**On the 11/12/2025 Ecf 118 Magistrate Judge Jennifer C.,BOAL :ELECTRONIC ORDER entered GRANTING in part and DENYING in part 96 Motion to Compel.**

**EXHIBIT 1 .DOCKET SHEET.**

**| AVENIR AGAJ DECLARE UNDER PENALY OF PERJURY THAT | DID NOT RECEIVE ANY NOTIFICATIONS OR COPIES OF THE AT THE TIME OF THE FILINGS BY THE COURTROOM DEPUTY CLERK TO THE HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL Mr Aaron Hutchins, Esq. AT**

**THE TIME OF THE FILING 11/12/2025 FOR ECF 116,117,118**

**EXHIBIT 1, DOCKET SHEET,**

**EXHIBIT 2 E-MAILS CLERK AARON HUTCHINS AVENIR AGAJ**

**On the 11/21/2025 Ecf 119 Magistrate Judge Jennifer C.BOAL: ELECTRONIC ORDER entered DENYING 109 MOTION to STRIKE.**

**EXHIBIT 1 DOCKET SHEET.**

**| AVENIR AGAJ DECLARE UNDER PENALY OF PERJURY THAT | DID NOT RECEIVE ANY NOTIFICATIONS OR COPIES OF THE FILINGS AT THE TIME OF THE FILING BY THE COURTROOM DEPUTY CLERK TO THE HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL Mr Aaron Hutchins, Esq. ON THE TIME OF THE FILING 11/21/2025 FOR ECF 119. HONORABLE JUDGE MAGISTRATE JENNIFER C.BOAL DID NOT RECOGNISE EX - PARTE COMMUNICATIONS INSTEAD SHE JUSTIFYIED AS CLERICAL ERRORR**

**THE EMAIL CORRESPONDENCE FROM clerk AARON HUTCHINS TO ME PLAINTIFF AVENIR AGAJ ON THE 12/22/2025**

**EXHIBIT 2. E-mails AVENIR AGAJ, Clerk AARON HUTCHINS.**

**The court was not aware that you had not received documentation until you brought it to our attention. The court will ensure you receive any future correspondence/orders issued by the Court.**

**Aaron Hutchins, Esq.**

**Courtroom Deputy to the Hon. Jennifer C. Boal**

**United States District Court**

**District of Massachusetts**

**1 Courthouse Way - Suite 2325**

**Boston, MA 02210**

**(617) 748-9238**

**EXHIBIT 1 .**

**DOCKET SHEET DATED 11/12/2025 ECF 116,117,118**

**DATED 11/21/2025 ECF 118**

**EXIBIT 2. E-mail Aaron Hutchins, Esq. Courtroom Deputy to the**

**Hon. Jennifer C. Boal Dated 12/22/2025**

**SO FAR THIS PROVES THAT THAT THE COURT INTENTIONALLY DID NOT NOTIFY ME AS PLAINTIFF DURING THE PRECEDINGS CRITICAL PHASE OF THE PRETRIAL DISCOVERY AND THAT BOTH HONORABLE JUDGES JULIA E.KOBICK AND JENNIFER C.BOAL ENGAGED ON EXPARTE COMMUNICATION WITH BOTH THE DEFENDANT COUNSEL OF BOSTON COLLEGE AND MY FORMER ATTORNEY MR JAY M WOLMAN AND CONSPIRED AND COLLUDED FAVORED THE DEFENDANT BOSTON COLLEGE WITH THE INTENTION OF DISSMISING THE CASE ON TECHNICALITIES LIKE ABANDONMENT.**

**I REPETEADELY HAVE INFORMED THE COURT THAT I DID NOT INTENT TO AGREE TO ANY SETTLEMENT WITH THE DEFENDANT BOSTON COLLEGE AND INTENT TO PURSUE MY CASE IN AJURY TRIAL.**

**On the 03/17/2026 plaintiff AVENIR AGAJ filed ECF 139, MOTION TO RECUSE HONORABLE JUDGE JULIA E KOBICK AND HER APPOINTED HONORABLE JUDGE MAGISTRATE JUDGE JENNIFER C. BOAL.**

