# EXHIBIT 1

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit) (EZG) (Entered: 09/10/2025) |
| 09/17/2025 | 105 | Opposition re 96 MOTION to Compel filed by Randazza Legal Group, PLLC. (Attachments: # 1 Exhibit A - Declaration of Cassidy Flavin, # 2 Exhibit B - Declaration of Alison Gregoire) (Wolman, Jay) (Entered: 09/17/2025) NO NOTICE |
| 09/17/2025 | 106 | Opposition re 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC filed by Randazza Legal Group, PLLC. (Attachments: # 1 Exhib A - Declaration of Jay M. Wolman)(Wolman, Jay) (Entered: 09/17/2025) NO NOTICE |
| 09/23/2025 | 107 | Transcript of Status Conference held on September 10, 2025, before Judge Julia E. Kobick. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. Redaction Request due 10/14/2025. Redacted Transcript Deadline set for 10/24/2025. Release of Transcript Restriction set for 12/22/2025. (DRK) (Entered: 09/23/2025) NO NOTICE |
| 09/23/2025 | 108 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 09/23/2025) NO NOTICE |
| 09/23/2025 | 109 | MOTION to Strike 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order , 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC, 91 Letter/request (non-motion), 104 Affidavit in Support of Motion by Boston College.(Rose, Alan) (Entered: 09/23/2025) NO NOTICE |
| 09/23/2025 NO NOTICE | 110 | MEMORANDUM in Support re 109 MOTION to Strike 97 MOTION Void the Protective Orde re 68 Joint MOTION for Protective Order , 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC, 91 Letter/request (non-moti filed by Boston College. (Attachments: # 1 Exhibit 1)(Rose, Alan) (Entered: 09/23/2025) |
| 09/23/2025 | 111 | Opposition re 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order filed by Boston College. (Rose, Alan) (Entered: 09/23/2025) NO NOTICE |
| 09/24/2025 | 112 | District Judge Julia E. Kobick: REVISED SCHEDULING ORDER entered.<br><br>**REVISED DEADLINES:**<br>Fact Discovery must be completed by 1/15/2026<br>Plaintiff's trial experts must be designated and disclosed 45 days from the end of fact discovery<br>Defendant to have 30 days from receiving Plaintiffs initial trial expert report to rebut<br>Defendant's trial experts must be designated and disclosed 90 days after the end of fact discover<br>Plaintiff to have 30 days from receiving Defendants initial trial expert report to rebut<br>The parties have the right to take a deposition of the other party's expert during the party's respective rebuttal period<br>Expert discovery shall end no later than 5/17/2026<br>Dispositive motions to be filed by 7/6/2026. Oppositions to be filed 21 days after the service of the motion. Replies must be filed 14 days after any opposition, no longer than 8 pages. (Currie, Haley) (Entered: 09/24/2025) |
| 09/24/2025 | 113 | Copy re 112 Revised Scheduling Order emailed to Avenir Agaj on 9/24/2025. (Currie, Haley) (Entered: 09/24/2025) NOTICE |
| 09/24/2025 | 114 | District Judge Julia E. Kobick: ELECTRONIC ORDER REFERRING CASE to Magistrate Judge Jennifer C. Boal entered - **Referred for:** Full Pretrial with Case Management, Dispositive Motions (ptd) and Report and Recommendations - **Motions referred to Jennifer C. Boal:** 96 MOTION to Compel; 97 MOTION Void the Protective Order ; 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC; and 109 MOTION to Strike. (Currie, Haley) (Entered: 09/24/2025) |
| 09/24/2025 | 115 | *Copy re 114 Electronic Order Referring Case to Magistrate Judge emailed to Avenir Agaj on 9/24/2025. (Currie, Haley) (Entered: 09/24/2025)* NOTICE |
| 11/12/2025 | 116 | Magistrate Judge Jennifer C. Boal: ORDER entered DENYING 103 Motion to Determine and Discharge Attorney's Lien (AHH) (Entered: 11/12/2025) NO NOTICE |

