# EXHIBIT 7

for the records

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

DISTRICT COURT OF MASSACHUSETTS

| | | |
|---|---|---|
| AVENIR AGAJ | ) | |
| Plaintiff | ) | |
| V. | ) | Civil ACTION No. 1:24 –CV-10884-JEK |
| BOSTON COLLEGE | ) | |
| Defendant | ) | |
| | ) | PETITION FOR WRIT OF MANDAMUS |

PRO SE.

IN RE. AVENIR AGAJ PETITIONER.

PURSUANT Fed. R. App. P. 21(d)(1)

WRIT OF MANDAMUS TO RECUSE HONORABLE JUDGE JULIA E . KOBICK AND HER APPOINTED HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL BOTH FROM THE CASE HERE NAMED ABOVE, FOR THE FACTS AND REASONS WHICH INCLUDES IMPROPER EX-PARTE COMMUNICATIONS, DUE PROCESS VIOLATION, TAMPERING WITH EVIDENCE,EARLY RULING MOTIONS , PREJUDICE ,BIAS,MAKING FALSE REPRESENTATIONS, INTENTIONAL DENIAL OF PACER COURT ACCESS TO ME PLAINTIFF, FAILURE TO DISCLOSE CONFLICTS OF INTEREST AND CONSPIRACY,COLLUSION WITH THE DEFENDANT BOSTON COLLEGE.

**TO UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT**

**DISTRICT OF MASSACHUSETTS**

**PRO SE. IN RE AVENIR AGAJ PLAINTIFF Petitioner**

**PETITION FOR WRIT OF MANDAMUS**



**TABLE OF CONTENTS**

**JURISDICTIONAL STATEMENT ....................................................................1**

**RELIEF SOUGHT BY THE PETITIONER ..........................................................2**

**ISSUES PRESENTED IN THE PETITION ..........................................................3**

**STATEMENT OF FACTS ..........................................................................................4**

**THE LITIGATION . ............................................................................................5**

**REASONS WHY THE WRIT SHOULD ISSUE ..................................................6**

**A ) This Court Should Issue a Writ of Mandamus Requiring the District Court's Recusal under 28 U.S.C. § 455(a) Because a Reasonable Person May Question the Court's Impartiality.**

**B) Reasonable Person Might Question the Court's Impartiality Based Upon its Ex Parte Communications BETWEEN THE COURT AND THE DEFENDANT COUNSEL of BOSTON COLLEGE.**

**C. Reasonable Person Might Question the Court's Ability to Decide Impartially BECAUSE OF PROBABILITY OF PUBLIC CORRUPTION AND FAILURE TO DISCLOSE CONFLICTS OF INTEREST.**

**D. A Reasonable Person Might Question the Court's Ability to Decide Impartially BECAUSE OF VIOLATION OF THE RIGHT TO ACCESS TO PLAINTIFF OF PACER SYSTEM**

**E. Absent A Writ of Mandamus Requiring the District Court's Recusal, PLAINTIFF AVENIR AGAJ and the Judicial System Will Suffer Irreparable Harm.**

**F. The Balance of Equities Favors This Court's Issuance of a Writ, Requiring the District Court's Recusal.**

**CONCLUSION ..........................................7**

**TABLE OF AUTHORITIES**

**Cases**

**237 F.3d 31 (1st Cir. 2001) ...........................................................................**

**244 F.3d 164 (1st Cir. 2011) ...........................................................................**

**In re Brooks, 383 F.3d 1036 (D.C. Cir. 2004) .........................................................**

**Strothers v Strothers ......................................................................**

**Commonwealth v. Dane Entertainment Servs., 18 Mass. App. Ct. 446, 448 (1984); ...........................................................................**
**Thomajanian v. Odabshian, 272 Mass. 19, 23–24 (1930)..................**

**Commonwealth v. Coyne, 372 Mass. 599, 601 (1977), .........................**

**Commonwealth v. Zine, 52 Mass..................................................................**

**Edinburg v. Cavers, 22 Mass. App. Ct. 212, 217 (1986).........................................**

**People v Bradshaw .......................................................**

**In re Cargill, Inc., 66 F.3d 1256 (1st Cir. 1995) .......................................................**

**Edgar v. K.L., 93 F.3d 256 (7th Cir. 1996) .........................................................**

**Torres v Madrid ..................................................................**

**The Court suggested in Commonwealth v. Coyne, 372 Mass. 599, 601 (1977),..........**
**Commonwealth v. Zine, 52 Mass. App. Ct. 130, 133 (2001)..............................**

**Fowler v. Butts, 829 F.3d 788 (7th Cir. 2016) ........................................................**

**Liljeberg v. Health Servs. Acquisition Corp.,486 U.S. 847 1988).........................**

**Liteky v. United States, 510 U.S. 540(1994)........................ ....................................**

**In re Martinez Catala, 129 F.3d 213 (1st Cir. 1997) ..................................................**

**Williams v Pennsylvania (2016)**

**Stein v. Mutuel Clerks' Guild, Inc., 560 F.2d 486 (1st Cir. 1977) ................................**

**In re United States,158 F.3d 26 (1st Cir. 1998) ......................................................**

**In re United States,441 F.3d 44 (1st Cir. 2006) .................................................**

**United States v. Craven,239 F. 3d 91 (1st Cir. 2001) ...........................................**

**In re Vasquez-Botet,464 F.3d 54 (1st Cir. 2006) ................................................**

**Statutes28 U.S.C. § 455(a) ...................................................................passim**

**All Writs Act, 28 U.S.C. § 1651 ..........................................................**

**athleen M. Devlin, *Disqualification of Federal Judges - Third Circuit Orders District Judge James McGirr Kelly to Disqualify Himself so as to Preserve the Appearance of Justice under 28 U.S.C. 455*, 38 Vill. L. Rev. 1219 (1993).....................................**

**Blizard v. Frechette, 601 F.2d 1217 (1st Cir. 1979).................................................**

**Other Authorities**

ABA Rule 2.9 and Canon 3 of the Code of Conduct for United States Judges

in Title 28 of the U.S. Code set the standards: 28 CFR § 76.15 - Ex parte communications.

Fed. R. App. P. 21 ........................................................... 1

( 1 )

JURISDICTIONAL STATEMENT

This Court has jurisdiction over this petition for a writ of mandamus pursuant to the All-Writs Act, 28 U.S.C. § 1651. See, e.g., In re Cargill, Inc., 66 F.3d 1256, 1259 (1st Cir. 1995) ("Federal appellate courts are empowered to issue prerogative writs that are 'necessary or appropriate in aid of their respective jurisdictions under the All-Writs Act . . . Mandamus is such a writ.").

( 2 )

RELIEF SOUGHT BY THE PETITIONER

PRO SE .Petitioner, AVENIR AGAJ, plaintiffs in action lawsuit against BOSTON COLLEGE TRUSTIES. consolidated for pre-trial purposes hereby petitions,

Civil ACTION No. 1:24 –CV-10884-JEK AVENIR AGAJ V BOSTON COLLEGE pursuant to 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure, for a writ of mandamus directing the Honorable District Judge JULIA E. KOBICK and Magistrate Judge Honorable JENNIFER C. BOAL to vacate THEIR order denying petitioner's motion for recusal pursuant to 28 U.S.C. § 455(a) and recuse BOTH THEMSELFS from presiding further in this action.

