UNITED STATES DISTRICT COURT

FOR THE

DISTRICT COURT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 SEP 23 P 12:39
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ) | |
| AVENIR AGAJ ) | |
| Plaintiff ) | |
| ) | |
| V. ) | Civil ACTION No. 1:24 –CV-10884-JEK |
| ) | |
| BOSTON COLLEGE ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | |

**PLAINTIFF AVENIR AGAJ ADDITIONAL REPLY IN BRIEF AND FURTHER SUPPORT IN OPPOSITION TO DEFENDANT TRUSTEES OF BOSTON COLLEGE'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DEEM CERTAIN FACTS ADMITTED AND TO STRIKE OR DISREGARD PLAINTIFF'S IMPROPER SUMMARY JUDGMENT SUBMISSIONS.**

---

PRO SE .

AVENIR AGAJ

Pursuant to Federal Rule of Civil Procedure 56 (c) (2) and Local Rule 56, Plaintiff Avenir Agaj Respectfully submits

PLAINTIFF AVENIR AGAJ ADDITIONAL REPLY IN BRIEF AND FURTHER SUPPORT IN OPPOSITION TO DEFENDANT TRUSTEES OF BOSTON COLLEGE'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DEEM CERTAIN FACTS ADMITTED AND TO STRIKE OR DISREGARD PLAINTIFF'S IMPROPER SUMMARY JUDGMENT SUBMISSIONS

PRO SE .

**AVENIR AGAJ**

As previously stated to this court by me the plaintiff Avenir Agaj Pursuant to Federal Rule of Civil Procedure 56 (c) (2) and Local Rule 56, Plaintiff Avenir Agaj Respectfully submits ADDITIONAL REPLY IN BRIEF Opposition to Defendant Trustees of Boston College ("Boston College") the Motion to Deem Certain Facts Admitted and to Strike or Disregard Plaintiff's Improper Summary Judgment Submissions.

A motion to strike evidence in a Federal Rule of Civil Procedure 56 summary judgment context is generally improper under current federal practice, and parties should instead object that the material cannot be presented in an admissible form.

**Proper Procedure:** Instead of a standalone motion to strike, "parties should: Respond to disputed facts • File an objection to the document • Object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence",

**Defendant's Perspective:** When a defendant seeks to attack a plaintiff's flawed evidence or a premature filing, courts prefer these challenges integrated directly into the response briefs or separate evidentiary objections rather than as auxiliary delay tactics.

In support of this motion, Plaintiff Avenir Agaj relies upon the accompanying Memorandum of Law and exhibits thereto.

On August 11, 2026, Plaintiff filed Plaintiff's Opposition to Defendant Trustees of Boston College Concise Statement of Material Facts, attaching five exhibit files [ECF 167], six Oppositions to Affidavits that Plaintiff Avenir Agaj filed in support of its Motion for Summary Judgment [ECF 155-173], and Plaintiff's Statement of Additional Material Facts [ECF 174].

Plaintiff repeatedly purports to deny Boston College's properly supported statements of material fact citing record evidence as required by Local Rule 56. and Rule 56(c)(2).

Plaintiff's additional opposition to summary judgment submissions likewise contain supported factual assertions, legal argument, material inside Plaintiff's personal knowledge and competence, and evidence that is material or can properly be considered in summary judgment.

A party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement by, say, filing a later

affidavit that flatly contradicts that party's earlier sworn deposition without explaining the contradiction or attempting to resolve the disparity.

The purpose of a motion to strike is not to challenge the admissibility nor credibility of evidence at summary judgment. Instead, the "scope of motions to strike is limited to challenging documents not in compliance with the Federal Rules of Civil Procedure." This proposition was illustrated nicely in the District of Massachusetts case of *Wilber v. Curtis*, where, for example, the plaintiff moved to strike a fact on summary judgment on the basis that the fact repeated incorrect information provided by an incompetent witness. The *Wilber* court succinctly denied plaintiff's motion to strike, holding that although plaintiff "seeks to discredit the defendants' statement, this is not a basis for striking it."

All of this is to say that motions to strike on summary judgment are not only improper under the Federal Rules of Civil Procedure but are also an inefficient and counterproductive use of resources. The 2010 amendments to Rule 56 clarified that admissibility challenges should be raised through objections rather than separate motions, reflecting a shift toward a streamlined and focused pretrial process. Misusing motions to strike to contest credibility or admissibility wastes valuable time and risks unfavorable rulings. By understanding and adhering to these procedural guidelines, parties can avoid unnecessary disputes, preserve judicial resources, and maintain a respected reputation with the court.

