FILED
IN CLERKS OFFICE
2026 OCT 20 P 3:34
U.S. DISTRICT COURT
DISTRICT OF MASS.

# EXHIBIT 1

**UNITED STATES COURT OF APPEALS**

**FOR THE FIRST CIRCUIT**

**DISTRICT COURT OF MASSACHUSETTS**

| | | |
|---|---|---|
| | ) | **No. 26 - 1887** |
| **AVENIR AGAJ** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **V.** | ) | **Civil ACTION No. 1:24 –CV-10884-JEK** |
| | ) | |
| **BOSTON COLLEGE** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS MOTION FOR RELIEF FROM ORDER RE-PETITION REHEARING AND RECONSIDERATION FOR WRIT OF MANDAMUS IN PERSON.**

---

**PRO SE.**

**PLAINTIFF AVENIR AGAJ**

**RESPECTFULLY SUBMITTS THIS MOTION FOR RELIEF FROM ORDER FOR RE-PETITION REHEARING AND RECONSIDERATION FOR WRIT OF MANDAMUS IN PERSON TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS FOR THE REASONS AND FACTS STATED AN PRESENTED BELOW.**

**In the light of the the DISCOVERY by me plaintiff AVENIR AGAJ i request and i RE-PETITION relief in a form of JUDICIAL REVIEW, (MARBURY V MADISON) 1803 because Chief Justice of the UNITED STATES COURT OF APPEAL FOR THE FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS HONORABLE DAVID J. BARRON intentionally failed to disclose connections with the defendant BOSTON COLLEGE thus violating the JUDICIAL ETHICAL canons 1,2,3, which are designed to preserve the INTEGRITY,**

**INDEPENDENCE, and IMPARTIALITY of the judiciary. The evidence and a number of exhibits will be provided on my affidavit.**

**Commencement Speaker: Boston College Law School 92nd Commencement** took place on Friday, May 22, 2026 Chief Judge David J. Barron of the U.S. Court of Appeals for the First Circuit delivered the keynote address, encouraging graduates to align their careers with their personal character and circumstances.

**Core Canons of Judicial Conduct**

- **Canon 1: Uphold Judicial Independence and Integrity** – Judges must enforce high conduct standards to preserve judiciary independence and impartiality.
- **Canon 2: Avoid Impropriety and the Appearance of Impropriety** – Judges must avoid actual wrongdoing and the perception of it in both personal and professional spheres, extending fairness duties to administrative and staff-management roles under guidelines.
- **Canon 3: Perform Duties Fairly, Impartially, and Diligently** – Duties must be carried out without bias, avoiding *ex parte* communications and managing necessary recusals.
- **Federal Judges:** Governed by the U.S. Judicial Code and the Judicial Conduct and Disability Act of 1980, with a dedicated code also adopted by the U.S. Supreme Court.28 **U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge**
- (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
- (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
- (1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;
- (Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

**IN CONCLUSION I PLAINTIFF AVENIR AGAJ REQUEST THE FOLLOWING THROUGH THIS MOTION FOR RE-PETITION TO THE UNITED STATES COURT OF APPEAL FOR THE FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS:**

**1.TO VOID THE ORDER ISSUED BY Chief Justice of the UNITED STATES COURT OF APPEAL FOR THE FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS HONORABLE DAVID J. BARRON ISSUED ON SEPTEMBER 28.2026 as been unlawful and in violation Of the Core Canons of Judicial Conduct.**

**2.Immidiate Recusal of Chief Justice of the UNITED STATES COURT OF APPEAL HONORABLE DAVID J. BARRON, UNITED STATES COURT OF APPEAL JUDGE LARA E. MONTECALVO, UNITED STATES COURT OF APPEAL JUDGE JOSHUA D.DUNLAP from any FUTURE COURT preceding's that involves the case AVENIR AGAJ V BOSTON COLLEGE.**