**On the 04/02/2026 order entered ECF 142 Plaintiff Motion to Recuse ECF 139 is Denied.**
**On the 04/03/2026 plaintiff AVENIR AGAJ filed ECF 144 MOTION TO RECONSIDER MOTION TO RECUSE HONORABLE JUDGE JULIA E. KOBICK AND HER APPOINTED HONORABLE MAGISTRATE JUDGE JENNIFER C. BOAL .**

**MOTION TO RECONSIDER DATED 04/03/2026 ECF 144**

**On 04/06/2026 DISTRICT JUDGE JULIA E.KOBICK ENTERED 145 DENYING ECF 144,MOTION TO RECONSIDER ECF 139 MOTION TO RECUSE HONORABLE JUDGE JULIA E. KOBICK AND HER APPOINTED HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL.**

**ECF 145 DATED 04/06/2025**

**On 06/22/2026 BOSTON COLLEGE filed ECF 148 MOTION FOR EXTENTION OF TIME TO FILE SUMMARY JUDGMENT motion UNDER FALSE PRETENCES WITH NO AFFIDAVIT ATTACHED. ECF 148 DATED 06/22/2026**

**Before filing i declined defendant BOSTON COLLEGE request and made it clear that i plaintiff AVEIR AGAJ will oppose such action.**

**On 06/24/2026 Ms FIONA BOR, ROSE AND PARTNERS PARALEGAL asked the court through an e-mail to mr AARON HUTCHINS THAT THE COURT MAKES A DECISION ON THE MOTION FOR THE EXTENTION OF TIME. EMAIL FIONA BOR DATED 06/24/2026**

**1)Well the PARALEGAL CAN NOT ASKE THE COURT TO MAKE A RULING SINCE THEY HAVE NOT ENTERED THE APPERANCE IN COURT AND ASKING THE COURT TO MAKE A RULING ON A MOTION THEY HAVE NOT FILED IS ALSO ILLEGAL**

**2)NO AFFIDAVIT ATTACHEMENT ON THE MOTION THEREFORE NO GOOD CAUSE.**

**3) THE EMAIL OF MS MEREDITH DOTY CLEARLY STATES THAT SHE WILL BE DIFFICULT TO REACH ONLY FOR 4 DAYS THEREFORE THEY LIED ON THE MOTION.**

**EMAIL MEREDITH DOTY DATED : 06/19/2021**

**THE PLAITIFF HAS 14 DAYS TO RESPOND THAT RIGHT WAS VIOLATED TO ME AS PLAINTIFF BY HONORABLE JUDGE JENNIFER C.BOAL AND THAT PROOVES BIAS AND PREJUDICE. ECF 154 DATED 07/08/2026**

**C. Reasonable Person Might Question the Court's Ability to Decide Impartially BECAUSE OF PROBABILITY OF PUBLIC CORRUPTION AND FAILURE TO DISCLOSE CONFLICTS OF INTEREST.**

**Lara E. Montecalvo '00, a former public defender now serving on the United States Court of Appeals for the First Circuit, will be Boston College Law School's 2024 commencement speaker. The event will be held May 24 at BC's Conte Forum.**

**After receiving her JD magna cum laude from BC Law, Montecalvo began her career as a trial attorney. Lara Montecalvo '00 Addresses Grads At Commencement 2024, the First Circuit judge offered lessons from her life and career. Boston College Law School's 2024 Commencement Ceremony, Lara E. Montecalvo '00, a former public defender now serving on the United States Court of Appeals for the First Circuit. Boston College Law School's 2024 Commencement Ceremony, Lara E. Montecalvo '00, a former public defender now serving on the United States Court of Appeals for the First Circuit.**

**EXHIBIT 5.**

**Joshua D.DUNLAP received his B.A. from Boston College, where he graduated magna cum laude and Phi Beta Kappa. As the Court of Appeals for the First Circuit has explained, "the disqualification decision must reflect . . . the need to secure public confidence through proceedings that appear impartial."** ***In re Allied-Signal, Inc., et al.*****, 891 F. 2d 967, 970 (1st Cir. 1989).**

**EXHIBIT 4.**

**Alan D. Rose founded Rose Law Partners. He represents clients in a wide variety of civil litigation matters and defends individuals and companies in governmental and regulatory investigations and prosecutions.**