| | | |
|---|---|---|
| 11/12/2025 | 117 | Magistrate Judge Jennifer C. Boal: ORDER entered DENYING 97 Motion to Void Protective Order (AHH) (Entered: 11/12/2025) NO NOTICE |
| 11/12/2025 | 118 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered GRANTING in part and DENYING in part 96 Motion to Compel NO NOTICE<br><br>Unrepresented Plaintiff Avenir Agaj worked for Defendant Boston College as a landscaper until he was terminated for refusing, on religious grounds, to be vaccinated against COVID-19, in violation of the College's policy. See Docket No. 1 at 12.<br><br>On April 5, 2024, Agaj filed this action. Id. On February 19, 2025, Attorney Jay L. Wolman of Randazza Legal Group (RLG) filed a notice of appearance on behalf of Agaj. Docket No. 67 . On July 1, 2025, Attorney Wolman moved to withdraw, citing a breakdown in the attorney-client relationship, and Judge Kobick granted the motion. See Docket Nos. 77 , 86 .<br><br>On September 9, 2025, Agaj filed this motion to compel RLG to produce his client file, including original documents he had provided to the firm, such as his pay stubs and court documents from prior cases with Boston College, which he claims are now missing. See Docket No. 96 at 6-7. On September 17, 2025, RLG filed an opposition. Docket No. 105 . RLG contends that it fully complied with Mass. R. Prof. Conduct 15A(b), which provides that "[a] lawyer must make the client's file available to a client or former client within a reasonable time following the client's or former client's request for his or her file." See id. at 2. Specifically, Agaj's client file was provided to him via a Dropbox link on August 15, 2025. Id. However, upon becoming aware that Agaj filed the link publicly with this Court, RLG disabled the link, presumably because the link contained confidential documents and information. Id. at 2 n.3. RLG needs to make these documents available to Agaj, and he needs to comply with the provisions of the protective order.<br><br>In addition, RLG submitted two sworn affidavits from its current and former paralegals, Ms. Flavin and Ms. Gregoire, respectively. See Docket Nos. 105 -1, 105 -2. Both affiants state that the documents provided by Agaj were scanned into the firm's system and that the originals were returned to him. See, e.g., Docket No. 105 -1 at 2; Docket No. 105 -2 at 3. Ms. Flavin further attests that "upon becoming apprised of Mr. Agaj's request for his purported paper files," she "undertook a thorough search" and found no such documents. Docket No. 105 -1 at 4. Therefore, this Court denies the request with respect to the original documents. (AHH) (Entered: 11/12/2025) |
| 11/21/2025 | 119 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered DENYING 109 Motion to Strike. NO NOTICE<br><br>Defendant Boston College has moved, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike portions of unrepresented Plaintiff Avenir Agaj's recent filings. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because the statements that Boston College seeks to strike are not pleadings as defined by Rule 7(a), Rule 12(f) does not apply. McGrath v. Town of Sandwich, 169 F. Supp.3d 251, 260 (D. Mass. 2015) ("The term 'pleading' is strictly defined by Rule 7(a) and does not encompass motions, memoranda or exhibits to memoranda"). Cf. Gauthier v. United States, No. CIV.A. 4:10-40116, 2011 WL 3902770, at *11-12 (D. Mass. Sept. 2, 2011). Even if applicable, Rule 12(f) motions are disfavored and infrequently granted. 5C Wright & Millers Federal Practice & Procedure § 1380 (3d. ed. 2004). Accordingly, this Court denies the motion. This Court, however, cautions Agaj that, even as a pro se, he is subject to the procedural and substantive requirements of the law. Rule 11 of the Federal Rules of Civil Procedure warns unrepresented persons that by presenting a pleading, motion, or other paper to a court, he or she certifies that such filing is not being presented "to harass" and that the factual contentions within "have evidentiary support." Fed. R. Civ. P. 11. Any violation may subject such person to sanctions. (AHH) (Entered: 11/21/2025) |
| 12/15/2025 | 120 | MOTION to Reconsider re 97 MOTION to Void the Protective Order by Avenir Agaj. (EZG) (Entered: 12/15/2025) |
| 12/16/2025 | 121 | Copy re 116 Order on Motion for Miscellaneous Relief, 117 Order on Motion for Miscellaneous Relief, 118 Order on Motion to Compel 119 Order on Motion to Strike mailed to Avenir Agaj on 12/16/2025. (JAM) (Entered: 12/16/2025) |