1 Citations to "Add". [#]" refer to the page numbers in the Addendum attached to this petition Appendix of Exhibits.

Civil ACTION No. 1:24 –CV-10884-JEK

( 3 )

ISSUES PRESENTED IN THE PETITION

**(1) With regard to the Court's Sua sponte questioning and comments regarding "questions" of possible public corruption and conflicts of interest could a reasonable person question the impartiality of the Court where (a) the Court DOES NOT EVEN acknowledges a previously undisclosed ex parte communication with the defendant BOSTON COLLEGE, INSTEAD CLAIMING CLERK ERROR.**

**HONORABLE JUDGE JULIA E . KOBICK AND HER APPOINTED HONORABLE MAGISTRATE JUDGE JENNIFER C. BOAL**

**ACTIVELY ENGAGED IN IMPROPER EX-PARTE COMMUNICATIONS, DUE PROCESS VIOLATION, TAMPERING WITH EVIDENCE, EARLY RULING MOTIONS, PREJUDICE, BIAS, MAKING FALSE REPRESENTATIONS, INTENTIONAL DENIAL OF PACER COURT ACCESS TO ME PLAINTIFF, FAILURE TO DISCLOSE CONFLICTS OF INTEREST AND COLLUSION WITH THE DEFENDANT BOSTON Civil ACTION No. 1:24 –CV-10884-JEK**

**( 4 )**

**STATEMENT OF FACTS**

**The Plaintiffs in the underlying litigation alleged that IN THE LIGHT OF THE DISCOVERY AND NEW EVIDENCE OBTAINED BY ME FROM THE COURT RECORDS (DOCKET SHEET LIST AND THE ENTIRE COURT FILE) AND NEW EVIDENCE OBTAINED BY ME IN PERSON FROM THE COURTS CLERK ON THE 03/27/2026 I PRO SE. LITIGANT PLAINTIFF AVENIR AGAJ REQUEST TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT THE FOLLOWING REQUESTS (WRIT OF MANDAMUS) WITH IMMIDIATE EFFECT:**

**1 ) THAT UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ORDER THE RECUSAL OF HONORABLE JUDGE JULIA E. KOBICK AND HER APPOINTED JUDGE MAGISTRATE JENNIFER C. BOAL FROM THE AVENIR AGAJ V BOSTON COLLEGE CASE NUMBER 1:24 – cv- 10884-JEK AND REQUEST A NEW IMPARTIAL JUDGE BE ASSIGNED TO THIS CASE WITH NO CONNECTIONS TO THE DEFENDANT BOSTON COLLEGE OR CONFLICTS OF INTEREST, FOR THE FOR THE FACTS AND REASONS STATED BELOW:**

**BECAUSE OF IMPROPER EXPARTE ,COMMUNICATIONS TAMPERING WITH EVIDENCE, MAKING FALSE REPRESENTATIONS, FAILURE TO DISCLOSE CONFLICTS OF INTEREST, DENIAL OF ACCESSS TO COURT PACER TO PLAINTIFF RECORDS TO ME PLAINTIFF AVENIR AGAJ AND COLLUSION AND CONSPIRACY WITH THE DEFENDANT BOSTON COLLEGE ,DUE PROCESS VIOLATION FOR FAILURE TO GIVE NOTICE OF PROCEEDINGS (WHICH IS A VIOLATION OF THE FITFTH AMENDMENT S" DUE PROCESS CLAUSE" WHICH REQUIRES NOTICE AND OPPORTUNITY TO BE HEARD BIAS AND PREJUDICE AGAINST ME PRO SE PLAINTIFF AVENIR AGAJ.**

**Ethical Violations: Federal Judges must disqualify oneself when a conflict of interest exists, personal bias, prejudice or if their impartiality might reasonably be questioned according to 28 u.s.c 455 .Communicating Improperly with only one side of a case IMPROPER (Ex Parte communications), under 28 CFR § 76.15 -**

**IN THE CASE: AVENIR AGAJ V BOSTON COLLEGE Civil ACTION No. 1:24 –CV-10884-JEK**

**LEGAL GROUNDS FOR RELIEF.**

***LACK OF NOTICE CAUSED ME PLAINTIFF AVENIR AGAJ TO MISS A DEADLINES AS THEY WERE DONE WITHOUT ME BEEN INFORMED OR GIVEN A FAIR CHANCE OR HEARING TO RESPOND AS A PARTY REGARDING ALL THE FACTS (IMPROPER EXPARTE COMMUNICATIONS) I DISCOVERED MORE EVIDENCE OF EX-PARTE COMMUNICATIONS BETWEEN MY FORMER ATTORNEY Mr JAY M. WOLMAN ,OPPOSING COUNSEL OF BOSTON COLLEGE, HONORABLE JUDGE JULIA KOBICK AND MAGISTRATE JUDGE HONORABLE JENNIFER C.BOAL THE WHICH ALL COLLUDED PLOTTED TOGETHER AGAINST ME AS PLAINTIFF AVENIR AGAJ AND HAVE TRIED INTENTIONALLY PREVENT TO FROM PROVING MY CASE FOR RELIGIOUS DISCRIMINATION AND OTHER CLAIMS AGAINST BOSTON COLLEGE.***

**MOVING ON EX-PARTE COMMUNICATIONS FACTS.**

**I *WILL DEMOSTRATE THAT BOTH HONORABLE DISTRICT JUDGE JULIA E.KOBICK AND HONORABLE MAGISTRATE JUDGE JENNIFER C. BOAL HAVE A PATTERN OF WILLFULLY FAILING TO ACT OR WITHHOLDING INFORMATION LACK OF NOTICE AGAINST ME THE PLAINTIFF AVENIR AGAJ.THIS FAILURE IS NOT JUST AN ERROR, BUT RATHER INTENTIONAL, MALICIOUS MISCONDUCT TO FAVOR THE DEFENDANT BOSTON COLLEGE.I CAME TO DISCOVER THAT EXPARTE COMMUNICATIONS BETWEEN MY FORMER ATTORNEY, OPPOSING COUNSEL OF BOSTON COLLEGE, DISTRICT JUDGE***

***HONORABLE JULIA E. KOBICK AND HONORABLE MAGISTRATE JUDGE JENNIFER C. BOAL HAS TAKEN PLACE MUCH EARLIER AND LONGER THAN I THOUGHT.***

**HERE IS A TIMELINE ON THE FACTS**

**On the 09/17/2026 according to the docket sheet my former attorney RANDAZZA LEGAL GROUP PLLC filed opposition Ecf 105,106 ECF 105 . Opposition re 96. MOTION to Compel filed by Randazza Legal Group PLLC.**

**Attachments #1 EXHIBIT A-Declaration of Cassidy Flavin,#2 Exhibit B- Declaration of Alison Gregoire (WOLMAN JAY)(ENTERED: 09/17/2025)**

**ECF 106**

**Opposition re 103 MOTION to DETERMINE and DISCHARGE Attorneys Lien Jay M. Wolman of Randazza Legal Group, PLLC filed by Randazza Legal Group PLLC. Attachments: #1 Exhibit A- Declaration of Jay M. Wolman (Wolman Jay) ( Entered: 09/17/2025)**

**I AVENIR AGAJ DECLARE UNDER PENALY OF PERJURY THAT I DID NOT RECEIVE ANY NOTIFICATIONS or COPIES of the filings BY THE COURTROOM CLERK OF HONORABLE DISTRICT JUDGE JULIA E. KOBICK, Ms HALEY CURRIE REGARDING ECF 105,106 or from my former attorney Mr. JAY M.WOLMAN.**

**EXHIBIT 1. DOCKET SHEET DATED 09/17/2025 ECF 105,106**

**On 12/17/2025 mr JAY M. WOLMAN my former attorney filed ECF 122.NOTICE by Randazza Legal Group, LLC re .105 Opposition to Motion (attachment Exhibit 1- Declaration of Rachel Sinclair 2. Exhibit 2 Declaration of Cassidy Flavin 3 Exhibit 3- Declaration of Jay m Wolman where he admitted perjury in court for not returning all my documents and blamed a former employee for it. My former attorney was dismissed because he started working and colluded with the opposing counsel BOSTON COLLEGE.**

**On 09/23/2025**

**Ecf 109 . MOTION to Strike 97 MOTION Void Protective Order re 68 Joint MOTION for Protective Order,103 MOTION to Determine and Discharge Attorneys Lien Jay M. Wolman of Randazza Legal Group PLLC,91 Letter/Request (non-motion) 104 Affidavit in Support of Motion by Boston College. (Rose, Alan) (Entered: 09/23/2025)**

**Ecf 110. MEMORANDUM in Support re 109 MOTION to Strike 97. MOTION Void the Protective Order re 68 Joint MOTION for Protective Order,103 MOTION to Determine and Discharge Attorneys Lien Jay M. Wolman of Randazza Legal Group, PLLC, Letter/ Request (non-motion filed by Boston College. Attachements #1 Exhibit 1(Rose Alan)**

**ENTERED:09/23/2025**

**Ecf 111 . Opposition re 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order filed by Boston College. ROSE ALAN ENTERED :09/23/2025**

**I AVENIR AGAJ DECLARE UNDER PENALTY OF PERJURY THAT I DID NOT RECEIVE BY**

**ANY MEANS A COPY OF THE DOCUMENTS OF ECF 109,110.111 FROM THE DEFENDANT BOSTON COLLEGE COUNSEL Mr Rose Alan FILED ON 09/23/2023**