Case 1:24-cv-10884-JEK Documenti76- Filed 08/25/26 Page2of3 Plaintiff Avenir Agaj respectfully moves for an Order to DENY Defendant Boston College MOTION TO DEEM CERTAIN FACTS ADMITTED AND TO STRIKE OR DISREGARD PLAINTIFF'S IMPROPER SUMMARY JUDGMENT SUBMISSIONS.

1. Deeming admitted the facts set forth in Plaintiffs Statement of Material Facts

[ECF 155- 174] that Plaintiff showed properly to controvert with citations to competent

record evidence, as identified in Exhibit 1-5 to Plaintiff's accompanying

Memorandum of Law; and

2. All of this is to say that motions to strike on summary judgment are not only improper under the Federal Rules of Civil Procedure but are also an inefficient and counterproductive use of resources. The 2010 amendments to Rule 56 (c) (2) clarified that

admissibility challenges should be raised through objections rather than separate motions,

3.Boston College does not ask the Court to resolve credibility, weigh evidence, or penalize Plaintiff. Defendant Boston COLLEGE It asks the Court to decline to consider the portions of Plaintiff's submissions that do not comply with Local Rule 56.1 and Rule 56.

Plaintiff Avenir Agaj disagree with that statement and request because all the documents presented to the court and not only a portion were submitted in the same way in accordance to Rule 56, and Defendant Boston College does not have the right to pick and choose what evidence I plaintiff Avenir Agaj present to the court Federal Rule of Civil Procedure 56 (c) (2) and Local Rule 56 is clear about that.

What Defendant can do is to provide evidence that the facts presented by the plaintiff are not true.

I. PLAINTIFF DISPUTES THE LABEL OF THE MOTION, NOT THE SUBSTANCE!

Plaintiffs Answer.

Plaintiff's principal argument is that a motion to strike is an improper vehicle for

challenging materials submitted at summary judgment.

Plaintiff Avenir Agaj disputes everything that the Defendant Boston College has filed the LABEL of the MOTION , the SUBSTANCE of the MOTION and anything else included Pursuant to Federal Rule of Civil Procedure 56 (c) (2) and Local Rule 56.

District of Massachusetts case of *Wilber v. Curtis* Case No. 15-10170-JCB

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 sets forth the rules governing summary judgment, including the procedures for supporting and/or objecting to a party's factual positions. **Fed. R. Civ. P. 56(c)**. Only evidence that would be admissible at trial may be considered in connection with a motion for summary judgment, and a party may object to a fact on the basis that the material cited to support or dispute that fact cannot be presented in a form that would be admissible in evidence. **Fed. R. Civ. P. 56(c)(2)**; see also Iorio v. Aramark Servicemaster, No. 03-40147-FDS, 2005 WL 3728715, at *6 (D. Mass. Sept. 30, 2005). For that reason, hearsay evidence is inadmissible for summary judgment purposes "unless it falls within one of the exceptions specified in the Federal Rules of Evidence." Ramirez Rodriguez v. Boehringer Ingelheim Pharm., Inc., 425 F.3d 67, 76 (1st Cir. 2005).

With respect to affidavits submitted in support of motions for summary judgment, they must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." **Fed. R. Civ. P. 56(c)(4).** "When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory but does not give a satisfactory explanation of why the testimony is changed." Colantuoni v. Alfred Galcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994) (citations omitted). "The purpose of this sham affidavit rule is to protect the procedural integrity of summary judgment." Mahan v. Boston Water & Sewer Comm'n, 179 F.R.D. 49, 53 (D. Mass. 1998). "If a party simply could offer a contradictory, post-deposition affidavit to defeat summary judgment without providing a 'satisfactory explanation' for the contradiction, the purpose of summary judgment would be defeated." Id. (citing Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2nd Cir. 1969)). However, "[a] subsequent affidavit that merely explains, or amplifies upon, opaque testimony given in a previous deposition is entitled to consideration in opposition to a motion for summary judgment." Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 26 (1st Cir. 2002). The proponent of the challenged evidence bears the burden of proving admissibility. United States v. Bartelho, 129 F.3d 663, 670 (1st Cir. 1997).