**3.TO GRANT ME MY WRIT OF MANDAMUS HEARING IN PERSON BEFORE AN IMPARTIAL PANEL FOR RECUSAL AGAINST HONORABLE DISTRICT JUDGE JULIA E. KOBICK AND JUDGE MAGISTRATE JENNIFER C. BOAL.**

**I hereby certify that a copy of this document has been sent via e-mail to Mr. ALAN D. ROSE, Ms Meredith Doty, MS Jessica L. Perillo, Counsel for Defendant BOSTON COLLEGE. And A Copy was filed on the UNITED STATES DISTRICT COURT OF APPEAL FOR THE DISTRICT COURT OF MASSACHUSETTS Clerks office. And A Copy was filed on the UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF MASSACHUSETTS Clerks office.**

**PRO SE. AVENIR AGAJ on behalf of itself Plaintiff .**

**Signed , Today 20 day of OCTOBER 2026**

**14 PAUL STREET** **Signed :** AVENIR AGAJ

**BURLINGT0N** **Avenir Agaj**

**MA,01803**

**CELL: 857-544-0780** **Aviaga10@hotmail.com**

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

DISTRICT COURT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | No. 26 - 1887 |
| AVENIR AGAJ | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | Civil ACTION No. 1:24 –CV-10884-JEK |
| | ) | |
| BOSTON COLLEGE | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

**PLAINTIFFS AFFIDAVIT OF FACT IN SUPPORT OF MOTION FOR RELIEF FROM ORDER RE-PETITION REHEARING AND RECONSIDERATION FOR WRIT OF MANDAMUS IN PERSON.**

---

**PRO SE.**

**PLAINTIFF AVENIR AGAJ**

**RESPECTFULLY SUBMITTS THIS AFFIDAVIT OF FACT IN SUPPORT OF MOTION FOR RELIEF FROM ORDER FOR RE-PETITION REHEARING AND RECONSIDERATION FOR WRIT OF MANDAMUS IN PERSON TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS FOR THE REASONS AND FACTS STATED AN PRESENTED BELOW.**

**On the 28 September 2026 i plaintiff Avenir Agaj received the following court order**

**Before Barron, Chief Judge, Gelpi, Montecalvo, Rikelman, Aframe, and Dunlap, Circuit Judges . No. 26 - 1887**

**Petitioner has filed a petition for rehearing en banc. To the extent that the petition seeks recusal of any First Circuit judge, that request is denied. Pursuant to First Circuit Internal Operating Procedure X(C), the petition for rehearing en banc has also been treated as a petition for rehearing before the original panel. The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and petition for rehearing en banc be denied.**

**EXHIBIT 1.**

**NOW I PLAINTIFF AVENIR AGAJ DISAGREE WITH THIS DECISION of DENIAL writ to mandamus and i will state the following facts the reason why my request for rehearing my Writ of Mandamus against honorable judge Julia E. Kobick and Judge Magistrate Jennifer C. Boal was DENIED by Honorable Chief Judge David J. Barron and other judges is because the connections the have and preserve with the defendant BOSTON COLLEGE. Connections and conflicts of interest that they have intentionally failed to disclose even though they are required by law to disclose before taking part in any proceedings and undoubtedly violates the canons 1,2,3 and the ethical rules of the court also under 28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge.**

CONNECTION 1. with defendant BOSTON COLLEGE .

Chief Judge **David J. Barron** of the U.S. Court of Appeals for the First Circuit served as the keynote speaker for the Boston College Law School 2026 Commencement on May 22, 2026, held on the Chestnut Hill campus.

**EXHIBIT 2**. BC law article. April 21. May 22 2026.

- **Commencement Address:** Chief Judge Barron urged the Class of 2026 to find personally aligned, meaningful legal work, maintain accountability to history, and protect independent legal reasoning against the rise of artificial intelligence.

  Connection 2 with the defendant BOSTON COLLEGE.