**From 2002 to 2006, he served by appointment of the Supreme Judicial Court of Massachusetts on the Board of Bar Overseers, including serving as its chairman from 2005 to 2006. In June 2011, the First Circuit Court of Appeals appointed him Chair of the First Circuit Rules Advisory Committee. In 2014, he served as a member of the United States District Court's Merit Selection Panel for Magistrate Judges. He is also a member of the SJC's Committee on Judicial Performance Evaluation.**

**Alan represents and advises colleges and universities in a wide variety of matters, including faculty and student matters, tenure denials and revocations, and general commercial litigation. He has handled matters for many Boston-area universities and other institutions in New England and has represented numerous university presidents, trustees, deans, provosts, tenure committees, and department chairs. He**

**has overseen and advised on Title IX investigations and is a member of Harvard Law School's Adjudicatory panel on sexual harassment cases.**

**He has also represented major political figures and leading businesspeople in the defense of governmental investigations into fraud, securities fraud, and corruption and has represented corporations, non-profits, and witnesses in internal corporate and federal grand jury investigations. He also negotiates separation and severance agreements for high-level corporate and financial executives. He has testified in state and federal court as an expert witness on ethical issues.**
**Expert witness on ethical issues???**
**He does not have any, in fact he thinks is Mr UNTOUCHABLE.**
**I Should have filed a motion also to recuse the opposing counsel Mr ALAN D.ROSE**
**For the reasons stated below and are proven with facts.**

1) **He engages in forgery falsifying business records, like is the case in NEWTON DISCTRICT COURT, PURJURY in COURT.**
2) **Corruption and Bribery of public officials, judges, and opposing counsel.**
3) **Obstruction of justice, Tampering with evidence,**
4) **Recruiting and preparing false witnesses.**
5) **Revolving door practice.**
6) **Repeated violations of Federal Rules of Civil Procedure,**
   **FCRP Rule 37, Rule 2.9: Ex- parte communications,28 CFR /76.15**
   **Rule 26 disclosure and discovery process, Federal Rule of Civil Procedure 7 just to name a few in my case.**

**EXHIBIT 6**

**Meredith Wilson Doty joined Rose Law Partners (then Rose, Chinitz & Rose) in 2006. Meredith's practice is concentrated in the fields of complex <u>business litigation</u>, <u>employment litigation</u>, and <u>college and university law</u>. Meredith has broad experience in employment and malpractice disputes. Meredith has also represented Boston-area universities in faculty, staff and student matters, as well as general commercial litigation.**

**Meredith previously served as an Assistant Attorney General in the Trial Division of the Office of the Massachusetts Attorney General. As an AAG, Meredith defended the Commonwealth in lawsuits including tort, civil rights, employment, and eminent domain cases.**

**Again, another case of revolving doors.**

**EXHIBIT 6.**

**D. A Reasonable Person Might Question the Court's Ability to Decide Impartially BECAUSE OF VIOLATION OF THE RIGHT TO ACCESS TO PLAINTIFF OF PACER SYSTEM**

**E. Absent A Writ of Mandamus Requiring the District Court's Recusal, PLAINTIFF**

**AVENIR AGAJ and the Judicial System Will Suffer Irreparable Harm.**

**F. The Balance of Equities Favors This Court's Issuance of Petition for Rehearing of a Writ, Requiring the UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS Court's Recusal.**

**SEE also TORRES V MADRID REVEALS ABOUT FACT BIAS IN CIVIL RIGHT CASES**

**SEE also eg Williams v Pennsylvania (2016)**

**Legal Grounds for Recusal Based on Non-Disclosure Appearance of Partiality: Under 28 U.S.C. § 455(a), a judge must disqualify themselves if their impartiality might reasonably be questioned. Intentional concealment of facts suggests a lack of neutrality to an objective observer.**