| | | |
|---|---|---|
| 12/17/2025 | 122 | NOTICE by Randazza Legal Group, PLLC re 105 Opposition to Motion (Attachments: # 1 Exhibit 1 - Declaration of Rachel Sinclair, # 2 Exhibit 2 - Declaration of Cassidy Flavin, # 3 Exhibit 3 - Declaration of Jay Wolman)(Wolman, Jay) (Entered: 12/17/2025) NOTI |
| 12/17/2025 | 123 | District Judge Julia E. Kobick: ELECTRONIC ORDER REFERRING MOTION re: 120 MOTION for Reconsideration filed by Avenjir Agaj. Motions referred to Jennifer C. Boal. (Currie, Haley) (Entered: 12/17/2025) |
| 12/19/2025 | 124 | Opposition re 120 MOTION for Reconsideration re 97 MOTION Void the Protective Order Joint MOTION for Protective Order filed by Boston College. (Attachments: # 1 Exhibit A)( Alan) (Entered: 12/19/2025) |
| 12/22/2025 | 125 | MOTION to Extend Time to February 23, 2026 for Fact Discovery; and MOTION to Vacate Protective Order 68 by Avenir Agaj. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit : (EZG) (Entered: 12/23/2025) |
| 12/24/2025 | 126 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered DENYING 120 Motioi Reconsideration. Plaintiff Avenir Agaj moves for reconsideration of this Court's 117 Order, denying his 97 Motion to Void the protective order in this case. Docket No. 120 . Defendant opposes the motion as untimely. Docket No. 124 . However, a clerical error resulted in delay service of the underlying decision to Agaj. Accordingly, this Court will consider Agaj's moti reconsider on the merits.<br><br>To prevail on a motion for reconsideration, "a party normally must demonstrate either that n and important evidence, previously unavailable, has surfaced or that the original judgment w premised on a manifest error of law or fact." Caribbean Mgmt. Group, Inc. v. Erikon LLC, 9 F.3d 35, 44-45 (1st Cir. 2020) (citation omitted). Agaj has failed to meet this standard. His arguments are either unsupported by the record or were previously addressed by this Court. motion to reconsider is therefore denied. (AHH) (Entered: 12/24/2025) |
| 12/30/2025 | 127 | Opposition re 125 MOTION for Extension of Time to February 23, 2026 to Complete Disco MOTION to Vacate 112 Scheduling Order,,, filed by Boston College. (Attachments: # 1 Exh A, # 2 Exhibit B)(Rose, Alan) (Entered: 12/30/2025) |
| 01/07/2026 | 128 | REPLY in Support re 125 MOTION for Extension of Time to February 23, 2026 to Complet Discovery MOTION to Vacate 112 Scheduling Order filed by Avenir Agaj. (Attachments: # Exhibit 1, # 2 Exhibit 2) (EZG) (Entered: 01/07/2026) |
| 01/09/2026 | 129 | REPLY to Randazza Legal Group by Me the Plaintiff Regarding my Missing Documents an RESPONSE re 118 Order on Motion to Compel by Avenir Agaj. (Attachments: # 1 Exhibit 1 Exhibit 2, # 3 Exhibit 3) (EZG) (Entered: 01/09/2026) |
| 01/23/2026 | 130 | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered denying 125 Motion for Extension of Time to Complete Discovery. Plaintiff Avenir Agaj moves to extend the fact discovery deadline to February 23, 2026, to pursue allegedly missing documents and obtain interrogatory responses. Judge Kobick previously extended the discovery deadline for Agaj's pursuit of missing documents. See Docket Nos. 112 , 127 at 4. As noted in a subsequent rulii Agaj's former counsel has since filed two sworn affidavits from current and former paralegal asserting that all original documents were returned to Agaj and none remain in counsel's possession. Docket No. 118 . Accordingly, an extension for this reason does not appear to be appropriate.<br><br>In addition, in one of his two reply memoranda, Agaj seeks for the first time to serve a secon of interrogatories. Docket No 128 -2. There are a number of problems with this request. Setti aside that it is improper to file two reply memoranda, the request to serve additional interrogatories should not appear for the first time in a reply. Nevertheless, because Agaj is unrepresented, this Court will not rule based on these reasons alone.<br><br>This Court notes, however, several additional issues that compel the denial of Agaj's request serve a second set of interrogatories. First, the request is untimely. See Docket No. 54 . Secoi the interrogatories exceed the twenty-five request limit established by Local Rule 26.2(c). Ag previously served a set of interrogatories on March 14, 2025, to which Boston College respoi on May 7, 2025. Docket No 127 at 2-3. In his second set, although Agaj intersperses new |