**ALSO I AVENIR AGAJ DECLARE UNDER PENALY OF PERJURY THAT I DID NOT RECEIVE ANY NOTIFICATIONS OR COPIES OF THE FILINGS BY THE COURTROOM CLERK OF HONORABLE DISTRICT JUDGE JULIA E. KOBICK, Ms HALEY CURRIE REGARDING ECF 109,110,111 SHE did not aknowledge the fact EX PARTE COMMUNICATTIONS AND FAILURE TO GIVE NOTICE TO ME THE PLAINTIFF AVENIR AGAJ.SO THE REASON IS CLEAR WHY NEITHER JUDGE HONORABLE JULIA E.KOBICK AND JENNIFER BOAL WOULD NOT GRANT ME PACER ACCESS as is my right under Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users.**

**ENTERED BY THE COURT ON THE 09/23/2025.**

**EXHIBIT 2 DOCKET SHEET DATED 09/23/2025 ECF 109,110,111**

**On the 09/24/2025 Ecf 112,114, was entered by District Judge JULIA E.KOBICK**

**And i was sent a e-mail copy of Ecf 113 AND Ecf 115 to me by the Court Clerk Ms Haley Currie.**

**On the 11/12/2025 Ecf 116 Magistrate Judge Jennifer C.BOAL:ORDER entered DENYING 103 Motion to Determine and Discharge Attorneys Lien( AHH)(Entered: 11/12/2025)**

**On the 11/12/2025 Ecf 117 Magistrate Judge Jennifer C. BOAL :ORDER entered DENYING 97 Motion to Void Protective Order (AHH) ( Entered 11/12/2025)**

**ECF 97 .Ecf 111 at 4 ORDER ON PLAINTIFF MOTION TO VOID PROTECTIVE ORDER**

**IF THIS COURT WERE TO VACATE THE PROTECTIVE ORDER NOW IT WOULD UNFAIRLY PREJUDICE BOSTON COLLEGE.**

**"IN CONTRAST AGAJ SUFFERS LITTLE PREJUDICE" DATED NOVEMBER 12 ,2025 Ecf 117.**

**EXHIBIT 3 DATED 11/12/2025 ECF 117. PREJUDICE**

**On the 11/12/2025 Ecf 118 Magistrate Judge Jennifer C.BOAL :ELECTRONIC ORDER entered GRANTING in part and DENYING in part 96 Motion to Compel.**

**I AVENIR AGAJ DECLARE UNDER PENALY OF PERJURY THAT I DID NOT RECEIVE ANY NOTIFICATIONS OR COPIES OF THE FILINGDS BY THE COURTROOM DEPUTY CLERK TO THE HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL Mr Aaron Hutchins, Esq. AT THE TIME OF THE FILING 11/12/2025 FOR ECF 116,117,118**
**On the 11/21/2025 Ecf 119 Magistrate Judge Jennifer C.BOAL: ELECTRONIC ORDER entered DENYING 109 MOTION to STRIKE.**

**I AVENIR AGAJ DECLARE UNDER PENALY OF PERJURY THAT I DID NOT RECEIVE ANY NOTIFICATIONS OR COPIES OF THE FILINGS AT THE TIME OF THE FILING BY THE COURTROOM DEPUTY CLERK TO THE HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL Mr Aaron Hutchins, Esq. ON THE TIME OF THE FILING 11/21/2025 FOR ECF 119. HONORABLE JUDGE MAGISTRATE JENNIFER C.BOAL DID NOT RECOGNISE EX – PARTE COMMUNICATIONS INSTEAD SHE JUSTIFYIED AS CLERICAL ERRORR**

**THE EMAIL CORRESPONDENCE FROM clerk AARON HUTCHINS TO ME PLAINTIFF AVENIR AGAJ ON THE 12/22/2025**

**The court was not aware that you had not received documentation until you brought it to our attention.**

**The court will ensure you receive any future correspondence/orders issued by the Court.**

**---**

**Aaron Hutchins, Esq.**

**Courtroom Deputy to the Hon. Jennifer C. Boal**

**United States District Court**

**District of Massachusetts**

**1 Courthouse Way - Suite 2325**

**Boston, MA 02210**

**(617) 748-9238**

EXHIBIT 4 DOCKET SHEET DATED 11/12 /2025 ECF 116,117,118

DATED 11/21/2025 ECF 118

EXIBIT 5 E-mail Aaron Hutchins, Esq. Courtroom Deputy to the

Hon. Jennifer C. Boal Dated 12/22/2025

SO FAR THIS PROVES THAT THAT THE COURT INTENTIONALLY DID NOT NOTIFY ME AS PLAINTIFF DURING THE PRECEDINGS CRITICAL PHASE OF THE PRETRIAL DISCOVERY AND THAT BOTH HONORABLE JUDGES JULIA E.KOBICK AND JENNIFER C.BOAL ENGAGED ON EXPARTE COMMUNICATION WITH BOTH THE DEFENDANT COUNSEL OF BOSTON COLLEGE AND MY FORMER ATTORNEY MR JAY M WOLMAN AND CONSPIRED AND COLLUDED FAVORED THE DEFENDANT BOSTON COLLEGE WITH THE INTENTION OF DISSMISING THE CASE ON TECHNICALITIES LIKE ABANDONMENT.

I REPETEADELY HAVE INFORMED THE COURT THAT I DID NOT INTENT TO AGREE TO ANY SETTLEMENT WITH THE DEFENDANT BOSTON COLLEGE AND INTENT TO PURSUE MY CASE IN A JURY TRIAL.

On the 03/17/2026 plaintiff AVENIR AGAJ filed ECF 139, MOTION TO RECUSE HONORABLE JUDGE JULIA E KOBICK AND HER APPOINTED HONORABLE JUDGE MAGISTRATE JUDGE JENNIFER C. BOAL.

On the 04/02/2026 order entered ECF 142 Plaintiff Motion to Recuse ECF 139 is Denied.

EXHIBIT 6

On the 04/03/2026 plaintiff AVENIR AGAJ filed ECF 144 MOTION TO RECONSIDER MOTION TO RECUSE HONORABLE JUDGE JULIA E. KOBICK AND HER APPOINTED HONORABLE MAGISTRATE JUDGE JENNIFER C. BOAL .

EXHIBIT 7 MOTION TO RECONSIDER DATED 04/03/2026 ECF 144

On 04/06/2026 DISTRICT JUDGE JULIA E.KOBICK ENTERED 145 DENYING ECF 144,MOTION TO RECONSIDER ECF 139 MOTION TO RECUSE HONORABLE JUDGE JULIA E. KOBICK AND HER APPOINTED HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL.

EXHIBIT 8 ECF 145 DATED 04/06/2025

**On 06/22/2026 BOSTON COLLEGE filed ECF 148 MOTION FOR EXTENTION OF TIME TO FILE SUMMARY JUDGMENT motion UNDER FALSE PRETENCES WITH NO AFFIDAVIT ATTACHED.**

**EXHIBIT 9 ECF 148 DATED 06/22/2026**

**Before filing i declined defendant BOSTON COLLEGE request and made it clear that i plaintiff AVEIR AGAJ will oppose such action.**

**On 06/24/2026 Ms FIONA BOR, ROSE AND PARTNERS PARALEGAL asked the court through an e-mail to mr AARON HUTCHINS THAT THE COURT MAKES A DECISION ON THE MOTION FOR THE EXTENTION OF TIME.**

**EXHIBIT 10 EMAIL FIONA BOR DATED 06/24/2026**

**1)Well the PARALEGAL CAN NOT ASKE THE COURT TO MAKE A RULING SINCE THEY HAVE NOT ENTERED THE APPERANCE IN COURT AND ASKING THE COURT TO MAKE A RULING ON A MOTION THEY HAVE NOT FILED IS ALSO ILLEGAL**

**2)NO AFFIDAVIT ATTACHEMENT ON THE MOTION THEREFORE NO GOOD CAUSE.**

**3) THE EMAIL OF MS MEREDITH DOTY CLEARLY STATES THAT SHE WILL BE DIFFICULT TO REACH ONLY FOR 4 DAYS THEREFORE THEY LIED ON THE MOTION.**

**EXHIBIT 11 EMAIL MEREDITH DOTY DATED : 06/19/2021**

**4 ) THE PLAITIFF HAS 14 DAYS TO RESPOND THAT RIGHT WAS VIOLATED TO ME AS PLAINTIFF BY HONORABLE JUDGE JENNIFER C.BOAL AND THAT PROOVES BIAS AND PREJUDICE.**

**EXHIBIT 12 ECF 154 DATED 07/08/2026**



**LITIGATION**

**Agaj v. Boston College Docket No. 1:24-cv-10884 is an ongoing federal civil rights lawsuit filed on April 5, 2024, in the U.S. District Court for the District of Massachusetts. The plaintiff, former university landscaper Avenir Agaj, alleges that his 2021 termination for refusing the COVID-19 vaccine violated his First Amendment and religious freedom rights. The Federal Judge Honorable JULIA E.KOBICK allowed**

the religious discrimination case to proceed to ruling that his beliefs tied to the BOGOMIL FAITH protected his stance.