**A. Wilber's Motion To Strike**

Wilber objects to Def. SOF ¶¶ 8, 11, 16, 39, and 40 on various grounds, including that they contain hearsay. See Dkt. No. 58. After carefully reviewing the record and the parties' arguments, the Court finds that these statements are admissible and relevant to the issues in the instant action. Accordingly, for the reasons outlined herein, Wilber's motion is denied.

II. PLAINTIFF MAKES NONE OF THE SHOWINGS REQUIRED TO AVOID DEEMED

ADMISSION.

I plaintiff Avenir Agaj have provided evidence of the Disputes and Provided the Court with copies of sworn affidavits further, i have provided the court a separate section titled PLAINTIFFS STATEMENT OF ADDITIONAL MATERIAL FACTS.

A. Plaintiff Does Not Controvert Facts with Record Citations.

PLAINTIFF ANSWER.

I Do Controvert facts with record Citations at the best of my ability as PRO SE litigant Pursuant rule 56.1 Plaintiffs statement of material facts.

I the plaintiff A VENIR AGAJ did declare under penalty of perjury under the laws of United States that the foregoing is true and correct. (see Plaintiffs Affidavit)

B. Plaintiff Does Not Show His Affidavits Satisfy Rule 56(c)(4)

PLAINTIFF ANSWER.

Plaintiff Avenir Agaj show that the Affidavit Satisfy Rule Rule 56(c)(4)

Federal Rule of Civil Procedure 56(c)(4) states that an affidavit or declaration used to support or oppose a summary judgment motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

## Key Requirements of Rule 56(c)(4)

- **Personal Knowledge:** The person signing the affidavit or declaration must have direct, firsthand knowledge of the facts, rather than relying on hearsay or rumors.
- **Admissible Evidence:** The facts contained within the statement must be of a type that would be legally admissible at a regular court trial (not based on excluded or improper evidence).
- **Competency:** The document must explicitly show that the witness is legally and mentally qualified and capable of testifying those specific matters. [1, 2]
- Plaintiff shows that all the requirements are met. Pursuant Rule 56(c)(4) after all The evidence presented is firsthand knowledge of facts and i did not rely on shopping for witnesses like the defendant Boston College.

C. Plaintiff Does Not Show His Exhibits Are Admissible

PLAINTIFFS ANSWER

For a plaintiff's exhibit to be admissible in court, it must be relevant, authenticated, and free of valid legal objections such as hearsay.

And my exhibits presented to this court satisfy all the requirements below.

## Core Requirements for Admissibility

- **Relevance:** The evidence must make a fact of consequence in the case more or less probable, as outlined in rules like Feder.al Rule of Evidence 402
- **Authentication:** You must lay a foundation through a competent witness who can verify that the exhibit is what you claim it is (such as a signed contract or a genuine photograph). [1, 2, 3]
- **Hearsay and Exceptions:** If the document is an out-of-court statement offered to prove the truth of the matter asserted, it must fall under a recognized hearsay exception (like business records).
- **Proper Marking and Disclosure:** Exhibits must be pre-marked (typically with numbers for plaintiffs) and disclosed to the opposing party according to Federal Rule of Civil Procedure 26 or local court trial guidelines. [1, 2]

Follow these steps in introducing exhibits during the trial: mark the item, show opposing counsel, have a witness to identify and authenticate it, and formally move it into evidence.

Further the evidence presented was Provided to my Former attorney Jay M, WOLMAN and was presented to the opposing party during the discovery process as required by rule 26.

III. PLAINTIFF'S REQUEST THAT HIS OWN FACTS BE DEEMED ADMITTED

HAS NO BASIS IN THE RULES.

PLAINTIFFS ANSWER.

Facts were provided to Defendant Boston College during the discovery process.

UDER RULE 36 Facts provided by a plaintiff during discovery can be deemed admitted as evidence, but only through specific discovery mechanisms like Requests for Admissions (RFAs) or if a court orders them admitted due to a party's failure to respond.