- **Background:** Appointed to the First Circuit in 2014 and serving as Chief Judge since 2022, Barron is a former Harvard Law School professor, Acting Assistant

Attorney General for the Office of Legal Counsel, and former clerk for U.S. Supreme Court Justice John Paul Stevens (R.I.P) also BOSTON COLLEGE.

- Connection 3 . Barron, who was appointed to the First Circuit in 2014 and became Chief Judge in 2022, brought a personal connection to the occasion: his godfather, Sanford Katz, was a legendary BC Law professor for nearly half a century. Before joining the bench, Barron served as Acting Assistant Attorney General for the Office of Legal Counsel of the U.S. Department of Justice.
  **EXHIBIT 3.** PERSONAL connection with defendant BOSTON COLLEGE.
  BC LAW MAY 22, 2026. His godfather, Sanford Katz, was a legendary BC Law professor.(R.I.P)

CONNECTION 4. With defendant BOSTON COLLEGE.

First Circuit Court of Appeals Judge David Barron engaged in a wide-ranging interview with Boston College Founders Professor Mary Bilder in March, in which he discussed his personal experiences as a law professor and public servant. His observations touched upon everything from Constitutional interpretation to practical application of civil liberties in a judicial context, and the different dynamics of state, supreme, and circuit courts.

The event, held at BC Law, was sponsored by the Clough Center for the Study of Constitutional Democracy, the American Constitution Society, and BC Law Dean's Office.

**EXHIBIT 4.** BC LAW .April 29 2016 conversation with judge D.BARRON

Now as proven with evidence on my other filings Chief Judge Barron is not the only one with direct connections to the defendant BOSTON COLLEGE honorable Judge Lara E. Montecalvo and Judge Joshua .Dunlap have direct connections with the defendant BOSTON COLLEGE.

Judge Lara E. Montecalvo Boston College Law School's 2024 Commencement Ceremony, Lara E. Montecalvo '00, a former public defender now serving on the United States Court of Appeals for the First Circuit,

Now defendant BOSTON COLLEGE hosting the ceremony is the primary party in an active lawsuit within the judge's jurisdiction, speaking at the event compromises public confidence in the judges NEUTRALITY. The case had arise and the judge should face mandatory recusal due to their close association with the defendant BOSTON COLLEGE which suggests favoritism, conflicts of interest, or ex parte influence, and creates clearly appearance of impropriety necessitates withdrawing from the speaking role. Under canon 3. Model Code of Judicial Conduct (governing personal and

extrajudicial activities) a judge must not use prestige of their office to advance the financial interests of others. And based on the articles presented, defendant BOSTON COLLEGE has used BARRON, MONTECALVO judge's tittle or judicial status to MARKET the event in a way that suggests a special judicial endorsement, promotional mechanism for the institution BOSTON COLLEGE.

COINCIDENCE? Which of you HONORABLE JUDGES will be preceding commencement next year at DEFENDANT BOSTON COLLEGE law school?

And when i stated that the DEFENDANT BOSTON COLLEGE has infiltrated the US JUSTICE SYSTEM THAT it appears to be an understatement because the more my case moves higher more discovery's i make regarding the network of connections that the defendant BOSTON COLLEGE has with JUSTICES in local, state, and federal courts.

My case has merits according to the law and if it were to be dismissed would be as the result of BRIBERY AND CORRUPTION in FEDERAL COURT.

And another fact is that i am not the only one complaining about ethics and corruption scandals that have plagued our federal courts for decades. Senator E. WARRENN is too and that is not a new fact.

**EXHIBIT 5** .Judicial Ethics and Anti-Corruption Act. Sen E. WARREN.

QUID PRO QUO!!