**Personal Bias: Under 28 U.S.C. § 144, if the failure to inform is part of a pattern showing favoritism toward the defendant or animosity toward the plaintiff, it can be framed as "personal bias or prejudice". Due Process Violation: Intentional failure to provide notice often violates the Due Process Clause of the U.S. Constitution, which requires a tribunal free from bias and ensures all parties have a fair opportunity to be heard 28U.S.C. §455: This broad statute requires any federal judge or magistrate to disqualify themselves in any proceeding where their "impartiality might reasonably be questioned". It covers specific conflicts such as personal bias, financial interests, or prior legal involvement in the case. 28U.S.C.§ 144: This specifically addresses actual bias or prejudice. It is triggered when a party files a "timely and sufficient" affidavit stating the judge has a personal bias against them or in favor of an adverse party.**

**Common Grounds for Recusal**

**Personal Bias: The judge has a personal prejudice concerning a party or**

**Personal knowledge of disputed facts. Athleen M. Devlin, Disqualification of Federal Judges - Third Circuit Orders District Judge James McGirr Kelly to Disqualify Himself so as to Preserve the Appearance of Justice under 28 U.S.C. 455, 38 Vill. L. Rev. 1219 (1993). Available at: https://digitalcommons.law.villanova.edu/vir/vol38/iss4/13**

**25.2A. PREJUDICE CONCERNING A PARTY, COUNSEL, OR THE EVIDENCE The**

**most frequently litigated grounds of disqualification are those asserting that the judge has "a personal bias or prejudice concerning a party... [or] personal knowledge of disputed evidentiary facts concerning the matter in controversy."20 Generally, such disqualifying "personal" bias or "personal "knowledge must have an extrajudicial origin rather than arising from information gleaned or impressions formed in the performance of the judicial function.21 Thus, cases have held that recusal was not witness in the case in question) may disclose to the parties the basis for his or her disqualification and request that the parties consider a joint waiver of disqualification. If the claim is not asserted promptly, counsel will generally be found to have acquiesced in the judge's continued participation and will not be heard to raise the issue after the proceedings said in retrospect to have been tainted by judicial bias or prejudice. See, e.g., Commonwealth v. Dane Entertainment Servs., 18 Mass. App. Ct. 446, 448 (1984); e Edinburg v. Cavers, 22 Mass. App. Ct. 212, 217 (1986) (recusal after hearings begun only for Compelling reasons); Thomajanian v. Odabshian, 272 Mass. 19, 23-24 (1930). The Court suggested in Commonwealth v. Coyne, 372 Mass. 599, 601 (1977), and Commonwealth v. Zine, 52 Mass. App. Ct. 130, 133 (2001), that filing a waiver of jury trial after the denial of a motion to recuse may amount toa waiver of the motion. Also, when a judge discloses circumstances to counsel that he believes are not disqualifying but that he nonetheless wishes to make known so counsel may voice any objection they may have, an election not to object at that time willin all likelihood preclude later resurrection of the issue. See Thomajanian v. Odabshian, 272 Mass. 19, 24 (1930). The bringing of a motion to recuse pretrial may, therefore, be essential to protect the appellate record, for the defendant will not be heard to complain on appeal that prejudicial occurrences at trial were the product of bias and prejudice the grounds of which were known before trial, at least where those occurrences do not rise to the level of reversible error. On the other side of the waiver question, counsel may, after full disclosure by the court and consultation with the client, agree that the court may continue to participate in the proceeding, at least where the potentially disqualifying reasons do not fall within Canon See also 28 U.S.C. § 455(B)(1) The Court suggested in Commonwealth v. Coyne, 372 Mass. 599,The Court suggested in Commonwealth v. Coyne, 372 Mass. 599, 601 (1977), and Commonwealth v. Zine, 52 Mass. App. Ct. 130, 133 (2001) source"factor applies to construction of 28 U.S.C. § 455(a); judicial rulings require recusal only when they evidence "such deep-seated favoritism or antagonism as would make fair judgment impossible"). While "personal"generally connotes bias or prejudice arising from a personal rather than a judicial basis, findings by a trial judge unsupported by**

**the record are evidence that the judge has relied on extrajudicial sources in making such determinations, indicating personal bias and prejudice."**