# United States Court of Appeals
## For the First Circuit

No. 26-1887

IN RE: AVENIR AGAJ,

Petitioner.

Before

Montecalvo, Aframe, and Dunlap,
Circuit Judges.

JUDGMENT

Entered: August 10, 2026

Petitioner seeks a writ of mandamus requiring Judge Kobick and Magistrate Judge Boal to recuse themselves from his ongoing district court proceeding. A petition for a writ of mandamus "'must show both that there is a clear entitlement to the relief requested, and that irreparable harm will likely occur if the writ is withheld.'" In re United States, 158 F.3d 26, 30 (1st Cir. 1998) (quoting In re Cargill, 66 F.3d 1256, 1260 (1st Cir. 1995)). It must also demonstrate a favorable balance of the equities. In re Cargill, 66 F.3d at 1260. The writ is an "exceptional remedy," one which the court should grant only in the exercise of its sound discretion. Id. The petitioner must show that "no other adequate means to attain the relief [] desire[d]" are available. Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citing Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943)).

In the present context, the mandamus standard is layered over the recusal standard, which "requires a doubly deferential review: relief for the [petitioner] is only warranted if it is 'clear and indisputable' that no reasonable reading of the record supports a refusal to recuse." In re Bulger, 710 F.3d 42, 45-46 (1st Cir. 2013). At bottom, "mandamus requires a case not merely close to the line but clearly over it." In re Martinez-Catala, 129 F.3d 213, 221 (1st Cir. 1997)).

Petitioner seeks recusal of Judge Kobick and Magistrate Judge Boal under 28 U.S.C. § 455(a), which requires a judge's recusal in "any proceeding in which his impartiality might reasonably be questioned." The appearance of bias is gauged by a qualified beholder: "we ask whether a reasonable person, fully informed of all the relevant facts, would fairly question the trial judge's impartiality. The facts proven below must dictate the answer to this question, not the unverified suspicions harbored by the [petitioner] or the innuendo interspersed throughout both

[his] recusal motion[s] and [his] mandamus petition." In re United States, 158 F.3d at 31 (emphasis omitted).

We have carefully reviewed the petition and the underlying district court record. We conclude that petitioner has not satisfied the "exacting" standard generally applicable to mandamus petitions that seek the recusal of a judge. In re Bulger, 710 F.3d at 45-46. Accordingly, petitioner's petition for a writ of mandamus is denied.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Hon. Julia Eleanor Kobick
Hon. Jennifer C. Boal
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Avenir Agaj
Meredith Wilson Doty
Alan D. Rose Sr.