## Case Overview

- Plaintiff: Avenir Agaj, a former landscaper for the school.
- Defendant: Boston College.
- Filing Date: April 5, 2024, in the U.S. District Court for the District of Massachusetts (Docket No. 1:24-cv-10884).
- Core Issue: Agaj alleged that his termination in 2021 for refusing the COVID-19 vaccine on religious grounds violated his First Amendment rights and Title VII employment-discrimination statutes.
- The mandate: Agaj was fired in 2021 after refusing to receive the covid 19 vaccine due to his personal health risks and spiritual tenets.
- Boston College allowed unvaccinated contractors, vendors, suppliers to enter end work in campus freely including landscaper contractors while mandating a covid 19 vaccine which was authorized only for emergency use (EUA) by the,FDA and without even an agreement from the union breaching the contract and making it a condition of employment for Boston College employees.

- Religious Grounds: He identified as an adherent of the 10-th century BOGOMIL faith and a folk medicine practitioner (ETHNOBOTANY) stating that the vaccine conflicted with his religious duty to avoid risks to his spiritual and physical well-being.

## Procedural Status

- Court Decision: A federal judge allowed Agaj's lawsuit to move forward past initial motions, ruling that his claims regarding religious discrimination and wrongful termination could proceed in court.
- Legal status:Agaj alleged that the termination violated his First Amendment religious rights and Title VII of employment protections.
  The court permitted the lawsuit to advance past the motion stages.



REASONS WHY THE WRIT SHOULD ISSUE

**I. This Court Should Issue a Writ of Mandamus Requiring the District Court's Recusal under 28 U.S.C. § 455(a) Because a Reasonable Person May Question the Court's Impartiality.**

PLAINTIFF AVENIR AGAJ petition for a writ of mandamus requiring the Court's recusal under 28 U.S.C. § 455(a) is proper under the standards for both the issuance of writs of mandamus, and recusal under 28 U.S.C. § 455(a). To secure a writ of mandamus, a petitioner must make "a showing of both clear entitlements to the requested relief and irreparable harm without it, accompanied by a favorable balance of the equities." In re Vasquez-Botet, 464 F.3d 54, 57 (1st Cir. 2006) (citation omitted). Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In applying §455(a), the concern "is not [the judge's] actual state of mind at a particular time, but the existence of facts that would prompt a reasonable question in the mind of a well-informed person about the judge's capacity for impartiality."

IMPARTIALITY AND FAIRNESS.

§ 76.15 Ex- parte communications.

(a) Generally. The JUDGE shall not consult with any PARTY attorney or person (except persons in the office of the Judge) on any legal or factual issue unless upon notice and opportunity for all parties to participate. No PARTY or attorney representing a PARTY shall communicate in any instance with the PARTY on any matter at issue in a case, unless notice and opportunity has been afforded for the other PARTY to participate. This provision does not prohibit a PARTY or attorney from inquiring about the status of a case or asking questions concerning administrative functions or procedure.
(b) Sanctions. A PARTY or participant who makes a prohibited Ex -Parte communication, or who encourages or solicits another to make any such communication, may be subject to any appropriate sanctions. An attorney who makes a prohibited ex parte communication, or who encourages or solicits another to make any such communication, may be subject to sanctions, including, but not limited to, exclusion from the proceedings.

SEE eg Strothers v Strothers

SEE also People v. Bradshaw: Has the Appearance of Impropriety Standard Supplanted the Requirement of

Demonstrating Prejudice in Ex Parte Communications.

**SEE also TORRES V MADRID REVEALS ABOUT FACT BIAS IN CIVIL RIGHT CASES**

**SEE also eg Williams v Pennsylvania (2016)**

**Legal Grounds for Recusal Based on Non-Disclosure**

- **Appearance of Partiality: Under 28 U.S.C. § 455(a), a judge must disqualify themselves if their impartiality might *reasonably* be questioned. Intentional concealment of facts suggests a lack of neutrality to an objective observer.**
- **Personal Bias: Under 28 U.S.C. § 144, if the failure to inform is part of a pattern showing favoritism toward the defendant or animosity toward the plaintiff, it can be framed as "personal bias or prejudice".**
- **Due Process Violation: Intentional failure to provide notice often violates the Due Process Clause of the U.S. Constitution, which requires a tribunal free from bias and ensures all parties have a fair opportunity to be heard**
- **28 U.S.C. § 455: This broad statute requires any federal judge or magistrate to disqualify themselves in any proceeding where their "impartiality might reasonably be questioned". It covers specific conflicts such as personal bias, financial interests, or prior legal involvement in the case.**
- **28 U.S.C. § 144: This specifically addresses actual bias or prejudice. It is triggered when a party files a "timely and sufficient" affidavit stating the judge has a personal bias against them or in favor of an adverse party.**
- **Common Grounds for Recusal**
- **Personal Bias: The judge has a personal prejudice concerning a party or personal knowledge of disputed facts.**
- **athleen M. Devlin, *Disqualification of Federal Judges - Third Circuit Orders District Judge James McGirr Kelly to Disqualify Himself so as to Preserve the Appearance of Justice under 28 U.S.C. 455*, 38 Vill. L. Rev. 1219 (1993).**
- **Available at: https://digitalcommons.law.villanova.edu/vlr/vol38/iss4/13**
- **25.2A. PREJUDICE CONCERNING A PARTY, COUNSEL, OR THE EVIDENCE The most frequently litigated grounds of disqualification are those asserting that the judge has "a personal bias or prejudice concerning a party . . . [or] personal knowledge of disputed evidentiary facts concerning the matter in controversy."20 Generally, such disqualifying "personal" bias or "personal" knowledge must have an extrajudicial origin rather than arising from information gleaned or impressions formed in the performance of the judicial function.21 Thus, cases have held that recusal was not witness in the case in question) may disclose to the parties the basis for his or her disqualification and request that the parties consider a joint waiver of disqualification. • If the claim is not asserted promptly, counsel will generally be found to have**

- **acquiesced in the judge's continued participation and will not be heard to raise the issue after the proceedings said in retrospect to have been tainted by judicial bias or prejudice. See, e.g.,**
- **Commonwealth v. Dane Entertainment Servs., 18 Mass. App. Ct. 446, 448 (1984);**

- **Edinburg v. Cavers, 22 Mass. App. Ct. 212, 217 (1986) (recusal after hearings begun only for Compelling reasons); Thomajanian v. Odabshian, 272 Mass. 19, 23–24 (1930). The Court suggested in Commonwealth v. Coyne, 372 Mass. 599, 601 (1977), and Commonwealth v. Zine, 52 Mass. App. Ct. 130, 133 (2001), that filing a waiver of jury trial after the denial of a motion to recuse may amount to a waiver of the motion. Also, when a judge discloses circumstances to counsel that he believes are not disqualifying but that he nonetheless wishes to make known so counsel may voice any objection they may have, an election not to object at that time will in all likelihood preclude later resurrection of the issue. See Thomajanian v. Odabshian, 272 Mass. 19, 24 (1930). The bringing of a motion to recuse pretrial may, therefore, be essential to protect the appellate record, for the defendant will not be heard to complain on appeal that prejudicial occurrences at trial were the product of bias and prejudice the grounds of which were known before trial, at least where those occurrences do not rise to the level of reversible error.**
- **On the other side of the waiver question, counsel may, after full disclosure by the court and consultation with the client, agree that the court may continue to participate in the proceeding, at least where the potentially disqualifying reasons do not fall within Canon**
- **See also 28 U.S.C. § 455(B)(1).**
- **Thomajanian v. Odabshian, 272 Mass. 19, 23–24 (1930).**
- **The Court suggested in Commonwealth v. Coyne, 372 Mass. 599, 601 (1977), and Commonwealth v. Zine, 52 Mass.**
- **App. Ct. 130, 133 (2001)Thomajanian v. Odabshian, 272 Mass. 19, 23–24 (1930). The Court suggested in Commonwealth v. Coyne, 372 Mass. 599, 601 (1977), and Commonwealth v. Zine, 52 Mass. App. Ct. 130, 133 (2001)**