## How Facts Become Admitted

- **Requests for Admissions (RFAs):** Under rules like Federal Rule of Civil Procedure 36, a party can ask an opposing party to admit the truth of a fact. If the plaintiff (or defendant) fails to answer or object within the allowed time—usually 30 days—the facts are automatically deemed admitted. [1, 2]

- **Motion to Deem Admitted:** If a party refuses to respond properly to RFAs, the requesting party can ask the court for a Motion to Deem Facts Admitted. Once the court grants this, those facts are locked in. [1, 2, 3]
- **Conclusive Effect:** Unlike regular discovery answers (like standard interrogatories or depositions that can be disputed or contested at trial), a fact formally admitted through an RFA is **conclusively established** for that case. The plaintiff cannot later try to contradict that admitted fact at trial unless the court permits them to withdraw or amend the admission.

Therefore, Defendant Boston College failed to respond to RFA .

IV. PLAINTIFF'S IMPROPER FILINGS DO NOT COMPLY WITH THE RULES

AND SHOULD BE DISREGARDED.

PLAINTIFFS ANSWER.

Federal Rule of Civil Procedure 7 limits allowable court pleadings to a specific, closed set that defines the roles and responses of plaintiffs and defendants. [1, 2]

## Allowed Pleadings Under Rule 7(a)

Only these specific documents are permitted in federal civil cases:

- **Complaint:** Filed by the plaintiff to start the lawsuit and state claims.
- **Answer to a complaint:** Filed by the defendant to respond to the claims.
- **Motions and Form Under Rule 7(b)**
- **Requests for orders:** Any request made to a judge outside of a trial must be a **motion**.
- **Form:** Motions must be in writing (unless spoken during a hearing or trial), state the grounds with clear detail, and state the exact relief wanted.
- **Abolished filings:** Technical old filings like demurrers and traditional pleas are not allowed.

Rule 7(a)(7) of the Federal Rules of Civil Procedure allows a federal court to order a **reply to an answer**.

**Closed Pleadings:** Under FRCP 7, federal practice uses a closed set of pleadings. Extra responses, sur-replies, or additional pleadings are not permitted unless explicitly ordered or allowed by the court.

Under Federal Rule of Civil Procedure 15, a plaintiff can amend their complaint once as a matter of course within 21 days of serving it, or within 21 days of the defendant serving a responsive pleading or a Rule 12 motion.

CONCLUSION

The Defendant Boston College has failed to answer the core legal questions and is attempting to create a "SMOKE SCREEN"

The defendant is attempting to divert the courts' attention from a motion for summary judgment and create a TRIABLE issue of material fact where none exists, to delay the ruling to buy time and to cloud focus.

Common irrelevant factual disputes flooding the court with minor disputed facts.

The defendant Boston College has OVEREMPHASIZING AFFERMATIVE DEFENSES instead of focusing of addressing the core elements of the plaintiffs' claims and has leaned heavily on technical affirmative defenses like laches, waivers, or standing that might not fully supported by evidence.

AD HOMINEM attacks or procedural GRIPES.

Focusing heavily on the plaintiffs to conduct alleged discovery of misconduct or minor procedural defects rather than actual merits of the legal argument.

Pursuant rule 56 Statement of Material Facts,

For the foregoing reasons, Plaintiff AVENIR AGAJ respectfully requests that the Court DENY defendant Boston College Motion and (1) deem admitted the paragraphs of Boston College's Statement of Material Facts identified in ECF 177-1; (2) Grant (1) Plaintiffs Statement of Additional Material Facts and exhibits identified in ECF 177-2, 177-3; (41) Plaintiff's opposition affidavits, ECF 168- 73; and (111) ECF 180 and ECF 183; and (3) Grant Plaintiff's request as to his own facts as admitted evidence.

WHEREFORE, Plaintiff Avenir Agaj respectfully requests that the Court DENY or Disregard Defendant Boston College Motion for SUMMARY JUDGMENT and ALL OTHER MOTIONS to STRIKE and move forward with a Jury trial, and GRANT me the plaintiff AVENIR AGAJ the relief requested and regard the request as objections.

**CERTIFICATE OF SERVICE**

**I hereby certify that I caused this document to be filed at clerks office in person and that it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper and/or electronic copies will be sent to those indicated as non-registered Participants.**

**PRO SE. AVENIR AGAJ on behalf of itself Plaintiff**

**Today 23 day of September 2026**

**14 PAUL STREET** **Signed :** AVENIR AGAJ

**BURLINGT0N** **Avenir Agaj**

**MA,01803**

**CELL: 857-544-0780** **Aviaga10@hotmail.com**