NOW LET ME ASK YOU THIS WHAT CHANCE OF APPEAL A PRO SE LITIGANT HAS WHEN THE JUDGES TOP JUDGES HAVE AND DONT DISCLOSE DIRECT CONNECTION WITH THE DEFENDAT BOSTON COLLEGE, WHEN THE JUDGES ARE COUGHT RIGHT-HANDED IN EXPARTE COMMUNICATION AND ACTIVELY ENGAGE IN PREVENTING DISCOVERY AND DESPITE THE UNDISPUTED EVIDENCE THEY ARE IN DENIAL? IS THAT NOT A JUDICIAL MISCONDUCT? DOES THAT NOT REQUIRES A RECUSAL IN THE NAME OF TRUTH JUSTICE IMPARTIALITY AND FAIRNESS? IS IT TOO MUCH TO ASK FOR TRUTH, JUSTICE???

IS THAT HOW THE DEFENDANT BOSTON COLLEGE PLANS TO WIN THIS CASE THROUGH CORRUPTION AND BRIBERY? FRIENDS IN HIGH PLACES?

CAUSE THE EVIDENCE IS CLEAR I HAVE EXPOSED THE LINKS, THAT IS THE SUMMARY OF ALL THIS.

Facts are Judges in local, state, and federal courts across the country routinely hide their connections to litigants and their lawyers. These links can be social – they may

have been law school classmates or share common friends – political, financial or ideological. In some instances, the two may have mutual investment interests. They might be in-laws. Occasionally they are literally in bed together. While it's unavoidable that such relationships will occur, when they do create a perception of bias, a judge is duty-bound to at the very least disclose that information, and if it is creating an actual bias, allowing a different judge to take over. All too often, however, the conflicted jurist says nothing and proceeds to rule in favor of the connected party, while the loser goes off without realizing an undisclosed bias doomed in my case.

"Everybody should have the right to ensure the judge sitting on their case doesn't have a conflict It's absolutely imperative that people have full faith and confidence in the judicial process. Court critics say that one reason judicial violations are common is because they frequently go unpunished. When litigants ask a judge to back away because of a conflict, they risk being told no, then face possible retaliation, so many don't bother. Not me thought PLAINTIFF AVENIR AGAJ .If a litigant or an attorney files a complaint with an oversight body, there's only about a 10% chance that state court authorities will properly investigate the allegation, "Fair and impartial justice requires that judges act without regard to the identity of parties or their attorneys, the judge's own interests or likely criticism," said the resolution of the Conference of Chief Justices in January 2014. A judge should step away when there is "actual conflict or bias or other impropriety...or when a reasonable disinterested person would conclude that an appearance of impropriety exists."

NOW regarding the law and the rules.

To ensure fairness to all parties, Cannon 3 of the Code of Conduct for United States Judges bars judges from considering *ex parte* communications.

NOW IT WAS EXPARTE COMMUNICATION BETWEEN, JUDGE KOBICK, JUDGE MAGISTRATE J C .BOAL MY FORMER ATTORNEY J.M. WOLMAN AND THE DEFENDAT COUNSEL ALAN D. ROSE DURING SEPTEMBER -NOVEMBER 2025. THOSE ARE THE FACTS UNDISPUTED!

FURTHER.

**Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary**

An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

**Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in all Activities**

(A) *Respect for Law.* A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

AND YOU DONT!

(B) *Outside Influence.* A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.

AND YOU HAVE!

(C) *Nondiscriminatory Membership.* A judge should not hold membership in any organization that practices invidious discrimination on the basis of race, sex, religion, or national origin AND YOU HAVE WITH THE DEFENDANT BOSTON COLLEGE!

**Canon 2A**. An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including harassment and other inappropriate workplace behavior. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by ordinary citizens. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.

**Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently**

The duties of judicial office take precedence over all other activities. The judge should perform those duties with respect for others, and should not engage in behavior that is

harassing, abusive, prejudiced, or biased. The judge should adhere to the following standards:

(A) *Adjudicative Responsibilities.*

(1) A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

(2) A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings.

(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process.

(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested. A judge may:

(a) initiate, permit, or consider ex parte communications as authorized by law;

(b) when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication;

(c) obtain the written advice of a disinterested expert on the law, but only after giving advance notice to the parties of the person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received; or

(d) with the consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters.