**"Petitioner seeks recusal of Judge Kobick and Magistrate Judge Boal under 28 U.S.C. § 455(a), which requires a judge's recusal in "any proceeding in which his impartiality might reasonably be questioned." The appearance of bias is gauged by a qualified beholder: "we ask whether a reasonable person, fully informed of all the relevant facts, would fairly question the trial judge's impartiality. The facts proven below must dictate the answer to this question, not the unverified suspicions harbored by the [petitioner] or the innuendo interspersed throughout both Case: 26-1887 Document: 00118489048 Page:2 Date Filed: 08/10/2026 Entry ID: 6832830 [his] recusal motion[s] and [his] mandamus petition." In re United States, 158 F.3d at 31 (emphasis**

**omitted).**

**We have carefully reviewed the petition and the underlying district court record. We conclude that petitioner has not satisfied the "exacting" standard generally applicable to mandamus petitions that seek the recusal of a judge. In re Bulger, 710 F.3d at 45-46. Accordingly, petitioner's petition for a writ of mandamus is denied. "**

**EXHIBIT 1. JUDGMENT entered AUGUST 10/2026.**

**The test for . . . determining whether a judge's impartiality might reasonably be questioned is "whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality . . . in the mind of the reasonable man."**

***U.S. v. Bulger*, 2012 WL 2914463, at *2 (D. Mass. July 17, 2012) (quoting *U.S. v. Voccola*, 99 F. 3d 37, 42 (1st Cir. 1996)).**

**Judge Stearns then concluded that, in its *In re Bulger* decision, the First Circuit changed this traditional test:It appears to be true, as plaintiffs argue, that the First Circuit's blended test, requiring recusal where facts *would* create a reasonable doubt of impartiality, has been supplanted by a more expansive standard that requires recusal where "a reasonable person *might* question [the judge's] ability to remain impartial in hearing the case." *In re Bulger,* 710 F.3d at 46 [emphasis added by the court].**

***Id.*, at * 4. Thus, for Judge Stearns, *In re Bulger* had substituted a new "might" standard for what he characterized as the prior "would" standard under § 455(a),**

**making recusal more likely even where the likelihood of perceived partiality was remote. *Id.***

**A major flaw in this view is that the statute itself uses the word "might," requiring a judge's disqualification "in any proceeding in which his [or her] impartiality *might* reasonably be questioned." § 455(a). (emphasis added). Furthermore, the court in *Bulger* uses the term "would" frequently, thus indicating that in the analysis under § 455(a) the terms "might" and "would" are basically interchangeable. *See, e.g., Bulger,* 710 F. 3d at 46 ("The point under § 455(a) is not [the judge's] actual state of mind at a particular time, but the existence of facts that *would* prompt a reasonable question in the mind of a well-informed person about the judge's capacity for impartiality . . . " (emphasis added. In short, it does not appear that *Bulger* changed the recusal standard under § 455(a). However, what it may have done is to encourage trial judges in the First Circuit, in a publicly sensitive case, to err on the side of recusal under § 455(a) in order to preserve the public's perception of impartiality. As noted, Judge Stearns recused himself in *Bradley v. Sugarbaker* , which he apparently would not have done before *Bulger.* Similarly, Judge Saylor in a more recent (and also a fairly notorious) case, *United States v. O'Brien,* __ F.Supp. 2d __, 2014 WL 905613 (D. Mass. March 6, 2014), allowed the defendants' motion for recusal, despite the fact that it was brought on the eve of trial.[4] The motion was based on the defendants' intention to call as a witness another federal judge who was not only Judge Saylor's colleague, but also his friend. *Id., at *1.* Largely citing *Bulger* for the standard to be applied, *see id.,* *5-*6, and after a thorough review of the facts, Judge Saylor wrote:**

**There is no completely satisfactory answer . . . and whatever choice I make may lead to some unfortunate consequences. Under the circumstances, however, I have concluded that the paramount consideration is maintaining public confidence in the fairness and integrity of this proceeding. That consideration outweighs the other factors, however strong those factors may be. Therefore, and with considerable misgivings, I feel duty-bound to recuse myself."**

***Id.,* at *10. The lead defendant, O'Brien, had been the Massachusetts Commissioner of Probation and, although his case did not have the national press that Bulger's did, it also raised within Massachusetts an issue of public perception to which Judge Saylor was obviously sensitive.**

**Time will tell whether the impact of *Bulger* suggested here will continue to resonate as federal trial judges wrestle with recusal motions under §455(a), especially in highly publicized cases. Judge Saylor was troubled, as one would guess all courts are, by the**