**source" factor applies to construction of 28 U.S.C. § 455(a); judicial rulings require recusal only when they evidence "such deep-seated favoritism or antagonism as would make fair judgment impossible"). While "personal" generally connotes bias or prejudice arising from a personal rather than a judicial basis, findings by a trial judge unsupported by the record are evidence that the judge has relied on extrajudicial sources in making such determinations, indicating personal bias and prejudice."**

Blizard v. Fielding, 454 F. Supp. 318, 321 (D. Mass. 1978), aff'd enquired despite judicial remarks highly critical of a party's prior conduct in the litigation;22 the judge's earlier expression of his opinion as to a matter to be decided;23 very damaging knowledge acquired by the judge while hearing pretrial motions24 or presiding at prior proceedings involving the same defendant;25 or exposure to otherwise inadmissible evidence.26 However, the fact that prejudicial knowledge was acquired by the judge in his judicial role is not dispositive:27 heightened sensibility is called for sub nom. Blizard v. Frechette, 601 F.2d 1217 (1st Cir. 1979).

Liteky v. United States, 510 U.S. 540, 553 n.2 (1994)(emphasis in original). This approach advances Congress' intent to ensure that the "courts must not only be, but must seem to be, free of bias." In re United States,158 F.3d 26, 36 (1st Cir. 1998); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988) ("The goal of [§ 455(a)] is to avoid even the appearance of partiality" and to "promote public confidence in the integrity of the judicial process.") (1988) (internal quotation omitted). Therefore, on a petition for writ of mandamus the Court must "take the objective view of an informed outsider" and decide whether a reasonable, informed outsider "might question the judge's ability to remain impartial in hearing the case[.]." In re United States, 441 F.3d 44, 67 (1st Cir. 2006); In re Bulger, 710 F.3d at 45. Where recusal is a close question, "the balance tips in favor of recusal." In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2011).This Court should issue a writ of mandamus requiring the Court's recusal in this instance because a reasonable person might question the Court's ability to remain impartial in ruling SUMMARY JUDGMENT. This is true for at least three independent reasons.

D. A Reasonable Person Might Question the Court's Impartiality

Based Upon its Ex Parte Communications Between HONORABLE JUDGE JULIA E. KOBICK and HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL WITH THE DEFENDANT COUNSEL FOR BOSTON COLLEGE MR ALAN D. ROSE AND MY FORMER COUNSEL MR JAY M.WOLMAN.

As explained above, at the Plaintiff AVENIR AGAJ in Court raised the question of public corruption, e.g., money flowing beyond to a public official, and acknowledged that a question of public corruption was raised in his mind. The Court now acknowledges that it formulated the belief that this issue ex parte communications see Liteky v. United States, 510 U.S. 540, 551, which couldn't be tested through the adversary process because neither the Court nor the defendant disclosed them until the § 455(a) motion had already been denied. See United States v. Craven, 239 F. 3d 91, 103 (1st Cir.

2001).The Court also acknowledges in his Recusal Opinion that he engaged in an additional ex parte communication with the defendant, this time on a topic of intense controversy that actually is proven in the first part . Later in the Recusal Opinion, the court notes that this ex parte communication was also the basis for the which AVENIR AGAJ does not concede, this Court has held that § 455(a) "permits disqualification of judges even if the alleged prejudice is the result of judicially acquired information." United States v. Cepeda Penes, 577 F.2d 754, 758 (1st Cir. 1978). Here, the Court affirmatively did not acknowledges that (a) an ex parte communication with the DEFENDANT BOSTON COLLEGE ,

Concluded. See ECF 105,106,109,110,111,116,117,118

Neither honorable judges JULIA E. KOBICK or JENNIFER C. BOAL recognized ex parte communication with the defendant BOSTON COLLEGE instead they claim clerk error.

E. Absent A Writ of Mandamus Requiring the District Court's Recusal, PLAINTIFF AVENIR AGAJ and the Judicial System Will Suffer Irreparable Harm.

The Court should issue a writ of mandamus requiring the District Court's recusal because both Plaintiff AVENIR AGAJ and the judicial system would otherwise suffer irreparable harm. In the Recusal Opinion, the Court admits: "I now realize that Federal Rule of Civil Procedure 53(b)(4) requires that the court give the parties notice and an opportunity to be heard before amending an order.

This Court recognizes that damage to the judicial system alone is sufficient to show irreparable harm. ("we can leave aside any question of harm personal to the plaintiff and concentrate on damage to the judicial system . . . . it [is] imperative to act promptly to preclude any reasonable question whether . . . action in the past may affect the fairness of the judicial branch in the present."). A judge's impartiality in any case cuts to the core of the public's trust in the justice system as a whole. The writ of mandamus stands by to "prevent[] injury to the public perception of the judicial system before it has a chance to occur." United States v. Balistrieri, 779 F.2d 1191, 1205 (7th Cir. 1985). Indeed, the recognized purpose of §455(a) is to address "systemic interests" regarding "concerns [about] the appearance of impropriety." Fowler v. Butts, 829 F.3d 788, 791 (7th Cir. 2016). Even so, PLAINTIFF AVENIR AGAJ can show that it would suffer irreparable harm without this Court's writ. On the current path, the District Court will eventually decide, on the basis of de novo review, Since the vast majority of the Court's findings would involve questions of fact, or mixed questions of

law and fact, the appellate court would not review those findings de novo. For example, an appellate court will only reverse the Court's findings if they are "clearly erroneous." FRCP 52(a)(6); Accusoft Corp. v. Palo, 237 F.3d 31, 40 (1st Cir. 2001) Therefore, absent mandamus, plaintiff AVENIR AGAJ may lose its chance to have a fair and complete de novo review of key portions of the CASE.

For all of these reasons, PLAINTIFF AVENIR AGAJ satisfies any requirement that it demonstrates irreparable harm if the requested writ of mandamus.

F. The Balance of Equities Favors This Court's Issuance of a Writ.

Requiring the District Court's Recusal. A number of factors specific to this case show the necessary "favorable balance of the equities" to justify issuance of the requested writ of mandamus. In re Vasquez-Botet, 464 F.3d 54, 57 (1st Cir. 2006) (internal citation omitted); In re Bulger, 710 F.3d at 49 ("a mandamus petitioner must show . . . a balance of equities in his favor."). Perhaps most importantly, PLAINTIFF AVENIR AGAJ merely seeks its opportunity to have a meaningful, de novo review of a critical, in good faith, contests. PLAINTIFF AVENIR AGAJ is currently in a situation where that Unlike other circuits, the First Circuit does not appear to have squarely addressed whether questions under § 455(a) may be raised on appeal from a final decision. See, e.g., Fowler, 829 F.3d at 791(surveying circuit law and observing that courts have differed on whether arguments under § 455(a) can be raised on direct appeal"). PLAINTIFF AVENIR AGAJ reserves all rights, " Granting this petition and requiring recusal would go a long way to ensure that PLAINTIFF AVENIR AGAJ gets its day in Court before a fair and impartial judge and a JURY TRIAL. Denying this petition leaves AVENIR AGAJ to push through potentially protracted proceedings, all before a judge whose impartiality might reasonably be questioned. The balance of equities in these circumstances tips squarely in favor of granting the petition.

( 7 )

CONCLUSION

For the reasons set forth above, PLAINTIFF AVENIR AGAJ respectfully requests that the Court issue a writ of mandamus directing the Honorable Julia E. KOBICK and Honorable Magistrate Judge Jennifer C. Boal to vacate THEIR order denying AVENIR AGAJ motion for recusal and recuse both themselves from this case.