**Compliance with the Code of Conduct**

Anyone who is an officer of the federal judicial system authorized to perform judicial functions is a judge for the purpose of this Code. All judges should comply with this Code!!!!

FURTHER

Questions from Senator Thom Tillis for Lara E. Montecalvo Nominee to be US Circuit Judge for the First Circuit

15. NOW when asked under OATH Lara E. Montecalvo regarding Mandamus is an extraordinary remedy that the court of appeals invokes against a district court only when the petitioner has a clear and indisputable right to relief and the district judge has clearly abused his or her discretion. Nearly every issuance of mandamus may be viewed as a rebuke to the district judge, and repeated issuances of mandamus relief against the same judge on the same issue suggest that the judge is ignoring the law and flouting the court's orders. a. If a single judge is repeatedly reversed on mandamus by a court of appeals on the same issue within a few years' time, how many such reversals do you believe must occur before an inference arises that the judge is behaving in a lawless manner?
16. Response: I have not had occasion to professionally study the frequency of mandamus reversals by the courts of appeal and do not have a basis for an opinion on this issue.

17. b. Would five mandamus reversals be sufficient? Ten? Twenty?
18. Response: I have not had occasion to professionally study the frequency of mandamus reversals by the courts of appeal and do not have a basis for an opinion on this issue.

**EXHIBIT 6.** QUESTIONS AND ANSWERS REGARDING WRIT OF MANDAMUS.

SEN .THOM TILLIS, JUDGE MONTECALVO QUESTION 15 /16 MANDAMUS

PERHAPS JUDGE MONTECALVO CAN GIVE AN ANSWER TO SENATOR TILLIS AND ME NOW THAT SHE HAS AN OPPINION ON THIS ISSUE!

**IN CONCLUSION i plaintiff Avenir Agaj REQUEST FOR RE-PETITION REHEARING AND RECONSIDERATION FOR WRIT OF MANDAMUS IN PERSON TO THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT DISTRICT COURT OF MASSACHUSETTS. MARBURY V MADISON ,5 US 137 (1803).AND A MOTION FOR RELIEF**

**BE GRANTED THE ORDER ISSUES BY JUDGE BARRON BE CANCELED AND A RE-HEARING GRANTED IN PERSON .**

**I hereby certify that a copy of this document has been sent via e-mail to Mr. ALAN D. ROSE, Ms Meredith Doty, MS Jessica L. Perillo, Counsel for Defendant BOSTON COLLEGE.**

**And A Copy was filed on the UNITED STATES DISTRICT COURT OF APPEAL FOR THE DISTRICT COURT OF MASSACHUSETTS Clerks office.**

**And A Copy was filed on the UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF MASSACHUSETTS Clerks office.**

**PRO SE. AVENIR AGAJ on behalf of itself Plaintiff .**

**Signed under the pains and penalties of perjury, Today 20 day of OCTOBER 2026**

**14 PAUL STREET** **Signed :** AVENIR AGAJ

**BURLINGTON** **Avenir Agaj**

**MA,01803**

**CELL: 857-544-0780** Aviaga10@hotmail.com

# United States Court of Appeals
## For the First Circuit

No. 26-1887

IN RE: AVENIR AGAJ,

Petitioner.

Before

Barron, Chief Judge,
Gelpí, Montecalvo, Rikelman,
Aframe, and Dunlap, Circuit Judges.

**ORDER OF COURT**

Entered: September 28, 2026

Petitioner has filed a petition for rehearing en banc. To the extent that the petition seeks recusal of any First Circuit judge, that request is denied.

Pursuant to First Circuit Internal Operating Procedure X(C), the petition for rehearing en banc has also been treated as a petition for rehearing before the original panel.

The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and petition for rehearing en banc be denied.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Avenir Agaj
Meredith Wilson Doty
Alan D. Rose Sr.