**specter that recusal in such circumstances "would set a new and pernicious precedent, emboldening counsel to file untimely recusal motions or otherwise seek to manipulate circumstances to their own advantage." *O'Brien,* 2014 WL 905613, at *10. His answer to this concern is perhaps the best we can hope for now:**

**As to the possible precedent, it is perhaps enough to say that each case must rise and fall on its own facts, and that I have great confidence in the wisdom and good judgment of my colleagues in making appropriate decisions in future circumstances.**

***Id.***

**[1] The terms "disqualification" and "recusal" are equivalent and are used interchangeably by the courts (*see Commonwealth v. Morgan RV Resorts, LLC,* 84 Mass. App. Ct. 1 (2013), n. 5.)**

**[2] In addition to § 455, two other federal statutes address recusal, but on a more limited basis. 28 U.S.C. § 144 requires recusal upon the filing of a "timely and sufficient" affidavit that the judge is personally biased or prejudiced with regard to a party. 28 U.S.C. § 47 prohibits any judge from hearing the appeal of a case or issue that the judge has tried.**

**[3] The language of the § 455 is clear on this point: "Any justice, judge, or magistrate of the United States *shall disqualify* himself . . . ." (emphasis added). Similarly, under Canon 3C of the Code of Conduct for United States Judges, a judge is required to recuse him or herself under the circumstances listed (as are Massachusetts judges under the analogous Canon 3(E) of the Massachusetts Code of Judicial Ethics).**

**[4] In general, timeliness is essential for a successful motion to recuse. *See, e.g., In re United States,* 666 F.2d 690, 694 (1st Cir. 1981). Lack of timeliness creates that impression that the motion has been strategically filed "to recuse a judge whose rulings have gone against the party." *In re United States,* 441 F.3d 44, 65 (1st Cir. 2006). Thus, generally a party must raise the question of disqualification "at the earliest moment after acquiring knowledge of the relevant facts." *In re Abijoe Realty Corp.,* 943 F. 2d 121, 126 (1st Cir. 1991). In *O'Brien,* Judge Saylor concluded that "because of the high stakes involved, I am reluctant to deny the motion solely on the ground that it is untimely," and proceeded to decide the motion on its merits. 2014 WL 905613, at *5.For the reasons set forth above, PLAINTIFF AVENIR AGAJ respectfully requests that the Court issue REHEARING for writ of mandamus directing the Honorable Julia E. KOBICK and Honorable Magistrate Judge Jennifer C. Boal , Honorable Lara E.**

**Montecalvo, Joshua D.Dunlap to vacate THEIR order denying AVENIR AGAJ motion for recusal and denial of Writ of Mandamus and recuse all themselves from this case.**

**UNITED STATES COURT OF APPEAL FOR THE FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS to a BOSTON COLLEGE LAW SCHOOL.**

**After all that is the primary function of BOSTON COLLEGE LAW SCHOOL to PROTECT BOSTON COLLEGE from lawsuits and INFILTRATE US JUDICIAL system so that corrupt judges RULE against PLAINTIFFS and no case gets MADE.**

**EXHIBIT 3. BOSTON COLLEGE FLYER FROM CLEKS OFFICE US DISTRICT COURT.**

**It is clear that the loyalty these judges is not US CONSTITUTION, but THE Defendant BOSTON COLLEGE. To be continued....**

**I hereby certify that a copy of this document has been sent via e-mail to Mr. ALAN D. ROSE,Ms Meredith Doty Counsel for Defendant BOSTON COLLEGE.**

**And A Copy was filed on the UNITED STATES DISTRICT COURT OF APPEAL FOR THE DISTRICT COURT OF MASSACHUSETTS Clerks office.**

**And A Copy was filed on the UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF MASSACHUSETTS Clerks office.**

**PRO SE. AVENIR AGAJ on behalf of itself Plaintiff**

**Signed under the pains and penalties of perjury,**

**this 25 day of August 2026**

**14 PAUL STREET** AVENIR AGAJ

**BURLINGT0N** **Avenir Agaj**

**MA,01803**

**CELL: 857-544-0780** **Aviaga10@hotmail.com**