**Civil ACTION No. 1:24 –CV-10884-JEK**

**Respectfully submitted**

**CERTIFICATE OF SERVICE**

**I hereby certify that a copy of the attached Petition for Writ of Mandamus with attachments has been sent on this day via email to the following:**

**Courtroom Clerk HALEY CURRIE to the Honorable JUDGE JULIA E.KOBICK**

**Courtroom Clerk AARON HUTCHINS to the Honorable JUDGE MAGISTRATE JENNIFER C.BOAL**

**Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston MA 02110.**

**TO THE DEFENDANT BOSTON COLLEGE COUNSEL MR, ALAN D ROSE, MS MEREDITH DOTY, MS FIONA BOR.**

**PRO SE. AVENIR AGAJ on behalf of itself Plaintiff**

**AVENIR AGAJ SIGNED :** AVENIR AGAJ

**DATE : 08/04/2026**

**14 PAUL STREET**

**BURLINGTON**

**MA,01803**

**857-544-0780** **Aviaga10@hotmail.com**

# EXHIBIT 1 – 12

| | | | |
|---|---|---|---|
| | | | and Mr. Agaj's deposition still needs to be conducted. The Court asks the parties if they have conferred about a new discovery schedule. The parties have not conferred regarding a new schedule, but defendant provided to the Court their proposed schedule. The defendant confirms they will be using an expert, but plaintiff does not at this point intend to use any. The Court reviews the Court's mediation program and informs the parties if at any point during the case they want a referral to the Court's program, they can reach out to the clerk. The Court is not sure if it has jurisdiction to consider the motion at 96 but will handle the motion after it is ripe. The Court will enter a revised scheduling order following the hearing.<br><br>Attorneys present: Avenir Agaj for himself. Alan D. Rose and Meredith Doty for the Defendant.<br>Court Reporter: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. (Currie, Haley)<br>Modified on 9/11/2025: corrected Judge selected (Currie, Haley). (Entered: 09/10/2025) |
| 09/10/2025 | 99 | | District Judge Julia E. Kobick: ELECTRONIC ORDER LIFTING STAY entered. (Currie, Haley) (Entered: 09/10/2025) |
| 09/10/2025 | 100 | ☑ | EXHIBIT re 96 MOTION to Compel filed by Avenir Agaj by Avenir Agaj. (Currie, Haley) (Entered: 09/10/2025) |
| 09/10/2025 | 101 | | Copy re 98 Clerk's Notes and 99 Electronic Order Lifting Stay handed to after Court emailed to Avenir Agaj on 9/10/2025. (Currie, Haley) (Entered: 09/10/2025) |
| 09/10/2025 | 102 | ☑ | Opposition Motion Response re 19 MOTION to Dismiss Plaintiff Avenir Agaj's Affidavit of Fact and 20 MEMORANDUM in Support filed by Avenir Agaj. (EZG) (Entered: 09/10/2025) |
| 09/10/2025 | 103 | ☑ | MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC by Avenir Agaj. (EZG) (Entered: 09/10/2025) |
| 09/10/2025 | 104 | ☑ | AFFIDAVIT of Fact of Avenir Agaj in Support re 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC filed by Avenir Agaj. (Attachments: # 1 Exhibit) (EZG) (Entered: 09/10/2025) |
| 09/17/2025 | 105 | ☑ | Opposition re 96 MOTION to Compel filed by Randazza Legal Group, PLLC. (Attachments: # 1 Exhibit A - Declaration of Cassidy Flavin, # 2 Exhibit B - Declaration of Alison Gregoire)(Wolman, Jay) (Entered: 09/17/2025) |
| 09/17/2025 | 106 | ☑ | Opposition re 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC filed by Randazza Legal Group, PLLC. (Attachments: # 1 Exhibit A - Declaration of Jay M. Wolman) (Wolman, Jay) (Entered: 09/17/2025) |
| 09/23/2025 | 107 | ☑ | Transcript of Status Conference held on September 10, 2025, before Judge Julia E. Kobick. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Catherine Zelinski at CAL.Zelinski.Steno@gmail.com. Redaction Request due 10/14/2025. Redacted Transcript Deadline set for 10/24/2025. Release of Transcript Restriction set for 12/22/2025. (DRK) (Entered: 09/23/2025) |

# EXHIBIT 2

| | | | |
|---|---|---|---|
| 09/23/2025 | 108 | | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above-captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 09/23/2025) |
| 09/23/2025 | 109 | ☑ | MOTION to Strike 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order , 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC, 91 Letter/request (non-motion), 104 Affidavit in Support of Motion by Boston College.(Rose, Alan) (Entered: 09/23/2025) |
| 09/23/2025 | 110 | ☑ | MEMORANDUM in Support re 109 MOTION to Strike 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order , 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC, 91 Letter/request (non-moti filed by Boston College. (Attachments: # 1 Exhibit 1)(Rose, Alan) (Entered: 09/23/2025) |
| 09/23/2025 | 111 | ☑ | Opposition re 97 MOTION Void the Protective Order re 68 Joint MOTION for Protective Order filed by Boston College. (Rose, Alan) (Entered: 09/23/2025) |
| 09/24/2025 | 112 | | District Judge Julia E. Kobick: REVISED SCHEDULING ORDER entered.<br><br>**REVISED DEADLINES:**<br>Fact Discovery must be completed by 1/15/2026<br>Plaintiff's trial experts must be designated and disclosed 45 days from the end of fact discovery<br>Defendant to have 30 days from receiving Plaintiffs initial trial expert report to rebut<br>Defendant's trial experts must be designated and disclosed 90 days after the end of fact discovery<br>Plaintiff to have 30 days from receiving Defendants initial trial expert report to rebut<br>The parties have the right to take a deposition of the other party's expert during the party's respective rebuttal period<br>Expert discovery shall end no later than 5/17/2026<br>Dispositive motions to be filed by 7/6/2026. Oppositions to be filed 21 days after the service of the motion. Replies must be filed 14 days after any opposition, no longer than 8 pages. (Currie, Haley) (Entered: 09/24/2025) |
| 09/24/2025 | 113 | | Copy re 112 Revised Scheduling Order emailed to Avenir Agaj on 9/24/2025. (Currie, Haley) (Entered: 09/24/2025) |
| 09/24/2025 | 114 | | District Judge Julia E. Kobick: ELECTRONIC ORDER REFERRING CASE to Magistrate Judge Jennifer C. Boal entered - **Referred for:** Full Pretrial with Case Management, Dispositive Motions (ptd) and Report and Recommendations - **Motions referred to Jennifer C. Boal:** 96 MOTION to Compel; 97 MOTION Void the Protective Order ; 103 MOTION to Determine and Discharge Attorneys' Lien Jay M. Wolman of Randazza Legal Group, PLLC; and 109 MOTION to Strike. (Currie, Haley) (Entered: 09/24/2025) |
| 09/24/2025 | 115 | | Copy re 114 Electronic Order Referring Case to Magistrate Judge emailed to Avenir Agaj on 9/24/2025. (Currie, Haley) (Entered: 09/24/2025) |

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AVENIR AGAJ, Plaintiff, v. BOSTON COLLEGE, Defendant. | ) | Civil Action No. 24-CV-10884-JEK |

ORDER ON PLAINTIFF'S MOTION TO VOID PROTECTIVE ORDER
[Docket No. 97]

November 12, 2025

Boal, M.J.

Unrepresented Plaintiff Avenir Agaj has moved to void the protective order in this case.[1] For the following reasons, I deny the motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Agaj worked for Defendant Boston College as a landscaper until he was terminated for refusing, on religious grounds, to be vaccinated against COVID-19, in violation of the College's policy. See Docket No. 1 at 1–2.

On April 5, 2024, Agaj filed this action. Id. On February 19, 2025, Attorney Jay L. Wolman filed a notice of appearance on behalf of Agaj. Docket No. 67. On March 14, 2025, Agaj, through Attorney Wolman, served his First Set of Interrogatories and Request for Production of Documents on Boston College. Docket No. 111 at 2. Boston College responded on May 7, 2025. Id. at 3.

[1] On September 24, 2025, Judge Kobick referred this case to the undersigned for all pretrial proceedings and report and recommendation on dispositive motions. Docket No. 114.

Along with its discovery responses, Boston College proposed a joint protective order to facilitate the exchange of confidential information. See id. After several revisions, the parties' attorneys agreed on a joint protective order. Id. at 3-4. Boston College filed the joint motion for a protective order, which Judge Kobick granted. Docket No. 70. Thereafter, Boston College produced approximately 900 pages of documents designated as confidential. See Docket No. 111 at 4.

On July 1, 2025, Attorney Wolman moved to withdraw, citing a breakdown in the attorney-client relationship, and Judge Kobick granted the motion. Docket Nos. 77, 86. On September 9, 2025, Agaj filed a motion to void the protective order, which Boston College opposed.[2] Docket Nos. 97, 111.

## II. ANALYSIS

Agaj contends that this Court should void the protective order because he did not personally consent to it. Docket No. 97 at 2. He also claims that Attorney Wolman acted against his wishes and accuses him of collusion with Boston College. Id.

Each party "is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (internal quotation marks omitted). This principle extends to strategic agreements made by counsel during the course of the litigation. See Reddy v. Lowe's Companies, Inc., No. 13-cv-13016-IT, 2015 WL 12964337, at *1 (D. Mass. Nov. 9, 2015) (finding that the plaintiff's disagreement with her former counsel on the handling of confidential information "is immaterial because a party is deemed bound by the

[2] Boston College has also moved to strike portions of Agaj's motion. Docket No. 109. This Court will address that request in a separate order.

acts of her lawyer-agent." (internal quotation marks omitted)); Medal Knitwear, Inc. v. Ji Hoon Jung, No. 10-CV-802, 2011 WL 96522, at *1 (E.D.N.Y. Jan. 11, 2011) (denying the pro se plaintiff's request to reopen the case, which was dismissed after the parties agreed to binding arbitration, notwithstanding the plaintiff's contention that he did not authorize his attorneys to consent to arbitration).

Here, although Agaj maintains that he objected to the protective order, there is no dispute that his attorney agreed to it. See Docket No. 97-1 at 3, 6. Agaj's attorney signed the proposed protective order and jointly moved for its endorsement by Judge Kobick. Docket Nos. 68, 70. Relying on that agreement, Boston College has produced documents designated as confidential. See Docket No. 111 at 4. If this Court were to vacate the protective order now, it would unfairly prejudice Boston College. In contrast, Agaj suffers little prejudice. While his use of the documents is restricted, he remains free under the terms of the protective order to challenge any confidentiality designation by Boston College. See Docket No. 70 at 6.

III. CONCLUSION

For the foregoing reasons, this Court denies the motion.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

# EXHIBIT 4

| | | | |
|---|---|---|---|
| 11/12/2025 | 116 | ☑ | Magistrate Judge Jennifer C. Boal: ORDER entered **DENYING** 103 Motion to Determine and Discharge Attorney's Lien (AHH) (Entered: 11/12/2025) |
| 11/12/2025 | 117 | ☑ | Magistrate Judge Jennifer C. Boal: ORDER entered **DENYING** 97 Motion to Void Protective Order (AHH) (Entered: 11/12/2025) |
| 11/12/2025 | 118 | | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered **GRANTING in part and DENYING in part** 96 Motion to Compel<br><br>Unrepresented Plaintiff Avenir Agaj worked for Defendant Boston College as a landscaper until he was terminated for refusing, on religious grounds, to be vaccinated against COVID-19, in violation of the College's policy. See Docket No. 1 at 12.<br><br>On April 5, 2024, Agaj filed this action. Id. On February 19, 2025, Attorney Jay L. Wolman of Randazza Legal Group (RLG) filed a notice of appearance on behalf of Agaj. Docket No. 67 . On July 1, 2025, Attorney Wolman moved to withdraw, citing a breakdown in the attorney-client relationship, and Judge Kobick granted the motion. See Docket Nos. 77 , 86 .<br><br>On September 9, 2025, Agaj filed this motion to compel RLG to produce his client file, including original documents he had provided to the firm, such as his pay stubs and court documents from prior cases with Boston College, which he claims are now missing. See Docket No. 96 at 6-7. On September 17, 2025, RLG filed an opposition. Docket No. 105 . RLG contends that it fully complied with Mass. R. Prof. Conduct 15A(b), which provides that "[a] lawyer must make the client's file available to a client or former client within a reasonable time following the client's or former client's request for his or her file." See id. at 2. Specifically, Agaj's client file was provided to him via a Dropbox link on August 15, 2025. Id. However, upon becoming aware that Agaj filed the link publicly with this Court, RLG disabled the link, presumably because the link contained confidential documents and information. Id. at 2 n.3. RLG needs to make these documents available to Agaj, and he needs to comply with the provisions of the protective order.<br><br>In addition, RLG submitted two sworn affidavits from its current and former paralegals, Ms. Flavin and Ms. Gregoire, respectively. See Docket Nos. 105 -1, 105 -2. Both affiants state that the documents provided by Agaj were scanned into the firm's system and that the originals were returned to him. See, e.g., Docket No. 105 -1 at 2; Docket No. 105 -2 at 3. Ms. Flavin further attests that "upon becoming apprised of Mr. Agaj's request for his purported paper files," she "undertook a thorough search" and found no such documents. Docket No. 105 -1 at 4. Therefore, this Court denies the request with respect to the original documents. (AHH) (Entered: 11/12/2025) |
| 11/21/2025 | 119 | | Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered **DENYING** 109 Motion to Strike.<br><br>Defendant Boston College has moved, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike portions of unrepresented Plaintiff Avenir Agaj's recent filings. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because the statements that Boston College seeks to strike are not pleadings as defined by Rule 7(a), Rule 12(f) does not apply. McGrath v. Town of Sandwich, 169 F. Supp.3d 251, 260 (D. |

# EXHIBIT 5

# RE: Good morning!

---

**From:** Aaron Hutchins
Aaron_Hutchins@mad.uscourts.gov
**To:** Ave Aga
avnaga10@hotmail.com
**Sent:** Monday, December 22, 2025 at 9:35 AM

Avenir Agaj,

The court was not aware that you had not received documentation until you brought it to our attention.

The court will ensure you receive any future correspondence/orders issued by the Court.

---

**Aaron Hutchins, Esq.**
**Courtroom Deputy to the**

**Hon. Jennifer C. Boal**
**United States District Court**
**District of Massachusetts**
**1 Courthouse Way - Suite 2325**
**Boston, MA 02210**
(617) 748-9238

**From:** Ave Aga <aviaga10@hotmail.com>
**Sent:** Monday, December 22, 2025 9:31 AM
**To:** Aaron Hutchins <Aaron_Hutchins@mad.uscourts.gov>
**Subject:** Good morning!

**CAUTION - EXTERNAL:**

Good morning Mr.
**Aaron Hutchins, Esq.**
**Courtroom Deputy to the**
**Hon. Jennifer C. Boal**

# EXHIBIT 6

**United States District Court**

**District of Massachusetts**

**Notice of Electronic Filing**

The following transaction was entered on 4/2/2026 at 10:33 AM EDT and filed on 4/2/2026

**Case Name:** Agaj v. Boston College

**Case Number:** 1:24-cv-10884-JEK

**Filer:**

**Document Number:** 142(No document attached)

**Docket Text:**

**District Judge Julia E. Kobick: ELECTRONIC ORDER entered.**

**Plaintiff Avenir Agaj's motion to recuse, ECF [139], is DENIED. Agaj's motion does not set forth facts demonstrating "what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting [my] impartiality."** ***In re Boston's Children First*****, 244 F.3d 164, 167 (1st Cir. 2001) (quotation marks omitted). Agaj appears to object in particular to the referral of this matter to Judge Boal for pretrial case management, including a report and recommendation on any dispositive motions, pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b). ECF [114]. The referral is not a basis for recusal. Such referrals are a standard part of civil litigation, and Judge Boal was randomly assigned to this case, as was I.** ***See*** **ECF [2]. I have reviewed the remainder of Agaj's motion, and nothing in it suggests bias or facts that would lead an objective, knowledgeable member of the public to reasonably doubt my impartiality. Accordingly, recusal is not warranted under 28 U.S.C. §§ 144, 455(a), or 455(b)(1). (Currie, Haley)**

# EXHIBIT 7

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF MASSACHUSETTS**

| | | |
|---|---|---|
| | ) | |
| **AVENIR AGAJ** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **V.** | ) | **Civil ACTION No. 1:24 –CV-10884-JEK** |
| | ) | |
| **BOSTON COLLEGE** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

**MOTION TO RECONSIDER MY MOTION TO RECUSE HONORABLE JUDGE JULIA E . KOBICK AND HER APPOINTED HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL FROM THE CASE HERE NAMED ABOVE ,FOR THE FACTS AND REASONS OF GROSS JUDICICAL MISCONDUCT WHICH INCLUDES IMPROPER EX-PARTE COMMUNICATIONS , DUE PROCESS VIOLATION, TAMPERING WITH EVIDENCE,PREJUDICE ,BIAS,MAKING FALSE REPRESENTATIONS,INTENTIONAL DENIAL OF PACER COURT ACCESS TO ME PLAINTIFF, FAILURE TO DISCLOSE CONFLICTS OF INTEREST AND COLLUSION WITH THE DEFENDANT BOSTON COLLEGE.**

**TO HONORABLE DISTRICT JUDGE JULIA E. KOBICK AND**

**HONORABLE MAGISTRATE JUDGE JENNIFER C.BOAL PRO**

**SE .**

# EXHIBIT 8

United States District Court

District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 4/6/2026 at 8:37 AM EDT and filed on 4/6/2026

**Case Name:** Agaj v. Boston College

**Case Number:** 1:24-cv-10884-JEK

**Filer:**

**Document Number:** 145(No document attached)

**Docket Text:**

**District Judge Julia E. Kobick: ELECTRONIC ORDER denying [144] MOTION to Reconsider [139] MOTION to Recuse Honorable Julia E. Kobick and her appointed Honorable Magistrate Judge Jennifer C. Boal (Currie, Haley)**

# EXHIBIT 9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| AVENIR AGAJ,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON COLLEGE,<br><br>Defendant. | ) | **Civil Action No. 1:24-CV-10884-JEK** |

**DEFENDANT TRUSTEES OF BOSTON COLLEGE'S**
**MOTION FOR EXTENSION OF TIME TO FILE SUMMARY JUDGMENT MOTION**

Defendant Trustees of Boston College ("Boston College" or "Defendant") hereby moves for a fifteen day extension of time from July 6, 2026 until July 21, 2026 to file its summary judgment motion. As grounds therefore, Boston College states:

1. The current scheduling order provides that motions for summary judgment shall be filed by July 6, 2026, oppositions to Motions for Summary Judgment shall be filed by July 27, 2026, and replies, if any, to Oppositions to Motions for Summary Judgment shall be filed by August 10, 2026.

2. Due to vacation schedules, undersigned counsel for Boston College, Meredith Doty, will have extremely limited access to the internet between June 15 and June 29, 2026. ?

3. Counsel for Boston College are presently managing several competing litigation deadlines in other matters requiring a brief enlargement of time to prepare Defendants' Motion for Summary Judgment. ?

4. The requested extension will not prejudice Plaintiff or materially delay the resolution of this matter. ?

WHEREFORE, Defendant Trustees of Boston College respectfully requests that the dates to file a motion for summary judgment, opposition, and reply be extended, each by fifteen days.

Respectfully submitted,

TRUSTEES OF BOSTON COLLEGE

By its attorneys,
*/s/ Alan D. Rose*
Alan D. Rose (BBO # 427280)
Meredith Wilson Doty (BBO # 652220)
Rose Law Partners LLP
185 Dartmouth Street, Suite 602
Boston, Massachusetts 02116
Telephone: (617) 536-0040
Facsimile: (617) 536-4400
adr@rose-law.net
mwd@rose-law.net

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, on June 18 and 19, 2026, pursuant to D. Mass. Local Rule 7.1(A)(2), I communicated with pro se plaintiff Avenir Agaj, who states that he opposes the relief sought by this motion.

*/s/Alan D. Rose*
Alan D. Rose

**CERTIFICATE OF SERVICE**

I hereby certify that I caused this document to be filed through the ECF system and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper and/or electronic copies will be sent to those indicated as non-registered participants.

*/s/Alan D. Rose*
Alan D. Rose

# EXHIBIT 10

# Avenir Agaj v. Boston College, D. Mass, Civil Action No. 1:24-cv-10884-JEK

---

**From:** Fiona Bor afb@rose-law.net
**To:** aaron_hutchins@mad.uscourts.gov aaron_hutchins@mad.uscourts.gov
**Cc:** Alan D. Rose, Sr. adr@rose-law.net, Meredith Doty mwd@rose-law.net, Ave Aga aviaga10@hotmail.com
**Sent:** Wednesday, June 24 at 2:55 PM

Dear Clerk Hutchins,

In connection with the above-referenced matter, on June 22, 2026, Defendant

Trustees of Boston College filed a Motion for Extension of Time to File Summary Judgment Motion (ECF No. 148) requesting that the deadline be extended from July 6, 2026 to July 21, 2026.

The deadline for Plaintiff to Oppose the Motion for Extension of Time and the current deadline for filing dispositive motions are both July 6, 2026. Accordingly, we request a decision on the Motion for Extension of Time at the Court's earliest convenience.

Thank you very much.

Best,
Fiona

**Fiona Bor**
**Paralegal**
**She/Her**

ROSE
LAW PARTNERS LLP

***Please note effective March 23rd 2026 our new address is****

185 Dartmouth Street, Suite 602
Boston, MA 02116
(617) 536-0040 - Office
(617) 536-4400 - Fax

**www.rose-law.net**

*CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended*

# EXHIBIT 11

# Automatic reply: Agaj v Boston College

---

**From:** Meredith Doty
mwd@ross-law.net

**To:** Ave Aga
avagaj10@hotmail.com

**Sent:** Friday, June 19 at 10:42 AM

I will be out of the office from Monday, June 15 through Friday, June 26, 2026, returning to the office on Monday, June 29, 2026. I will be checking messages but may have more limited capability to do so from June 15 - June 19. If you require immediate assistance in my absence, please call the office at [illegible].

Thank you,
Meredith Wilson Doty

Meredith Doty

ROSE
LAW PARTNERS LLP

***Please note effective March 23rd 2026 our new address is***

185 Dartmouth Street, Suite 602
Boston, MA 02116
(617) 536-0040 - Office
(617) 536-4400 - Fax

www.rose-law.net

*CONFIDENTIALITY NOTE:*
*The information contained in this transmission may be privileged and confidential information, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby*

# EXHIBIT 12

## Orders on Motions

1:24-cv-10884-JEK Agaj v. Boston College

CASREF,MOTREF,ProSe,RefFPT

**United States District Court**

**District of Massachusetts**

### Notice of Electronic Filing

The following transaction was entered on 7/8/2026 at 9:21 AM EDT and filed on 7/8/2026
**Case Name:** Agaj v. Boston College
**Case Number:** 1:24-cv-10884-JEK
**Filer:**
**Document Number:** 154(No document attached)

**Docket Text:**
**Magistrate Judge Jennifer C. Boal: ELECTRONIC ORDER entered DENYING [153] Motion to Vacate & Motion for Recusal. On June 22, 2026, Defendant Boston College filed a motion to extend the dispositive motion deadline, Docket No. [148], which this Court granted on June 29, 2026, Docket No. [150]. Plaintiff Agaj now moves to vacate that order, arguing he was not afforded adequate time to respond to the motion. Docket No. [153] at 3. Reasonable requests to extend filing deadlines are routinely granted and fall squarely within the Court's discretion. Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, a court may extend a deadline for good cause "with or without motion or notice" if the request is made before the original deadlines expiration. Nevertheless, this Court has reviewed Agaj's subsequent opposition, see Docket No. [151], and finds no basis to alter its prior ruling. Accordingly, the motion to vacate is denied.**

**Agaj also renews his request for my disqualification. I have previously rejected such a request, finding that Agaj has not satisfied the basis for doing so as his principal complaint appears to be unfavorable rulings. Docket No. [133]. Because Agaj offers no new facts or legal grounds to support his position, there is no basis to reconsider that ruling. Accordingly, the motion to disqualify is also denied. Agaj may, of course, appeal any of my rulings to Judge Kobick. (AHH)**

**1:24-cv-10884-JEK Notice has been electronically mailed to:**

Alan D. Rose, Sr adr@rose-law.net

Meredith Wilson Doty mwd@rose-law.net

Avenir Agaj aviaga10@hotmail.com

**1:24-cv-10884-JEK Notice will not be electronically mailed to:**